UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

STEPHEN BERNSTEIN
AND PHYLLIS BERNSTEIN            :        NO.: 3:02 CV 1740 (JCH)

v.                               :

TOWN OF SHERMAN                  :        MAY 13, 2004

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

I.   **BACKGROUND**

The plaintiffs, Stephen and Phyllis Bernstein, filed a two count Complaint against the defendant, Town of Sherman in the Superior Court, Judicial District of Danbury on September 20, 2002. The first count was brought pursuant to Connecticut General Statutes §13a-149 by Stephen Bernstein for injuries he allegedly sustained as the result of a defective roadway in the Town of Sherman. The second count was brought by Phyllis Bernstein for loss of consortium. On September 30, 2002, the matter was removed to this Court on the basis of diversity jurisdiction. An amended Complaint was filed by the plaintiffs on March 5, 2003.

The plaintiff alleges that on April 14, 2002, at approximately 11:30 a.m., he was operating his bicycle in a northerly direction on Church Road, approximately 1.7 miles

north of Route 39 in Sherman, Connecticut. (See Amended Complaint, Count One, ¶ 4). The plaintiff further alleged that at said time and place, his bicycle came into contact with a "defective, broken, uneven roadway surface" causing his bicycle to go out of control and throw him to the ground, causing injury. (See Amended Complaint, Count One, ¶ 5). Pursuant to Conn. Gen. Stat. §13a-149, the plaintiff filed a statutory notice of claim with the Sherman Town Clerk on July 1, 2002. In said notice, the plaintiff more fully described the location of his accident as "Church Road, approximately 1.7 miles north of Route 39 in the vicinity of SNET pole number 2542 E2 in Sherman, Connecticut (also the vicinity of two mailboxes "109A Borneman" and "Wm McGoldrick"). (See Statutory Notice, dated July 1, 2002).

The defendant hereby incorporates by reference the Statement of Facts contained in the attached Local Rule 56(a)1 Statement which provides a more detailed background of the incident.

The defendant, Town of Sherman, now moves for summary judgment as to Count One of the plaintiff's Amended Complaint as there is no question of material fact that it is not the party bound to keep the area of road on which the plaintiff fell in repair. The defendant, Town of Sherman, also moves for summary judgment as to Count Two of the plaintiff's Amended Complaint as loss of consortium claims are not available in conjunction with Conn. Gen. Stat. §13a-149, which permits recovery only by the injured traveler.

## II. LAW AND ARGUMENT

### A. STANDARD OF REVIEW ON SUMMARY JUDGMENT

Federal Rules of Civil Procedure 56(c) requires the entry of summary judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A factual dispute is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A "material fact" is one whose resolution will affect the ultimate determination of the case. Id. In determining whether a material issue of fact exists, the court must resolve all ambiguities and draw all inferences against the moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 255, 106 S.Ct. at 2513; J.F. Feeser, Inc. v. Servi-A-Portion, Inc., 909 F.2d 1524, 1531 (3d Cir. 1990), cert. denied, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991). However "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." See Samuels v. Smith, 839 F.Supp. 959, 962 (D.Conn. 1993).

The party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set froth specific facts showing that there is a

genuine issue for trial." See Anderson v. Liberty Lobby, Inc., 477 U.S. at 256, 106 S.Ct. 1570, 94 L.Ed.2d 763 (1987); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980). Thus, one the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed. 25 (1986). "Neither courts nor defendants should be subjected to rails which can be little more than harassment." See Applegate v. Top Associates, Inc., 425 F.2d 92, 96 (2d Cir. 1970).

When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to the case which it bears the burden of proving at trial. See Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp., 812 F.2d 141, 144 (3d Cir. 1987). Where evidence is submitted in support of, or in opposition to, a motion for summary judgment, such evidence must be presented in a manner consistent with its admissibility at trial. See First National Bank of Clinton, I11 v. Insurance Co. of North America, 606 F.2d 760 (7th Cir. 1979) (in ruling on summary judgment motion, the district court properly relied on documents and exhibits identified by affidavit). Unsworn statements of the parties, letters addressed to litigants from third persons, and hearsay which does not fall under

one or more of the exceptions listed in Rules 803-805 of the Federal Rules of Evidence, may not properly be considered.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Beyene v. Coleman Security Services, Inc., 854 F.2d 1179 (9th Cir. 1988); Edward B. Marks Music Corp. v. Stasny Music Corp., 1 F.R.D. 720 (S.D.N.Y. 1941).

**B. THE DEFENDANT, TOWN OF SHERMAN, IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS IT IS NOT THE PARTY BOUND TO KEEP THE ROADWAY IN THE LOCATION OF THE PLAINTIFF'S FALL IN REPAIR**

Count One of the Amended Complaint is brought by plaintiff Stephen Bernstein against the defendant pursuant to Conn. Gen. Stat. §13a-149. (See Amended Complaint, Count One, ¶ 9).  As the claim is brought pursuant to Connecticut state law only, it should be analyzed accordingly.

It is well established that a municipality is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain cases. See Baker v. Ives, 162 Conn. 295, 294 A.2d 290 (1972).  Accordingly, in those instances in which a municipality is a defendant, courts do not have subject matter jurisdiction unless such jurisdiction is statutorily conferred.  The Connecticut legislature, however, has carved out certain statutory exceptions to the general rule of sovereign immunity, and has permitted governmental entities to be sued under certain limited circumstances.  See Brennan v. Town of Fairfield, 753 A.2d 396, 399, 58 Conn.

App. 191 (Conn. App. 2000); citing Berger, Lehman Associates, Inc. v. State, 178 Conn. 352, 356, 422 A.2d 268 (1979); State v. Chapman, 176 Conn., 362, 364, 407 A.2d 987 (1978). Connecticut General Statutes §13a-149, also known as the Highway Defect Statute, is one such exception to the doctrine of sovereign immunity. See Brennan, 753 A.2d at 399. Specifically, the Highway Defect Statute provides that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages by the party bound to keep it in repair." Conn. Gen. Stat. §13a-149.

The Connecticut Supreme Court has held that an action brought under the Defective Highway Defect Statute is strictly a statutory claim. "It is settled law in this state that the liability of the defendant under §13a-149 is purely for breach of a statutory duty and does not arise from negligence." Lukas v. New Haven, 184 Conn. 205, 212 (1981); see also Wenc v. City of New London, 235 Conn. 408, 409 (1995). Thus, the Connecticut Supreme Court has held that:

> [w]here a court's jurisdiction arises solely from a statutory waiver of sovereign immunity, the statutory provisions must be strictly construed. . . . Accordingly, where a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case.

Brennan v. Fairfield, 58 Conn. App. 191, 195-96 (2000), citing Duguay v. Hopkins, 191 Conn. 222, 232 (1983), Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 492-93, 400 A.2d 726 (1978). The question of whether a plaintiff has complied with the

provisions of §13a-149 goes to the court's jurisdiction over the subject matter of the action.  See Novicki v. New Haven, 47 Conn. App. 734, 739, 709 A.2d 2 (1998).

A claim pursuant to §13a-149 must satisfy two prerequisites before a cause of action under the statute arises, namely: "(1) the plaintiff must have sustained an injury by means of a defective 'road or bridge' and (2) the party whom the plaintiff is suing must be the 'party bound to keep the location where the injury was sustained in repair'."  See Novicki v. New Haven, 47 Conn. App. 734, 739, 709 A.2d 2 (1998). Liability under the statute is triggered only as to the party responsible for the maintenance and repair of the defective road or bridge.  Specifically,

> Ownership of the property does not establish liability under §13a-149 . . . . Rather, it is the governmental entity charged with the 'duty . . . to keep the property in repair'; . . . or the 'party bound to keep the property in repair'; . . . on which the statutes impose liability.

Novicki, 47 Conn. App. at 742 (internal citations omitted); Coughlin v. Waterbury, 61 Conn. App. 310, 314-15, 763 A.2d 1058 (2001).

Additionally, in any action brought pursuant to Conn. Gen. Stat. §13a-149, the plaintiff must comply with the notice requirement set forth by the statute.  Specifically, the statute provides as follows:

> No action . . . shall be maintained against any . . . town . . . unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to . . . the clerk of such town.

See Conn. Gen. Stat. §13a-149. In the instant action, the plaintiffs' notice to the Town of Sherman provides that the location of the accident was "on Church Road, approximately 1.7 miles north of Route 39 in the vicinity of SNET pole number 2542 E2 in Sherman, Connecticut (also the vicinity of two mailboxes "109A Borneman" and "Wm McGoldrick")." (See Statutory Notice, dated July 1, 2002).

The Connecticut Supreme Court has held that "[t]he purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests." See Salemme v. Seymour, 262 Conn. 787, 793 (2003). An investigation by the Town of Sherman based upon the plaintiffs' Statutory Notice, Complaint, deposition testimonies, and photographs identified by each plaintiff as depicting the area of the fall, unequivocally demonstrates that the plaintiff's accident occurred in the Town of New Milford rather that the Town of Sherman. Moreover, the Town of Sherman is not the party bound to keep that section of roadway in repair.

Plaintiff Phyllis Bernstein was deposed on June 3, 2003. At her deposition, Mrs. Bernstein testified that although she did not witness her husband's accident, she did see him shortly after his fall while he was still lying on the ground in the location of his fall. (See Deposition Transcript of Phyllis Bernstein, attached as **Exhibit A**, at pp.

41-42). Approximately five weeks later, Mrs. Bernstein returned to the accident location and took photographs. (See **Exhibit A**, at pp. 43-44). Mrs. Bernstein identified two of those photographs, marked as deposition Exhibits I and J, as depicting the area of roadway where her husband fell. (See **Exhibit A**, at pp. 52-54; Deposition Exhibits I and J, attached as **Exhibit C**). Mrs. Bernstein further identified the middle portions of the two photographs, marked as deposition Exhibits I and J, as depicting the location where plaintiff Stephen Bernstein was lying following the incident. (See **Exhibit A**, at p. 54; **Exhibit C**).

Plaintiff Stephen Bernstein was also deposed on June 3, 2003. During his deposition, Mr. Bernstein, likewise, confirmed that the area of roadway on which he fell was depicted in deposition Exhibits I and J. (See Deposition Transcript of Stephen Bernstein, attached as **Exhibit B**, at pp. 55-56; **Exhibit C**).

Both photographs marked as deposition Exhibits I and J identified by the plaintiffs as the area of the fall, depict the mailboxes identified in the Statutory Notice as "109A Borneman" and "Wm McGoldrick". (See **Exhibit C**). The telephone pole identified in the Statutory Notice as "SNET pole number 2542 E2" is not seen in the photograph. (See **Exhibit C**). The photographer, Phyllis Bernstein, is standing between the identified telephone pole and mailboxes, with the telephone pole to her rear. The plaintiffs' deposition testimony, Statutory Notice, and Amended Complaint

confirms the location of Stephen Bernstein's fall as having occurred in the area depicted in deposition Exhibits I and J.

On July 17, 2003, the plaintiffs deposed Donald Borkowski, the Highway Supervisor for the Town of Sherman. During his deposition, Mr. Borkowski was asked about the location of the town line between Sherman and New Milford. Using the photograph marked at the deposition as plaintiff's Exhibit 4 (attached as **Exhibit D**), Mr. Borkowski indicated that the town line ran across the roadway at the post shown along the left side of the roadway in the photograph. (See Deposition Transcript of Donald Borkowski, attached as **Exhibit E**, at pp. 58-59). Mr. Borkowski testified that Sherman's responsibility for maintaining the road ends in that location. (See **Exhibit E**, at p. 59).

The area of the roadway identified by the plaintiffs as the area in which the fall occurred, namely deposition Exhibits I and J, is beyond the town line depicted in plaintiff's Exhibit 4. (See Affidavit of Donald Borkowski, attached as **Exhibit F**). The area described by the plaintiffs, namely the area depicted in deposition Exhibits I and J, lies entirely within the Town of New Milford. (See id.). Specifically, deposition Exhibits I and J depict a portion of road that lies at least 175 feet across the boundary between Sherman and New Milford into New Milford. (See id.). The Town of New Milford is the entity bound to keep in repair the entire section of road that is depicted in deposition Exhibits I and J. (See id.).

The Director of Public Works for the Town of New Milford, Patrick R. Hackett, confirms the same. Specifically, Mr. Hackett, confirms that the area described by the plaintiffs as the location of the fall lies entirely within the Town of New Milford, not the Town of Sherman. (See Affidavit of Patrick R. Hackett, attached as **Exhibit G**). Mr. Hackett, likewise, confirms that deposition Exhibits I and J depict a portion of road that lies at least 175 feet across the boundary between Sherman and New Milford into New Milford. (See id.). Finally, Mr. Hackett unequivocally confirms that the Town of New Milford is the entity bound to keep in repair the entire section of road that is depicted in deposition Exhibits I and J. (See id.). In fact, the Town of New Milford repaved the subject roadway, including the area described by the plaintiffs and beyond in 2003. (See id.; Photos of Repaved Road, attached as **Exhibit H**).

As indicated previously, liability under the Highway Defect Statute, Conn. Gen. Stat. §13a-149, is triggered only as to the party responsible for the maintenance and repair of the defective road or bridge. See Novicki, 47 Conn. App. at 742; Coughlin, 61 Conn. App. at 314-15. The evidence unequivocally demonstrates that the area identified by the plaintiffs in their Statutory Notice of July 1, 2002, Amended Complaint of March 5, 2003, and deposition testimonies lies wholly within the Town of New Milford rather than the Town of Sherman. Additionally, Donald Borkowski, the Highway Supervisor for the Town of Sherman, confirms that the Town of Sherman is not responsible for, and does not maintain the area identified by the plaintiffs.

Likewise, Patrick R. Hackett, the Director of Public Works for the Town of New Milford, confirms that the Town of New Milford is the party bound to keep the area identified by the plaintiffs in repair, and the Town of New Milford in fact repaved the subject area in 2003. Accordingly, no genuine issue of material fact exists that the area identified by the plaintiffs is not within the Town of Sherman, and the Town of Sherman is not the party bound to keep the area in repair. The defendant, Town of Sherman, is, therefore, entitled to judgment as a matter of law.

### C. THE AREA OF ROADWAY WITHIN THE TOWN OF SHERMAN LEADING UP TO THE NEW MILFORD TOWN LINE IS NOT DEFECTIVE AS A MATTER OF LAW

Even if the plaintiff and his wife were to change their sworn deposition testimony and indicate that the plaintiff fell on a portion of the roadway within the Town of Sherman, prior to reaching the New Milford town line, plaintiffs claim must fail because it is undisputed that the portion of the subject roadway within the Town of Sherman is not defective.

In order to establish the breach of statutory duty pursuant to the Highway Defect Statute, the plaintiff must prove that the highway/roadway was defective as claimed. See Lucas v. New Haven, 184 Conn. 205, 207, 439 A.2d 949 (1981); Prato v. New Haven, 246 Conn. 638, 642 (1998). "A municipality is not charged with the responsibility of keeping its streets and sidewalks in an absolutely safe condition. It's

responsibility is limited to using reasonable care to keep them in a reasonably safe condition for travel." Mausch v. Hatford, 184 Conn. 467, 469, 440 A.2d 157 (1981); Older v. Old Lyme, 124 Conn. 283, 199 A. 434 (1938); Lovell v. Bridgeport, 116 Conn. 565, 165 A. 795 (1933).

In the instant matter, the plaintiff alleges that his bicycle came into contact with "a defective, broken, uneven roadway surface causing his bicycle to go out of control . . .." (See Amended Complaint, Count One, ¶ 5). The plaintiff further alleges that the defendant failed to properly maintain the subject roadway to prevent broken asphalt, loose asphalt, missing asphalt, gravel, potholes, ruts, depressions and other surface irregularities. (See id., at ¶ 7). This area of broken pavement, however, lies entirely within the Town of New Milford. It is undisputed that the area of roadway within the Town of Sherman was in good repair.

On July 31, 2003, the plaintiff disclosed John A. Serth as an expert who would testify as to the defective nature of Church Road. Mr. Serth was deposed on March 30, 2004. At his deposition, Mr. Serth testified at length as to those portions of the roadway that were defective, and those portions that were in good repair, utilizing photographs marked as deposition Exhibits 1-F and 1-G. (See Deposition Transcript of John Serth, dated March 30, 2004, attached as **Exhibit I**, at pp. 109-22; Photo Marked as Deposition Exhibit 1-F, attached as **Exhibit J**; Photo Marked as Deposition Exhibit 1-G, attached as **Exhibit K**).

Mr. Serth's testimony confirms that the portion of Church Road leading up to the town line between Sherman and New Milford is not defective. Specifically, Mr. Serth testified that the roadway was in good repair up to the wooden slatted fence alongside the subject road, as one travels from Sherman into New Milford. (See **Exhibit I**, at pp. 110-12; **Exhibit J**). Mr. Serth further testified that the road first *begins* to deteriorate when one gets *past* the wooden slatted fence. (See **Exhibit I**, at p. 111, 115; **Exhibit J**). It is undisputed that the portion of the roadway leading up to the slatted fence lies in the Town of Sherman and the portion of the roadway beyond the slatted fence lies in the Town of New Milford. (See Borkowski and Hackett affidavits, **Exhibits G and H**). Thus, Mr. Serth has confirmed that the portion of the roadway that lies in Sherman was in good repair, and that the deterioration began once a traveler such as the plaintiff crossed into New Milford.[1]

Finally, Mr. Serth testified that it is his opinion that the cracks in the pavement as depicted in Deposition Exhibit 1-G, which are on the Town of Sherman side of the boundary, do not render the road unsafe or in a dangerous condition. (See **Exhibit I**, at pp. 120-21; **Exhibit K**). Deposition Exhibit 1-G is the same photograph relied upon by Donald Borkowski at his deposition to demonstrate the town line between Sherman

---

[1] It is undisputed that the plaintiff was traveling from Sherman into New Milford, in a direction towards the photographer of Exhibit J at the time of the incident. (See **Exhibit I**, at pp. 111-12); and that the location of the plaintiff's fall is beyond the area depicted in the photograph, namely behind the photographer. (See id.).

and New Milford. Mr. Borkowski indicated that the town line ran across the roadway at the post shown along the left side of the roadway in the photograph. (See **Exhibit E**, at pp. 58-59; **Exhibit D**).[2]

Mr. Serth's above testimony and expert opinion establish that the road did not become "defective" until a point beyond the town line between Sherman and New Milford. Mr. Serth's expert opinion further establishes that the portion of Church Road leading up to the town line was not unsafe or dangerous. The plaintiff is, therefore, unable to establish that the area of roadway within the Town of Sherman, leading up to the town line, is defective as claimed. Accordingly, the defendant is entitled to judgment as a matter of law.

### D. THE DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS LOSS OF CONSORTIUM CLAIMS ARE NOT AVAILABLE IN CONJUNCTION WITH CONN. GEN. STAT. §13A-149, WHICH PERMITS RECOVERY ONLY BY THE INJURED TRAVELER

Count Two of the Amended Complaint is brought by plaintiff Phyllis Bernstein for loss of consortium pursuant to Conn. Gen. Stat. §13a-149. (See Amended Complaint, Count Two, ¶ 9). As her claim is brought pursuant to Connecticut state law only, it should be analyzed accordingly.

---

[2] Donald Borkowski and Patrick Hackett unequivocally confirm that the town line between Sherman and New Milford lies at this location, namely in the area of the wooden slatted fence. (See Affidavit of Donald Borkowski, attached as **Exhibit F**; Affidavit of Patrick Hackett,

In evaluating a right of action for a defective roadway condition and a municipality's liability for the same, the Connecticut Supreme Court has repeatedly held that the Highway Defect Statute is a plaintiff's exclusive remedy. See <u>Sanzone v. Board of Police Commissioners of City of Bridgeport</u>, 219 Conn. 179, 192 (1991); <u>Wenc v. New London</u>, 235 Conn. 408, 412-13 (1995); <u>Ferreira v. Pringle</u>, 255 Conn. 330, 341 (2001).

In <u>Sanzone</u>, <u>supra</u>, the Connecticut Supreme Court held that, in providing that "no cause of action" shall be maintained in nuisance or negligence that might be brought under the highway defect statute, the legislature eliminated the victim's spouse's right to recover for loss of consortium. See <u>Sanzone</u>, 219 Conn. at 199. An action for loss of consortium "is derivative of the injured spouse's cause of action, the consortium claim would be barred when the suit brought by the injured spouse" is barred. See <u>Hopson v. St. Mary's Hospital</u>, 176 Conn. 485, 494, 408 A.2d 260 (1979). Connecticut General Statutes §13a-149 does not permit damages for loss of consortium, but permits recovery only by the injured "traveler." See <u>Truckel v. Argraves</u>, 148 Conn. 355, 170 A.2d 895 (1961); <u>Frechette v. New Haven</u>, 104 Conn. 83, 132 A. 467 (1926); <u>Lounsbury v. Bridgeport</u>, 66 Conn. 360, 368, 34 A. 93 (1895); <u>Szczepanski v. Wolcott</u>, 2002 Ct. Sup. 13604 (Conn. Super. Ct., Oct. 28, 2002)

---

attached as **Exhibit G**). The wooden slatted fence is located just before the dirt driveway depicted in the center of Deposition Exhibit 1-G. (See **Exhibit H; Exhibit K**).

(Schuman, J.) (attached as **Exhibit L**); <u>Bostick v. Willimantic</u>, 2002 Ct. Sup. 1226 (Conn. Super. Ct., Jan. 29, 2002) (Potter, J.) (attached as **Exhibit M**); <u>Rodrigues v. Corbett</u>, 1999 Ct. Sup. 15432 (Conn. Super. Ct., Nov. 18, 1999) (attached as **Exhibit N**); <u>Mastrolillo v. Danbury</u>, 1999 Ct. Sup. 9236 (Conn. Super. Ct., Jul. 15, 1999) (Moraghan, J.) (attached as **Exhibit O**).

Accordingly, the defendant is entitled to summary judgment as to the claim for loss of consortium brought by Phyllis Bernstein pursuant to Conn. Gen. Stat. §13a-149.

## III. CONCLUSION

For the foregoing reasons, the defendant, Town of Sherman, respectfully requests that this Court grant its Motion for Summary Judgment as to Count One and Count Two of the plaintiffs' Amended Complaint dated March 5, 2003.

DEFENDANT,
TOWN OF SHERMAN

By _____
Thomas R. Gerarde
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
FAX (860) 249-7665
tgerarde@hl-law.com
ct05640

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 13th day of May, 2004.

Richard Bieder, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

D. Randall DiBella
Cramer & Anderson, LLP
51 Main Street
New Milford, CT 06776

David P. Burke, Esquire
Cramer & Anderson, LLP
68 North Street
Danbury, CT 06810-5645

James M. Sconzo, Esquire
John Sterling, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_____
Thomas R. Gerarde