UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

STEPHEN BERNSTEIN
AND PHYLLIS BERNSTEIN                 :     NO.: 3:02 CV 1740 (JCH)

v.

TOWN OF SHERMAN                        :     MAY 13, 2004

## LOCAL RULE 56(a)1 STATEMENT

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, the defendant, Town of Sherman, respectfully submits the following statement of undisputed material facts in support of its Motion for Summary Judgment:

1.  On April 14, 2002, at approximately 11:30 a.m., the plaintiff, Stephen Bernstein, while operating his bicycle, went out of control and was thrown to the ground, causing the injuries sustained. (See Amended Complaint, Count One, ¶¶ 4-5).

2.  On July 1, 2002, the plaintiff filed a statutory notice of claim with the Sherman Town Clerk pursuant to Conn. Gen. Stat. §13a-149. (See Statutory Notice, dated July 1, 2002).

3.  In his Statutory Notice, the plaintiff more fully described the location of his accident as "Church Road, approximately 1.7 miles north of Route 39 in the vicinity of SNET pole number 2542 E2 in Sherman, Connecticut (also the vicinity of two

mailboxes "109A Borneman" and "Wm McGoldrick"). (See Statutory Notice, dated July 1, 2002).

4. The plaintiff, Phyllis Bernstein, did not witness her husband, Stephen Bernstein's, accident; however, she did see him shortly after his fall while he was still lying on the ground in the location of his fall. (See Deposition Transcript of Phyllis Bernstein, attached as **Exhibit A**, at pp. 41-42).

5. Approximately five weeks later, Phyllis Bernstein returned to the accident location and took photographs. (See **Exhibit A**, at pp. 43-44).

6. Phyllis Bernstein identified two of those photographs, marked as deposition Exhibits I and J, as among the photos she took five weeks following the accident. (See **Exhibit A**, at p.53; Deposition Exhibits I and J, attached as **Exhibit C**).

7. Phyllis Bernstein identified the two photographs, marked as deposition Exhibits I and J, as depicting the area of roadway where plaintiff Stephen Bernstein fell. (See **Exhibit A**, at pp. 52-54; **Exhibit C**).

8. Phyllis Bernstein further identified the middle portions of the two photographs, marked as deposition Exhibits I and J, as depicting the location where plaintiff Stephen Bernstein was lying following the incident. (See **Exhibit A**, at p. 54; **Exhibit C**).

9. Plaintiff Stephen Bernstein identified the two photographs, marked as deposition Exhibits I and J, as depicting the area of the roadway in which he fell. (See

Deposition Transcript of Stephen Bernstein, attached as **Exhibit B**, at pp. 55-56; **Exhibit C**).

10. Both photographs marked as deposition Exhibits I and J depict the mailboxes identified in the Statutory Notice as "109A Borneman" and "Wm McGoldrick". (See **Exhibit C**).

11. The telephone pole identified in the Statutory Notice as "SNET pole number 2542 E2" is not seen in the photograph. (See **Exhibit C**).

12. The area described by the plaintiffs, namely the area depicted in deposition Exhibits I and J, lies entirely within the Town of New Milford. (See Affidavit of Donald Borkowski, attached as **Exhibit F**; Affidavit of Patrick R. Hackett, attached as **Exhibit G**).

13. The area described by the plaintiffs, namely the area depicted in deposition Exhibits I and J, depict a portion of the roadway that lies at least 175 feet across the boundary between Sherman and New Milford into New Milford. (See **Exhibit F**; **Exhibit G**).

14. The Town of New Milford is the entity bound to keep in repair the entire section of the roadway that is depicted in deposition Exhibits I and J.. (See **Exhibit F**; **Exhibit G**).

15. The Town of New Milford repaved the subject roadway, including the area described by the plaintiffs and beyond in 2003. (See **Exhibit F**; **Exhibit G**; Photos of Repaved Road, **Exhibit H**).

16. The portion of the subject roadway leading up to the town line between Sherman and New Milford was in good repair up to the wooden slatted fence alongside the subject road. (See Deposition Transcript of John Serth, dated March 30, 2004, attached as **Exhibit I**, at pp. 109-22; Photo Marked as Deposition Exhibit 1-F, attached as **Exhibit J**).

17. The subject roadway only begins to deteriorate when one gets past the wooden slatted fence. (See **Exhibit I**, at p. 111, 115; **Exhibit J**).

18. The cracks in the pavement on the Sherman side of the subject roadway, leading up to the town line between Sherman and New Milford, do not render the road unsafe or in a dangerous condition. (See **Exhibit I**, at pp. 120-21; Photo Marked as Deposition Exhibit 1-G, attached as **Exhibit K**).

DEFENDANT,
TOWN OF SHERMAN

By_____
Thomas R. Gerarde
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
FAX (860) 249-7665
tgerarde@hl-law.com
ct05640

4

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 13th day of May, 2004.

Richard Bieder, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT  06604

D. Randall DiBella
Cramer & Anderson, LLP
51 Main Street
New Milford, CT  06776

David P. Burke, Esquire
Cramer & Anderson, LLP
68 North Street
Danbury, CT  06810-5645

James M. Sconzo, Esquire
John Sterling, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

_____
Thomas R. Gerarde