UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEPHEN BERNSTEIN, ET AL** | : | NO.:  3:02 CV 1740 (JCH) |
| | : | |
| **v.** | : | |
| | : | |
| **TOWN OF SHERMAN** | : | August 2, 2004 |

## LOCAL RULE 56(a)2 STATEMENT

Pursuant to Rule 56(a) of the Local Rules of Civil Procedure, the Plaintiffs, Mr. and Mrs. Stephen Bernstein, respectfully respond to Defendant's statements and submit their Disputed Issues of Material Facts, as follows in the following numbered paragraphs.  The exhibits referred to herein have been attached to Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment, filed simultaneously with this statement.:

1. Admitted[1] that on April 14, 2002, at approximately 11:30 a.m., Stephen Bernstein was operating his bicycle.  Denied to the extent that Defendant implies that Mr. Bernstein "went out of control" when Plaintiffs allege in the paragraphs cited by Defendant that the "bicycle came into contact with a defective, broken, uneven roadway surface causing his bicycle to go out of control and violently throw

---

[1] By admitting or denying facts in this Statement, Plaintiffs do not concede that the facts are "material" for purposes of the Defendant's Motion for Summary Judgment.

Stephen Bernstein to the ground, causing him to suffer severe personal injuries." (See Amended Complaint, Count One, ¶¶ 4-5)

2. Admitted.

3. Admitted that Plaintiffs described the location of the accident in the Statutory Notice. Denied to the extent that Defendant states that Plaintiffs "more fully described" location because it is vague and unclear what is meant by the adjectives. (See Statutory Notice, dated July 1, 2002)

4. Admitted that Phyllis Bernstein did not witness her husband, Stephen Bernstein's, accident and that she saw him after the fall, lying on the ground. Denied to the extent that the statement imports that she testified that she saw her husband in the location of where he fell. (See Deposition transcript of Phyllis Bernstein, at 41-42, Defendant's Motion for Summary Judgment, Ex. A)

5. Admitted.

6. Denied to the extent that it may not have been exactly five weeks after the accident but approximately five weeks later, as stated in Defendant's previous statement. (See Deposition transcript of Phyllis Bernstein, at 44, Defendant's Motion for Summary Judgment, Ex. A)

7. Denied. Mrs. Bernstein testified that Defendant's Exhibits I and J show the location of the area where she came upon her husband, and she pointed to Exhibit J stating that it was somewhere within it. She did not testify that these

       photographs showed the area of the roadway where her husband fell. (See Deposition transcript of Phyllis Bernstein, at 53-54, Defendant's Motion for Summary Judgment, Ex. A)

8. Admitted to the extent that Phyllis Berstein identified the two photographs, marked as deposition Exhibits I and J, as depicting the location of the area where she came upon her husband after the accident. (See Deposition transcript of Phyllis Bernstein, at 53-54, Defendant's Motion for Summary Judgment, Ex. A)

9. Denied. Stephen Bernstein testified that he believed that the two photographs, marked as deposition Exhibits I and J, depicted the area of the roadway where he was riding when he fell. (See Deposition Transcript of Stephen Bernstein, at pp. 55-56, Defendant's Motion for Summary Judgment, Ex. B).

10. Denied because the names and numbers cannot be seen in this photograph. (See photographs marked at the deposition of Phyllis Bernstein marked as Exhibits I and J, Defendant's Motion for Summary Judgment, Ex. C).

11. Denied. Defendant's statement does not adequately identify the photograph to which he refers.

12. Denied. The documents and other things listed in support of Disputed Issue of Material Fact number 1 below are hereby incorporated by reference in response to this statement.

13. Denied. The documents and other things listed in support of Disputed Issue of Material Fact number 1 below are hereby incorporated herein by reference in response to this statement.

14. Denied. The documents and other things listed in support of Disputed Issue of Material Fact numbers 1-4 below are hereby incorporated herein by reference in response to this statement

15. Denied. Plaintiffs do not know who repaved the road, or how much road was repaved. The capital improvements documents of the Town of Sherman listed Church Road in their plans for reconstruction. Unless indicated otherwise, they all state, "Reconstruction of Church Road" without limitation. See (1) Five-Year Capital Improvement Plan - July 1, 1992-1997, Amended April 2, 1993; (2) Five-Year Capital Improvement Plan-July 1, 1994-1999, Amended April 8, 1994; (3) Six-Year Capital Improvement Plan-July 1, 1996-2002, Amended April 12, 1996; (4) Five-Year Capital Improvement Plan-July 1, 1997-2002, Amended April 4, 1997; (5) Six-Year Capital Improvement Plan-July 1, 1996-2002 (with handwritten notation "1/2", for the first time, after Church Road); (6) Five-Year Capital Improvement Plan-July 1, 1998-2003; (7) Six-Year Capital Improvement-July 1, 2000-2006, indicating resurfacing, for the first time, of second half of Church Road, Ex. 16)

16. Denied. As set out above, Plaintiffs deny that the town line is where the Defendant places it. The roadway leading up to the town line was not in good repair. The documents and other things listed in support of Disputed Issue of Material Fact number 5 below are hereby incorporated by reference in response to this statement.

17. Denied. As set out above, Plaintiffs deny that the town line is where the Defendant places it. The roadway leading up to the town line was not in good repair. The documents and other things listed in support of Disputed Issue of Material Fact number 5 below are hereby incorporated by reference in response to this statement.

18. Denied. The documents and other things listed in support of Disputed Issue of Material Fact number 5 below are hereby incorporated by reference in response to this statement.

## Disputed Issues of Material Fact

1. <u>The location of Plaintiff Stephen Bernstein's accident, fall and the defective road that caused his fall are in the Town of Sherman.</u>

    (a) Campion Ambulance Service Report, Ex. 6

    (b) Map of Sherman, Ex. 7

    (c) Deposition Transcript of Matthew Speier, Ex 5, at 124-125 & Photograph he refers to at his deposition, Ex.9.

    (d)    Photograph taken by John Serth, Ex. 10

    (e)    Affidavit of Cynthia C. Bott, with attached photographs, Ex.11

    (f)    Certified copy of A-2 Survey Map 1449, Ex. 12

    (g)    Deposition Transcript of John Serth, Ex. 13, at 26, 111-112

    (h)    Photograph marked as Defendant's Ex. 1 F at Serth's deposition, Ex. 14

2. <u>The town line between the Town of Sherman and the Town of New Milford angles from the north to the south side of Church Road at approximately a 45 degree angle.</u>

    (a)    Certified copy of A-2 Survey Map 1449, Ex. 12

3. <u>The Defendant, Town of Sherman, was the entity bound to keep the roadway where Stephen Bernstein fell in repair.</u>

    (a)    The documents and other things listed in support of Disputed Issue of Material Fact number 1 above are hereby incorporated by reference in support of Disputed Issue of Material Fact number 3.

    (b)    Five-Year Capital Improvement Plan - July 1, 1992-1997, Amended April 2, 1993; Five-Year Capital Improvement Plan-July 1, 1994-1999, Amended April 8, 1994; Six-Year Capital Improvement Plan-July 1, 1996-2002, Amended April 12, 1996; Five-Year Capital Improvement Plan-July 1, 1997-2002, Amended April 4, 1997; Six-Year Capital Improvement Plan-July 1, 1996-2002 (with handwritten notation "1/2", for the first time,

        after Church Road); Five-Year Capital Improvement Plan-July 1, 1998-2003; Six-Year Capital Improvement-July 1, 2000-2006, indicating resurfacing, for the first time, for second half of Church Road, Ex. 16

  (c)    The documents and other things listed in support of Disputed Issue of Material Fact number 4 below are hereby incorporated by reference in support of Disputed Issue of Material Fact number 3.

4.    <u>Sherman is the entity that has been maintaining and has the duty to maintain the area of Church Road where Stephen Bernstein fell</u>

  (a)    Certified copy of A-2 Survey Map 1449, Ex. 12

  (b)    Map of Sherman, Ex. 7

  (c)    Affidavit of Cynthia C. Bott, with photographs attached, Ex. 11

  (d)    Deposition Transcript of Donald Borkowski, Ex. 15 at 26-27, 33, 45-47, 58-60, 64-65, 66-67, 73-75, 82, 84, 108, 119-120

  (e)    Photograph with red barns and white house marked as Plaintiff's Ex. 4 at Borkowski's deposition, Ex. 18 (referring to this photo at deposition transcript 58, 64-65)

  (f)    Sherman's Highway Department Monthly work schedule for May 2001, Ex. 17

  (g)    Serth report, Ex. 20

5.    <u>The area of the road where Stephen Bernstein fell was defective.</u>

    (a)     Deposition Transcript of Stephen Bernstein, Ex. 4, at 40-41, 47-49

    (b)     Deposition Transcript of John Serth, Ex. 13, at 18, 76, 81-87, 96, 99, 127-128, 165-166

    (c)     Serth report, Ex. 20

    (d)     Photograph marked as Exhibit 1F at Serth's deposition, Ex. 14

    (e)     Photograph marked as Exhibit 7 at Borkowski's deposition, Ex. 19

THE PLAINTIFFS

By_____
Richard A. Bieder
Federal Bar ct ct02397
Koskoff, Koskoff, & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
Federal Bar # 32250
Tel: 203-336-4421

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 2nd day of August, 2004, to all counsel and pro se parties of record, as follows:

Thomas R. Gerarde, Esq.
Attorney Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114

D. Randall DiBella, Esq.
Cramer & Anderson
51 Main Street
New Milford, Connecticut 06776

David P. Burke, Esq.
Cramer & Anderson LLP
68 North Street
Danbury, Connecticut 06810

John Sterling, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

                                                      _____
                                                        Richard A. Bieder