UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN, ET AL | : | NO.: 3:02 CV 1740 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF SHERMAN | : | AUGUST 10, 2004 |

**REPLY TO PLAINTIFFS' OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

The defendant, Town of Sherman, hereby replies to the plaintiffs' August 2, 2004 Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.

I. **NO GENUINE ISSUE OF MATERIAL FACT EXISTS THAT THE TOWN OF SHERMAN IS NOT THE PARTY BOUND TO KEEP THE ROADWAY IN THE LOCATION OF THE PLAINTIFF'S FALL IN REPAIR**

The plaintiff argues that the Court should deny the defendant's motion as an issue of fact exists as to the true party bound to keep the roadway in repair. (See Plaintiffs' Memorandum in Opposition, hereinafter "Opposition," at p.7.) In support of this argument, the plaintiffs claim that the defective roadway which caused Mr. Bernstein's injuries is within the Town of Sherman. (See Id., at p.8.) The plaintiffs further argue that the defendant was the party bound to repair and maintain the portion of roadway which caused the plaintiff's injuries. (See Id., at p.13.) The defendant will address each argument in turn.

   A. **NO GENUINE ISSUE OF MATERIAL FACT EXISTS THAT THE LOCATION OF THE DEFECTIVE ROADWAY WHICH CAUSED THE PLAINTIFF'S INJURIES LIES WHOLLY WITHIN THE TOWN OF NEW MILFORD**

The plaintiffs' own sworn testimony and statutory notice unequivocally demonstrates that the location of the defective roadway which caused the plaintiff's

ORAL ARGUMENT IS REQUESTED

injuries lies wholly within the Town of New Milford, even where the plaintiffs now claim the Town line is located in their Opposition.

The plaintiffs first argue that, per a Class A2 survey map, the location of the town line between Sherman and New Milford is located at SNET telephone pole 2542 E2, a location just a few feet north of where the defendant has placed the town line. Even assuming the plaintiffs are correct as to the location of the town line at the referenced SNET telephone pole, the location of the defective roadway alleged to have caused the incident by the plaintiffs' own sworn testimony and statutory notice is concededly wholly within the Town of New Milford.

The plaintiffs' statutory notice identifies the location of the incident as "Church Road, approximately 1.7 miles north of Route 39 in the vicinity of SNET pole number 2542 E2 in Sherman, Connecticut (also the vicinity of two mailboxes "109A Borneman" and "Wm McGoldrick"). (See Statutory Notice dated July 1, 2002.)  As indicated above, the plaintiffs contend, in their Opposition, that the SNET telephone pole is located directly on the town line between Sherman and New Milford.  Additionally, the plaintiffs concede in their Opposition that the referenced mailboxes are indisputably located further north of the line.  (See Exhibit 11 to Opposition.)  Thus, the area identified in the plaintiffs' statutory notice admittedly lies wholly within the Town of New Milford.

Additionally, the plaintiffs have each consistently testified that their recollection as to the location of the fall to be the middle portions of the two photographs, marked as deposition Exhibits I and J.  (See Deposition Transcript of Phyllis Bernstein, attached as Exhibit A to Motion for Summary Judgment, at p.54; Deposition Transcript

of Stephen Bernstein, attached as Exhibit B to Motion for Summary Judgment, at pp.55-56.)  It is undisputed that the area identified by the plaintiffs at their deposition is located well north of the SNET telephone pole they claim establishes the town line between Sherman and New Milford, and is thus located wholly within the Town of New Milford.  (See Exhibits F and G to Motion for Summary Judgment; Exhibit 11 to Opposition.)

Accordingly, no genuine issue of material fact exists that the plaintiffs' own sworn testimony and statutory notice unequivocally demonstrates that the location of the defective roadway which caused the plaintiff's injuries lies wholly within the Town of New Milford, even where the plaintiffs now claim the Town line is located in their Opposition.

**B.  NO GENUINE ISSUE OF MATERIAL FACT EXISTS THAT THE TOWN OF NEW MILFORD IS THE PARTY BOUND TO KEEP THE SUBJECT ROADWAY IN REPAIR**

The plaintiffs further argue that a genuine issue of material fact exists as to whether the defendant was the party bound to reconstruct, repair and maintain the portion of roadway which caused the plaintiff's injuries. (See Opposition, at p.13.)  In support of this argument, the plaintiffs rely upon portions of Mr. Borkowski's deposition and the Sherman Highway Department Improvement Plans.  (See Id.)  Contrary to the plaintiffs' allegations, there is no issue of material fact that the Town of Sherman is not the party charged with the duty to maintain or repair the subject roadway.

First, the plaintiffs have offered no evidence with which to dispute the affidavits of Mr. Borkowski and Mr. Hackett affirming that the Town of New Milford is charged with the duty to maintain and repair the portion of Church Road beyond the town line,

including the location of the plaintiff's fall.  (See Exhibits F and G to Motion for Summary Judgment.)  Additionally, the plaintiffs have offered no evidence which disputes the fact that New Milford maintains and repairs the portion of Church Road within their boundaries, including the location of the plaintiff's fall, and in fact repaved the same in 2003.  (See Id.)  Finally, the plaintiffs have offered no evidence which established any conflicting evidence between the Town of Sherman and the Town of New Milford as to New Milford's admitted duty to reconstruct, repair and maintain the portion of Church Road beyond the town line, including the location of the plaintiff's fall.

Rather, the plaintiffs have submitted Improvement Plans which reference improvements to Church Road within the town boundaries of the Town of Sherman, and have misconstrued the same to indicate some intent to maintain the portions of Church Road beyond the New Milford town line.  The plaintiffs have offered no basis or support for their contention that "a reasonable inference" can be drawn that the Improvement Plans indicate an intent to improve or maintain Church Road beyond Sherman's town line.  This allegation is further disputed by Mr. Hackett's affidavit attesting that New Milford is responsible for improving the same and in fact paved the area in 2003.  (See Exhibit G to Motion for Summary Judgment.)

The plaintiffs likewise misconstrue the testimony of Mr. Borkowski.  The plaintiffs make repeated references to Mr. Borkowski's alleged testimony that he has the duty to maintain, and does maintain, the portions of Church Road beyond the Sherman town line.  However, Mr. Borkowski testified to the contrary.  Specifically, Mr. Borkowski repeatedly testified that the Town of Sherman is not charged with the duty

4

to reconstruct, maintain or repair the portion of Church Road beyond the Sherman Town Line. (See Deposition Transcript of Donald Borkowski, attached as Exhibit E to Motion for Summary Judgment, at pp.59, 66.) Further, Mr. Borkowski testified that Sherman plows past the town line as the road is too small in that area within which to turn the plow trucks around. (See Id., at p.59.) His testimony does not indicate that Sherman plows past the town line because they are charged with the duty to do so. (See Id.) Rather, he testified that Sherman proceeds past the town line only in order to access an area of the roadway in which they can turn their trucks around. (See Id.) Likewise, Mr. Borkowski consistently maintained that Sherman is not the party charged with the responsibility for maintaining the portion of Church Road beyond the town line by way of repaving or maintenance of the guardrails. (See Id., at pp.66, 75.)

      Liability under the Highway Defect Statute is triggered only as to the party who is legally charged with the responsibility for the maintenance and repair of the defective road or bridge, or legally bound to maintain and repair the same. See Novicki v. New Haven, 47 Conn. App. 734, 739, 709 A.2d 2 (1998); Coughlin v. Waterbury, 61 Conn. App. 310, 314-15, 763 A.2d 1058 (2001). Both Mr. Borkowski and Mr. Hackett unequivocally attest to the fact that the town of New Milford, rather than Sherman, is charged with the duty to maintain and repair the subject area, and that New Milford has in fact done so. (See Exhibit F and G to Motion for Summary Judgment.) The plaintiffs have offered no evidence which demonstrates a genuine issue of material fact that New Milford, rather than Sherman, is the party legally bound to maintain and repair the portion of Church Road beyond the Sherman town line, including the location of the plaintiff's fall, and that New Milford has in fact done so.

5

Accordingly, the defendant is entitled to judgment as a matter of law as the location of the plaintiff's fall occurred wholly within the Town of New Milford, and the Town of Sherman is not the party bound to keep that area of the roadway in repair.

II. **WHETHER THE ROADWAY IS DEFECTIVE AS ALLEGED WITH REGARD TO THE PLAINTIFFS' ALTERNATIVE LOCATION OF THE INCIDENT IS A QUESTION OF LAW FOR THE COURT TO DECIDE**

The plaintiffs argue, in the alternative, that an issue exists as to the exact location of the plaintiff's fall, and that if one believes the testimony of witness Mathew Speier as to the same, the location would be within the boundaries of the Town of Sherman. (See Opposition, at pp.8-9.) The plaintiffs further argue that the determination of whether the subject roadway was defective is a question of fact for the jury. (See Opposition, at p.21.)

Contrary to the plaintiffs' assertions, "[w]hether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect under the statute is a question of law . . . ." Ferreira v. Pringle, 255 Conn. 330, 341, 766 A.2d 400 (2001) (emphasis added), citing Sanzone v. Bd. of Police Commissioners, 219 Conn. 179, 201, 592 A.2d 912 (1991). Thus, it is a question of law for this Court as to whether the facts alleged regarding the alleged defective condition of the roadway in the alternative location of the incident, if true, would amount to a highway defect. See Id.

The plaintiffs now contend that it is possible that the plaintiff fell in a location other than that disclosed in their statutory notice and testified to at their depositions. Specifically, the plaintiffs now rely upon the testimony of witness Mathew Speier in support of their additional argument that the location identified by him lies within the

6

Sherman town line. At his deposition, Mr. Speier testified that he believes the plaintiff fell in a location depicted in a photograph previously marked as Exhibit D. Specifically, Mr. Speier testified that he believed the plaintiff fell *further up the road* depicted in Exhibit D. (See Deposition of Mathew Speier, attached as Exhibit 5 to Opposition, at p.124.) Thus, according to Mr. Speier's testimony, the incident occurred in an area *prior* to the beginning of the wooden gate. (See Id.; Photograph attached as Exhibit 9 to Opposition.)

The plaintiff alleges that his bicycle came into contact with "a defective, broken, uneven roadway surface causing his bicycle to go out of control . . ." (See Amended Complaint, Count One, ¶5.) The plaintiff further alleges that the subject roadway was "deteriorated, 'rutted' with 'potholes' and 'gravelly'. (See Opposition, at p.22.) As indicated above, the determination as to whether the above facts alleged, if true, amount to a highway defect is a question of law for this Court to decide. See Sanzone, supra; Ferreira, supra.

The plaintiffs disclosed John A. Serth as a liability expert who is expected to testify as to the claimed defective nature of Church Road. At his deposition, Mr. Serth testified at length as to those portions of the roadway that were defective, and those portions that were in good repair. (See Deposition Transcript of John Serth, attached as Exhibit I to Motion for Summary Judgment, at pp.109-22.) Mr. Serth's testimony confirms that the portion of Church Road leading up to the wooden gate, including the area identified by Mr. Speier as the location of the fall, is not defective. Specifically, Mr. Serth testified that the roadway was in good repair *up to* the wooden gate as one travels from Sherman into New Milford. (See Id., at pp.111-12.) This includes the

7

area identified by Mr. Speier as the location of the incident. (See Exhibit 5 to Opposition, at p.124.) Mr. Serth further testified that the road first *begins* to deteriorate when one gets *past* the wooden gate. (See Exhibit I to Motion for Summary Judgment, at pp.115, 121.) Thus, Mr. Serth has confirmed that the portion of the roadway that lies in Sherman, including the alternative location of the plaintiff's fall located prior to the wooden gate, was in good repair, and that the deterioration did not begin until one got past the wooden gate. Accordingly, there exists no issue of material fact that the area of roadway which the plaintiffs now contend may be the alternate location of the plaintiff's fall, was not in a defective condition as claimed as a matter of law.

The plaintiffs further rely upon the argument that a drainage problem resulted in the alleged defective condition. Specifically, the plaintiffs rely upon Mr. Serth's opinion and testimony that the drainage problem, permitting water to collect at the sides of the road, was the natural consequence leading to the crumbling and road deterioration. (See Opposition, at pp.23-4.) First, as indicated above, it bears note that Mr. Serth's testimony was that the alleged drainage problem and subsequent deterioration of the roadway did not occur until one got past the location of the plaintiff's fall as identified by Mr. Speier, namely beyond the wooden gate, and thus is irrelevant to a determination of this matter.

Second, Mr. Serth's testimony regarding the alleged drainage problem and resulting natural consequence leading to the crumbling and road deterioration is an impermissible theory of liability pursuant to the Highway Defect Statute. Thus, it is likewise irrelevant to a determination of this matter.

In <u>Scoville v. West Hartford</u>, 131 Conn. 239, 38 A.2d 681 (1944), the Connecticut Supreme Court held as follows:

> to make a municipality liable for a failure to use reasonable care to prevent or remedy a condition in the highway of such a nature that it may in the future be the producing cause of a different condition, which in turn will cause injury to a traveler, would limit the common-law rule of immunity for negligence in the performance of a governmental duty further than the statute justifies . . . to extend liability [that] far . . . would be to 'turn the public wrong into a private wrong' and in effect subject the municipality to the substantial equivalent of a common-law action for negligence, as distinguished from an action on the statute.

<u>Scoville</u>, 131 Conn. at 242.

The Connecticut Appellate Court, in <u>Pajor v. Wallingford</u>, 47 Conn. App. 365, 704 A.2d 247 (1997), reaffirmed this principle. In <u>Pajor</u>, the Appellate Court cited <u>Scoville</u>, noting that it is the accepted rule in Connecticut that underlying circumstances which, due to natural forces, may and do produce the defective condition which was the proximate cause of the injury *does not* impose liability under the statute. See <u>Pajor</u>, 47 Conn. App. at 375.

The plaintiffs' argument that the alleged drainage problem resulting in a natural consequence of leading to the crumbling and road deterioration is the very type of underlying condition which Connecticut Appellate Courts have held *does not* impose liability under the Highway Defect Statute. Accordingly, Mr. Serth's testimony in this regard is an impermissible theory of liability and, therefore, irrelevant to this matter. The defendant is, therefore, entitled to judgment as a matter of law.

### III.    LOSS OF CONSORTIUM CLAIMS ARE EXPRESSLY PROHIBITED UNDER THE HIGHWAY DEFECT STATUTE

The plaintiffs argue that they have alleged a viable cause of action for loss of consortium and rely upon case law predating the Connecticut Supreme Court decision

of Sanzone v Bd. of Police Commissioners, 219 Conn. 179, 592 A.2d 912 (1191). (See Opposition, at pp.25-6.) The plaintiffs further argue that the Supreme Court ruling in Sanzone is inapplicable to the instant matter. (See Id., at p.26). The plaintiffs' argument is wholly without merit.

The Connecticut Appellate Court rulings subsequent to the Sanzone decision have unequivocally reaffirmed the holding that one cannot maintain a cause of action for loss of consortium in a highway defect action. See Quire v. Stamford, 231 Conn. 370, 376-77, 650 A.2d 535 (1994); Amore v. Frankel, 29 Conn. App. 565, 572-3, 616 A.2d 1152 (1992). The plaintiffs have offered no authority subsequent to the Sanzone decision which supports their position that the plaintiff may maintain a claim for loss of consortium in a highway defect action.

Moreover, the superior courts addressing this issue have consistently held that a plaintiff may not maintain a loss of consortium claim in a highway defect action. See Szczepanski v. Wolcott, (attached as Exhibit L to Motion for Summary Judgment); Bostick v. Willimantic, (attached as Exhibit M to Motion for Summary Judgment); Rodrigues v. Corbett, (attached as Exhibit N to Motion for Summary Judgment); Mastrolillo v. Danbury, (attached as Exhibit O to Motion for Summary Judgment).

Connecticut law is clear that a spouse is barred from pursuing a claim for loss of consortium arising out of injuries to a "traveler" in a highway defect action. The defendant is, therefore, entitled to judgment as a matter of law as to the Second Count of the Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, the defendant's Motion for Summary Judgment should be granted.

                                          DEFENDANT,
                                          TOWN OF SHERMAN


                                        By____/s/_Beatrice S. Jordan____
                                            Beatrice S. Jordan
                                            ct22001
                                            Howd & Ludorf
                                            65 Wethersfield Avenue
                                            Hartford, CT  06114
                                            (860) 249-1361
                                            (860) 249-7665 (Fax)
                                            E-Mail:  bjordan@hl-law.com

**CERTIFICATION**

     This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 10th day of August, 2004.

Richard Bieder, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT  06604

D. Randall DiBella
Cramer & Anderson, LLP
51 Main Street
New Milford, CT  06776

David P. Burke, Esquire
Cramer & Anderson, LLP
68 North Street
Danbury, CT  06810-5645

James M. Sconzo, Esquire
John Sterling, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

                                               /s/ Beatrice S. Jordan
                                      Beatrice S. Jordan