UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEPHEN BERNSTEIN, ET AL** | : | NO.: 3:02 CV 1740 (JCH) |
| | : | |
| **v.** | : | |
| | : | |
| **TOWN OF SHERMAN** | : | August 20, 2004 |

**SUR-REPLY IN SUPPORT OF PLAINTIFFS' OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

  The Defendant's Reply to Plaintiffs' opposition to its summary judgment motion ("Reply") fails to address numerous disputed issues of material fact raised by Plaintiffs in their memorandum of law in opposition to its motion for summary judgment, the attached exhibits, and Plaintiffs' § 56 (a) (2) statement.   Both parties have requested oral argument.   Plaintiffs submit that an oral presentation of the factual issues may be helpful to the Court in making its decision.

**I. THE DEFENDANT WAS THE ENTITY BOUND TO REPAIR THE ROAD
WHERE PLAINTIFF WAS INJURED**

  Defendant fails to address or misstates much of Plaintiffs' substantial evidence showing that the location of the accident was in Sherman and that Sherman was the entity responsible for maintaining and repairing the defect that caused Plaintiff's fall.   In particular, the following genuine issues of material fact raised by Plaintiffs have not been addressed by Defendant, or they have been mischaracterized by Defendant:

| **LOCATION OF ACCIDENT** | |
|---|---|
| Class A-2 Survey Map 1449 | Contradicts the Affidavits of Borkowski & Hackett as to town line (Plaintiffs' Ex. 12; Plaintiffs' Memo at 9-12) |
| | There is no evidence to support Defendant's claim (Reply at 2) that the town line depicted in the Class A-2 Survey Map 1449 is just a few feet north of Defendant's "town line." (A photograph, Defendant's Motion for Summary Judgment ("Def."), Ex. F, Ex. 1 indicates otherwise.) |
| Campion ambulance report | Reports that the accident occurred on Church Road **in Sherman** (Plaintiff's Memo at 8)(emphasis added) |
| Matthew Speier | He witnessed the fall, and placed the location within Sherman. (Plaintiffs' Memo at 9) |
| | Defendant mischaracterizes his testimony (Reply at 7), when it states that he believed Plaintiff fell further up the road in the photograph marked as Ex. D. Speier testified that Plaintiff fell close to the wooden gate. (See Plaintiffs' Memo. at 9) |
| Phyllis Bernstein | Defendant mischaracterizes her testimony. She did not testify that the Photographs marked as Ex. I & J at her deposition (Def. Ex. C) showed the location of her husband's fall. She said that her husband was located somewhere within the photograph Ex. J when she came upon him after the fall. (See Depo. Tr. at 54, Def. Ex. A; Plaintiffs' § 56(a)(2) response #7 to Defendant's § 56 statement) |
| Stephen Bernstein | Defendant mischaracterizes his testimony. He did not testify that the middle of photographs Ex. I & J showed the location of his fall. He testified only that he believed they showed the **area** where he was riding at the time of his fall. He further testified that the photographs did not show the beginning point. He had no specific recollection of which pothole or rut caused his fall. (Depo. Tr. S. Bernstein at 56, Def. Ex. B)(emphasis added) |

2

| John Serth | Testified that the defective stretch of road was deteriorated beginning at the wooden slatted gate, which is in Sherman. (Plaintiffs' Memo. at 10,22) |
|---|---|
| Plaintiffs' Ex. 14 | Depicts deterioration of road beginning at the wooden slatted gate per Serth's testimony (Plaintiff's Memo. at 10) |
| Mr. Borkowski | His deposition testimony as to the town line was inconsistent, and contradicted his subsequent affidavit. (Plaintiffs' Memo. at 12). |
| **SHERMAN'S REPAIR AND MAINTENANCE OF AREA IN QUESTION:** | |
| Mr. Borkowski | He testified that he is responsible for maintaining Church Road (Plaintiffs' Memo. at 14-15); |
|  | Sherman patched potholes in the area of the road depicted in photograph, Plaintiffs' Ex. 18 - this includes Church Road south of town line, SNET pole 2542 E2, in Sherman (Plaintiff's Memo. at 15-16); |
|  | He testified that it was his obligation to plow up to the bridge (well north of pole 2542 E2) and to patch, sweep, do whatever was needed there. (Plaintiff's Memo. at 17; Plaintiffs' Ex. 18) |
| Sherman's Improvement Plans | 5 of 7 plans covering the years 1992 - 2002 include reconstruction of all of Church Road without limitation (Plaintiffs' Memo. at 14 n.7) |
| Sherman's Highway Dept. Monthly work schedule (May 2001) | Lists repair work done on Church Road without limitation. (Plaintiffs' Ex. 17) |

As shown above, Defendant overstates its position and incorrectly argues that Plaintiffs concede that the location of the accident was in New Milford. Defendant failed to properly consider and address the above genuine issues of material fact raised by Plaintiffs. Plaintiffs' substantial evidence shows that the accident occurred in

3

Sherman, and that Sherman was the entity bound to repair the road where Plaintiff fell. At a minimum, there are disputed issues of fact for a jury to decide.

In addition, Defendant's reliance on Plaintiffs' statutory notice for the contention that Plaintiffs' concede the accident occurred in New Milford is unfounded. The notice, given pursuant to § 13a-149, described the location of the accident as occurring, *inter alia*, in the *vicinity* of the telephone pole and the *vicinity* of the mailboxes. (Amended Complaint dated March 5, 2003, with notice attached). Plaintiffs never said that the accident occurred exactly at the telephone pole or the mailboxes. The purpose of statutory notice is to give the Defendant sufficient notice in order to conduct an investigation. *Salemme v. Seymour*, 262 Conn. 787, 817 A.2d 636 (2003). The Defendant conducted an investigation. Given the fact that Sherman patched potholes in the area of the accident, the town was well aware of the defective condition. (Plaintiffs' Memo. at 15)

As shown above, Defendant has not correctly characterized Plaintiffs' deposition testimony. Mr. Bernstein only testified as to the *area* of the accident, and did *not* identify the location of his fall. Mr. Bernstein testified that the "beginning point" was not in the photographs he was shown at his deposition. A reasonable inference can be made that since the photographs were taken looking from the south to the north, that the "beginning point" was further south. Mrs. Bernstein did not witness the accident, and only testified as to where she found her husband after his fall. Moreover, contrary

to Defendant's assertion (Reply at 3), Plaintiffs dispute that the area identified by Plaintiffs at their depositions was located in New Milford.

As Plaintiffs mentioned in their memorandum of law in opposition, inconsistent recollections are not uncommon particularly where the witnesses were involved in a catastrophic accident. (Plaintiffs' Memo at 11). In addition, Mrs. Bernstein had her own problems after seeing her husband on the ground. She testified that she fainted and was collapsing, so a separate ambulance was called for her. (Depo. Tr. P. Bernstein at 57-58, attached as Ex. A)

In addition to the shock and confusion that Mrs. Bernstein experienced at the time of the accident, there also may have been confusion at the time of her deposition. Although she did not realize it, 4 of the 10 photographs that were introduced by defense counsel at her deposition, and referred to by her, actually were inverted depictions of certain portions of Church Road. (Marked as Def. Ex. E, F, G, H, and attached as Ex. B; Depo. Tr. P. Bernstein at 48-49, 52, attached as Ex. A). Even though showing Mrs. Bernstein these faulty photographs was no doubt unintentional, it may have led to her being confused about what the remaining photographs actually showed.

In addition to the evidence discussed in Plaintiffs' memorandum in opposition, several photographs taken by Mrs. Bernstein -- other than Def. Ex. C, which defense counsel showed her at her deposition -- depict the deteriorated condition of Church Road south of SNET pole 2542 E2. (Affidavit of Phyllis Bernstein, attached as Ex. C,

5

with photographs, Ex. 1, Ex. 2 & Ex.3; see also Plaintiffs' Memo. at 9-10, describing location of town line.)

Defendant persists in ignoring the nature of Plaintiff's accident as well as the nature of the defective condition that caused it.  The evidence shows that the highway defect included a stretch of road containing a collection of patches and holes. (Plaintiffs' Memo. at 22; see also Affidavit of Phyllis Bernstein, Ex. C and attached photographs).   His bicycle stopped due to ruts, potholes, and the gravelly condition of the road.   As a result, he was catapulted over the handlebars of his bicycle.  (Plaintiffs' Memo. at 4).   From either the nature of the accident, or the defect that caused Plaintiff's fall, a reasonable inference can be made that the defective condition of the road that caused the accident, the location where his fall began and the place where he landed are not necessarily the same place.   Plaintiffs' evidence shows that the accident and his fall occurred in Sherman, and it was the party bound to keep the road where he was injured in repair.

Even if there is conflicting testimony, this presents a genuine issue of material fact for the jury.   Responses to questions at depositions are not judicial admissions. Moreover, at trial a party may contradict earlier statements "and a question for the jury to decide may then emerge."  *Esposito v. Wethered*, 4 Conn. App. 641, 645 (1985).   At a minimum, there are issues of fact, which should be decided by the jury.

## II. WHETHER THE ROAD WAS DEFECTIVE IS A QUESTION OF FACT FOR THE JURY

Similar to the issue of whether Sherman was the entity bound to repair the area where the accident occurred, the issue of the existence of the defect is a question of fact that should be decided by the jury. Defendant incorrectly states that the existence of a defect is a question of law. The decisions that Defendant relies on for this proposition are inapposite to the question before this Court on Defendant's motion for summary judgment. (See Def. Reply at 6, citing *Ferreira v. Pringle*, 255 Conn. 330, 341, 766 A2d 400 (2001) quoting *Sanzone v. Bd. of Police Commissioners*, 219 Conn. 179, 201, 592 A.2d 912 (1991). The full sentence of the quote from *Sanzone* that Defendant relies on is, as follows: "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." In *Ferreira*, the Court upheld the dismissal of an action brought under Conn. Gen. Stat. § 7-465 where the court had found the complaint alleged, as a matter of law, a highway defect. The plaintiff in *Ferreira* -- unlike the Plaintiffs here -- failed to contradict the defendant's affidavits showing the location of the accident as within the highway right-of-way. *Ferreira*, 255 Conn. at 348. Ferreira's complaint failed to allege §13a-149 or compliance with its notice provisions and, therefore, was held to be jurisdictionally defective.

7

Defendant mischaracterizes and obfuscates the defect claimed by Plaintiffs. The defect is the dangerous condition of the stretch of road rutted with potholes and gravel. The road had not been properly maintained or repaired to remove the dangerous condition. Mr. Serth explained that the drainage problem and the build up of berms on the side of the road led to the deterioration of the road. (Plaintiffs' Memo. at 23-24). According to Mr. Serth: "However, while the town caused part of the drainage problem, they did not fix it. This would make it very hard to keep the road surface in good repair." "The uneven and loose surface caused the bicyclist [Mr. Bernstein] to fall down." (Serth's report, Plaintiffs' Ex. 20 at p. 2- 4).

Defendant's reliance on two snow and ice highway defect decisions is misplaced. (Def. Reply at 9 citing *Scoville v. West Hartford*, 131 Conn. 239, 38 A.2d 681 (1944); *Pajor v. Wallingford*, 47 Conn. App. 365, 704 A.2d 247 (1997)). These cases stand for the proposition that to impose liability in a snow and ice fall-down case, the town must have notice of the particular defect that caused the injury and not merely notice of underlying conditions, which as a result of natural forces, may and do produce the defective condition. 131 Conn. at 242; 47 Conn. App. at 372, 372 n. 4. First, this is not a snow and ice case. Second, the defect was the deteriorated condition of the road. The Defendant had notice of this defective condition. In fact, it had patched potholes in the area. (Plaintiffs' Memo. at 15, 24; Depo. Tr. Serth at 165-166, Plaintiffs' Ex. 13). Third, the drainage problem was not the result of natural forces, but rather

8

was caused at least in part by the town's poor maintenance.  With or without a drainage problem, the highway defect was a deteriorated condition of the road where the accident occurred – potholed, ruts, gravel – which the Defendant had failed to repair.

Given the numerous factual disputes, summary judgment should not be granted. For the reasons set forth in Plaintiffs' memorandum in opposition and in this sur-reply, Defendant's motion for summary judgment should be denied.

THE PLAINTIFFS

By_____
Cynthia C. Bott
Federal Bar # ct09807
Richard A. Bieder
Federal Bar # ct02397
Koskoff, Koskoff, & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: 203-336-4421

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 20th day of August, 2004, to all counsel and pro se parties of record, as follows:

Thomas R. Gerarde, Esq.
Attorney Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114

9

D. Randall DiBella, Esq.
Cramer & Anderson
51 Main Street
New Milford, Connecticut 06776

David P. Burke, Esq.
Cramer & Anderson LLP
68 North Street
Danbury, Connecticut 06810

John Sterling, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

                                                                                                        _____
                                                                                                          Cynthia C. Bott