UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN BERNSTEIN, ET AL     :
       Plaintiff,         :     CIVIL ACTION NO.
                       :     3:02-CV-1740 (JCH)
v.                     :
                       :
TOWN OF SHERMAN,        :     FEBRUARY 7, 2005
       Defendants.     :

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 38]**

      The plaintiffs, Stephen and Phyllis Bernstein, initiated this action in state court against the Town of Sherman. [Dkt. No. 1] The defendant removed the action to this court pursuant to sections 1441 and 1446 of Title 28 of the United States Code. [Dkt. No. 1]

      The plaintiffs assert two causes of action pursuant to section 13a-149 of the Connecticut General Statutes, which statute allows "any person injured in person or property by means of a defective road or bridge [to] recover damages from the party bound to keep it in repair." Stephen Bernstein claims damages for injuries sustained as a result of a bicycle accident. Phyllis Bernstein claims damages for loss of consortium. On May 13, 2004, the defendants filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Dkt. No. 36].

**I.     STANDARD OF REVIEW**

      In a motion for summary judgement, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). The

1

burden of showing that no genuine factual dispute exists rests upon the moving party. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223 (2d Cir. 1994)). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgement is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38.  "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party."  Carlton, 202 F.3d at 134.  "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury.  Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## II.    FACTS

For the purposes of the instant motion, the court accepts facts undisputed by the parties as true and resolves disputed facts in favor of the plaintiffs where the plaintiffs provide evidence to support their allegations.

On April 14, 2002, at approximately 11:30 a.m., Stephen Bernstein was operating his bicycle on Church Road, near the border of two towns, Sherman and New Milford, Connecticut.  He was traveling northward, from Sherman toward New Milford. The plaintiffs claim that, upon coming into contact with a broken roadway surface on

Church Road, the bicycle went "out of control", and Stephen Bernstein was thrown from the bicycle.  The fall caused him to suffer severe personal injuries.  The plaintiffs allege that Stephen Bernstein's fall was caused by a patch of defective road which caused his bicycle to shimmy for some time prior to the fall.  While there is conflicting evidence, the plaintiffs provide evidence that Stephen Bernstein fell near a wooden fence and that the bicycle began to shimmy five to ten seconds prior to the fall.  Speier Depo., 11/12/03 [Dkt. No. 45, Ex. 5].

On July 1, 2002, Stephen Bernstein and his wife, Phyllis Bernstein, filed a statutory notice of claim with the Sherman Town Clerk, pursuant to section 13a-149 of the Connecticut General Statutes.  That Notice indicates that Stephen Bernstein suffered multiple injuries including trauma and lacerations, cervical surgery, quadriplegia, and physical and mental pain and suffering.  It also noticed the Town of Sherman that Phyllis Bernstein suffered loss of consortium.

**III.    ANALYSIS**

In order for a plaintiff to prevail on a claim brought pursuant to section 13a-149, he must establish three elements: "(1) the existence of a defect which resulted from the failure of the defendant to use reasonable care to keep [passageways] within its control in a reasonably safe condition for public travel; (2) notice, either actual or constructive, to the defendant of the defect; and (3) the exercise by him of due care." Rodriguez v. New Haven, 183 Conn. 473, 476 (1981).  The Town of Sherman argues that there are three bases on which this court should grant summary judgment in its favor.

The defendant's first two arguments relate to the first element.  First, the defendant argues that it is not the party bound to maintain the roadway on which

Stephen Bernstein fell and suffered injury for the purposes of section 13a-149.

Second, it argues that the roadway for which the Town of Sherman is responsible for

repair and maintenance is, as a matter of law, not defective.

Lastly, the defendant contends that this court lacks subject matter jurisdiction

over Phyllis Bernstein's claim because there is no statutory abrogation of sovereign

immunity under section 13a-149 with respect to a claim for loss of consortium.  The

defendant argues that Phyllis Bernstein's claim for loss of consortium must fail as a

matter of law because section 13a-149 does not permit recovery for such loss.

### A.     Whether the Town of Sherman is Bound to Keep in Repair the Roadway on Which the Injury Occurred is a Question of Material Fact

The parties dispute three aspects of the first element of the plaintiffs' claims

under section 13a-149.  First, they dispute the location of the boundary between

Sherman and New Milford.  Second, they dispute the location of Stephen Bernstein's

fall from his bicycle.  Last, they dispute the location of the allegedly defective roadway

that caused Stephen Bernstein to fall from his bicycle and to suffer injury.  While the

parties' attempts to provide evidence of these three locations are confusing to say the

least, what is clear is that an issue of fact remains with respect to where Stephen

Bernstein's accident occurred with respect to the town line.[1]

The plaintiffs support their claim regarding the location of the town border with

evidence, including the ambulance report and a surveyor's map of the area, and create

a question of material issue of fact in this regard.  For the purposes of the instant

---

[1]The court anticipates that the parties will provide better assistance in this regard to the jury.

summary judgment motion, it would be both difficult and improper for the court, on the record before it, to "find" as undisputed the exact location of the town line.  The location of the town line with respect to the accident remains a question of fact.

The plaintiffs allege and provide evidentiary support for sufficient facts as to create a question of material issue of fact of where the accident occurred in relation to the town border.   According to the defendant, the boundary between Sherman and New Milford is situated at a ninety degree angle to Church Road at that wooden fence near which Stephen Bernstein allegedly fell.  Memo. of Law in Supp. of Def.'s Mot. for Summ. J. [Dkt. No. 40] at 10-11; Notice of Manual Filing [Dkt. No. 40], Ex. G, Ex. H.  If the road defect that caused Stephen Bernstein's fall began on the road south of the fence, about five or ten seconds prior to his falling at the base of that fence, then that area of road is located within Sherman's town boundaries.

However, the plaintiffs also allege that the town boundary lies further north and is situated at a forty-five degree angle to Church Road.  The defendants point to Phyllis Bernstein's deposition testimony that the fall occurred beyond the wooden slatted fence to argue that there is no disputed question of material fact that the fall occurred in New Milford.  The defendants do not, however, account for additional evidence regarding the location of the fall.  Phyllis Bernstein's deposition testimony is by no means dispositive when the plaintiffs can point to additional evidence of the location of the fall, particularly the testimony of Matthew Speier, who witnessed the fall, and an ambulance report completed by the emergency medical technicians who attended to Stephen Bernstein following the fall.

Furthermore, the plaintiffs allege that, by assuming responsibility for maintaining

5

portions of Church Road that may not be located in Sherman, the town is liable for such maintenance.  To support this theory, the plaintiffs point to deposition testimony that Sherman plows a stretch of Church Road beyond the town line, wherever that line may be, and plans capital improvements to Church Road in its town planning report.  While a finder of fact may conclude that there are insufficient facts to support this theory, the court cannot find that the theory is deficient as a matter of law.  "Ownership of the property does not establish liability under §13a-149 or §13a-144.  Rather, it is the governmental entity charged with the 'duty . . . to keep [the property] in repair.'"  <u>Novicki v. City of New Haven</u>, 47 Conn. App. 734, 742 (Conn. App. Ct. 1998) (<u>quoting</u> <u>Amore v. Frankel</u>, 228 Conn. 358, 367 (1994)).[2]   The plaintiffs provide factual and evidentiary support for this theory.

On the record before it, the court concludes that there is a disputed issue of material fact with regard to either the location of the fall or the question of whether Sherman is responsible, for the purposes of section 13a-149, for maintaining the allegedly defective roadway that caused the fall.

### B.    The Court Cannot Find That Church Road in Sherman is Not Defective as a Matter of Law

The Town of Sherman argues that the testimony of John A. Serth, an expert disclosed by the plaintiffs and deposed by the defendant, forecloses a finding that any part of Church Road for which the town is responsible is defective.  The defendant

---

[2]Both parties concede that there is no material difference between the rights and obligations created by section 13a-144 and those created by 13a-149.  Courts commonly look to case law addressing one of the two statutes to guide interpretation of the other.  <u>Baker v. Ives</u>, 162 Conn. 295, 303 (1972).

claims that Mr. Serth's report concedes that the portion of Church Road that is in Sherman is not defective and that the portion alleged to be defective lies in New Milford.

The plaintiffs argue that the defendant misconstrues Mr. Serth's report to conclude that the Town of Sherman had met its duty to maintain the road. Furthermore, the plaintiffs argue that the Town of Sherman is liable because it assumed responsibility for maintaining that portion of Church Road where the accident took place, which portion of the road was found to be defective by Mr. Serth.

Whether the road was defective is undoubtedly a question of fact to be resolved by the finder of fact in this case. See Hickey v. Town of Newtown, 150 Conn. 514 (1963). The report provided by Mr. Serth asserts, based on an investigation that included conversations with the Supervisor of Highways for the Town of Sherman and an independent assessment of Church Road, that portions of the road in the Town of Sherman were defective at the time of Stephen Bernstein's accident. Serth Letter, [Dkt. No. 45, Ex. 20]. In addition to the report, the plaintiffs provide other evidence of a defect, including photographs of the scene taken by Phyllis Bernstein a few weeks after the accident. One may read Mr. Serth's report, as the defendant does, to conclude that there was no road defect on that portion of Church Road located in Sherman. Nevertheless, the plaintiffs have provided evidence of a road defect that caused the fall in the form of Mr. Speier's deposition testimony as well as Phyllis Bernstein's photographs. Thus, there remain disputed facts that preclude the court granting the defendant's motion for summary judgment on this ground.

7

**C.    Under the Doctrine of Sovereign Immunity, There Is No Jurisdiction Over Phyllis Bernstein's Claim for Loss of Consortium Under Section 13a-149**

The Connecticut Supreme Court has held that no cause of action for loss of consortium lies where a person alleges to have been injured by a defective highway or bridge pursuant to a statutory abrogation of sovereign immunity.  <u>Lounsbury v. Bridgeport</u>, 66 Conn. 360 (1895).  That holding predates Connecticut courts' recognition of a wife's cause of action for loss of consortium upon injury or death of her husband.  <u>Hopson v. St. Mary's Hospital</u>, 176 Conn. 485 (1979).  More recently, in <u>dicta</u>, the Connecticut Supreme Court has found that "[s]ection 13a-149 does not permit damages for loss of consortium, but permits recovery only by the injured 'traveler.'"  <u>Sanzone v. Board of Police Commissioners</u>, 219 Conn. 179, 199 (1991).

Phyllis Bernstein argues that, in the face of clear statutory language, such dicta ought to be disregarded and is not binding upon this court.  The <u>dicta</u> in <u>Sanzone</u> is based upon a strict construction of section 13a-149 and its predecessor statutes.  The Connecticut Supreme Court has held that "only a 'traveler' may recover damages against a municipality under §13a-149."  <u>Quire v. City of Stamford</u>, 231 Conn. 370, 375 (1994).  "The traveler upon the highway is the only person who can maintain an action for the recovery of the penalty provided by this statute and he only for an injury which is the direct result of a defect in the highway suffered by him . . . ."  <u>Frechette v. City of New Haven</u>, 104 Conn. 83, 88 (1926).

Phyllis Bernstein is correct to note that a number of the cases interpreting section 13a-149 to create a cause of action only for the injured "traveler" and not for the

8

traveler's spouse predate <u>Hopson</u>, in which the Connecticut Supreme Court recognized a wife's cause of action for loss of consortium.  <u>See</u> <u>Natale v. Burns</u>, 40 Conn. Supp. 194, 195-96 (Conn. Super. Ct. 1984).  Indeed, the court finds merit in the plaintiff's position. The statute provides for a waiver of statutory immunity where a plaintiff claims an injury caused by a defect in a road.  There is no doubt that Mrs. Bernstein claims an injury, loss of consortium, proximately caused by a defect in the road.  <u>Hopson</u>, 176 Conn. at 492-93.

Nevertheless, as a federal court hearing a state claim, the court's role is well-defined and limited, by both comity and precedent.  "[F]ederal courts must of course defer to state-court interpretations of the state's laws." <u>DiGuglielmo v. Smith</u>, 366 F.3d 130, 137 (2d Cir. 2004) (<u>citing</u> <u>Davis v. Strack</u>, 270 F.3d 111, 123 n. 4 (2d Cir. 2001)). Furthermore, "'[w]e are bound ... to apply the law as interpreted by [Connecticut]'s intermediate appellate courts ... unless we find persuasive evidence that the [state's highest court], which has not ruled on this issue, would reach a different conclusion.'" <u>Pahuta v. Massey-Ferguson, Inc.</u>, 170 F.3d 125, 134 (2d Cir. 1999).  The state courts have clearly indicated that plaintiff's argument must fail.  <u>See</u>, <u>e.g.</u> <u>Murray v. Frankel</u>, 31 Conn. App. 752, 756-57 (1993) (applying section 13a-144); <u>Amore v. Frankel</u>, 29 Conn. App. 565, 572-73 (1992), <u>rev'd on other grounds</u>, 228 Conn. 358 (1994).  There is no persuasive evidence, that the Connecticut Supreme Court "would reach a different conclusion."  <u>DiGuglielmo</u>, 366 F.3d at 137.  Indeed, <u>Sanzone</u> makes clear that the Connecticut Supreme Court would be very likely to reach the same conclusion reached by the Connecticut Appellate Court.

The case law precluding a right of action for loss of consortium under section

9

13a-149 is based not on the notion that such a cause of action does not exist generally, but, instead, on the courts' interpretation of the statute itself.  Courts must construe statutory exceptions to a state's sovereign immunity narrowly.   "When the state waives sovereign immunity by statute, however, a party who wishes to sue under the legislative waiver must come clearly within its provisions because '[s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed.'" Duguay v. Hopkins, 191 Conn. 222, 232 (1983) (quoting Berger, Lehman Associates, Inc. v. State, 178 Conn. 352, 356 (1979)). In light of this principle, lower courts, applying Sanzone's dicta, have concluded that a strict construction of section 13a-149 requires limitation of statutory rights to "travelers" and does not allow for an injured person's spouse to claim loss of consortium, a claim derivative of that of the injured person.  See, e.g.  Amore v. Frankel, 29 Conn. App. 565, 572-73 (1992), rev'd on other grounds, 228 Conn. 358 (1994); Murray v. Frankel, 31 Conn. App. 752, 756-57 (1993) (applying section 13a-144).

The court concludes that the Connecticut Supreme Court, if faced with the question before this court, would hold that section 13a-149 does not provide for a claim of loss of consortium.  Therefore, the defendant enjoys sovereign immunity from such suit, and the court grants in that part defendant's Motion for Summary Judgment.

## IV.    Conclusion

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED in part and DENIED in part.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 7th day of February, 2005.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge