UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN, ET AL | : | NO.: 3:02 CV 1740 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF SHERMAN | : | DECEMBER 16, 2005 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* RE SURVEY MAP #1449 DATED FEBRUARY 1990

I. **BACKGROUND**

The plaintiff, Stephen Bernstein, has brought this action for injuries he allegedly sustained as the result of a bicycle accident upon what he claims was a defective roadway in the Town of Sherman. Specifically, the plaintiff alleges that on April 14, 2002 at approximately 11:30 a.m., he was operating his bicycle in a northerly direction on Church Road, approximately 1.7 miles north of Route 39 in Sherman, Connecticut. The plaintiff further alleges that, at said time and place, his bicycle came into contact with a "defective, broken, uneven roadway surface" causing his bicycle to go out of control and throw him to the ground, causing the injuries sustained.

By way of motion dated May 13, 2004, the defendant moved for summary judgment. The plaintiffs filed a Memorandum in Opposition to the Motion for Summary Judgment on August 2, 2004. In their Memorandum in Opposition, the plaintiffs

appended as Exhibit 12, a map designated as Survey Map #1449 dated February 1990 and prepared for Richard McGoldrick.  (See Survey Map #1449 dated February 1990, attached as **Exhibit A**.)  The plaintiff argued in his opposition that Survey Map #1449 established the location of the town line between the Town of Sherman and the Town of New Milford.  Specifically, the plaintiff argued that the telephone pole depicted on Survey Map #1449 lies directly on the town line between Sherman and New Milford.  (See Plaintiffs' Memorandum of Law in Opposition to Motion for Summary Judgment dated August 2, 2004, at pp.9-11; Plaintiffs' Rule 56(a)2 Statement, at pp.5-6.)  The plaintiffs further argued that Survey Map #1449 was sufficient authority for establishing the location of the town line.  (See Plaintiffs' Memorandum in Opposition, at p.12.)

The defendant now moves to preclude the plaintiff from offering Survey Map #1449 into evidence as said map is unreliable hearsay which does not fall within any exception to the hearsay rule.

II.    **LAW AND ARGUMENT**

Pursuant to Rule 802 of the Fed. R. Evid., "hearsay is not admissible except as provided by [the Rules of Evidence] or by other rules prescribed by the Supreme Court . . . ."  Hearsay is defined as an oral or written statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of

the matter asserted." Fed. R. Evid. 801 (a), (c).  Rules 803 and 804 set forth the various exceptions to the hearsay rule.

In the instant matter, the defendant anticipates that the plaintiff will seek to offer into evidence Survey Map #1449 in order to prove the truth of the matter stated therein, namely his contention that the location of the town line between Sherman and New Milford lies across the telephone pole depicted in the map.  As such, the map is hearsay and should be precluded.

Despite the plaintiff's contention, Survey Map #1449 does not establish that the town line between Sherman and New Milford lies across the telephone pole depicted in the map.  Significantly, Survey Map #1449 was *not* prepared so as to definitively establish the location of the town line.  Rather, the map was prepared for Richard McGoldrick with regard to the construction of a proposed barn.  (See Survey Map #1449, **Exhibit A**).  In fact, the map itself notes the designation of a town line between Sherman and Gaylordsville, and further notes that said designation is a mere "*approximation*" of the town line.  (See id.)  Accordingly, the map's designation of the town line is unreliable and speculative at best.

Additionally, the Survey Map does not fall within any of the enumerated exceptions to the hearsay rule set forth in Rules 803 and 804.  The only exception even remotely relevant to the Survey Map in question governs public records and reports.  Specifically, Rule 803(8), provides an exception for any records, reports,

statements or data compilations of public offices or agencies which set forth the activity of the agency, matters observed by the agency pursuant to a duty imposed by law to report as to the same, or actions against the government.  The instant Survey Map does not fall within the parameters of any of these exceptions.

As the foregoing demonstrates, Survey Map #1449 is unreliable hearsay not within any exception to the hearsay rule.  The plaintiff should, therefore be precluded from introducing the Survey Map into evidence at the trial of this matter.

### III.   CONCLUSION

For the foregoing reasons, the defendant respectfully request that its Motion *in Limine* be granted, and an order enter precluding the introduction of Survey Map #1449 into evidence at the trial of this matter.

DEFENDANT,
TOWN OF SHERMAN


By____/s/_Beatrice S. Jordan_____
     Beatrice S. Jordan
     ct22001
     Howd & Ludorf, LLC
     65 Wethersfield Avenue
     Hartford, CT  06114
     (860) 249-1361
     (860) 249-7665 (Fax)
     E-Mail:  bjordan@hl-law.com

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 16th day of December, 2005.

Richard Bieder, Esquire
Cynthia C. Bott, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT  06604

D. Randall DiBella
Cramer & Anderson, LLP
51 Main Street
New Milford, CT  06776

David P. Burke, Esquire
Cramer & Anderson, LLP
68 North Street
Danbury, CT  06810-5645

James M. Sconzo, Esquire
John Sterling, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

Jesse J. Graham II, Esquire
Rivkin Radler LLP
926 EAB Plaza
Uniondale, New York 11556-0926

                                                          /s/ Beatrice S. Jordan
                                                          Beatrice S. Jordan