UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN, ET AL | : | NO.:  3:02 CV 1740 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF SHERMAN | : | DECEMBER 16, 2005 |

**MOTION FOR SEPARATE TRIAL OF LIABILITY AND DAMAGE ISSUES**

     Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the defendant, Town of Sherman, hereby moves for an order that the issue of liability in this case be tried before the same jury prior to, and separate from, the damage issues.  As is more particularly set forth in the memorandum of law submitted in support hereof, this case presents complex issues as to both liability and damages.  It involves hotly contested issues regarding the location of the accident occurrence, the party bound to keep the same in repair, the cause of the incident, and notice to the Town of Sherman.  With regard to damages, the plaintiff seeks damages for physical injury, economic loss, future economic loss, and physical and mental pain and suffering.  In addition to the issue of liability, the plaintiff's damages claims with regard to future continuum of care associated medical expenses are hotly contested.

     The facts of this case make it particularly well-suited for a bifurcated trial as the issue of liability is separate and distinct from the damage issues.  A prior and separate

ORAL ARGUMENT IS/IS NOT REQUESTED

trial on the issue of liability alone will serve the interests of judicial economy as it has the potential for fully resolving this matter. It would be an efficient use of judicial resources, and potentially a great savings of time and expense to all parties. A prior trial on the issue of liability would not operate to prejudice the plaintiffs, as the trial of the damage issues, if necessary, could proceed immediately before the same jury with little inconvenience or loss of time. Moreover, a bifurcated trial will reduce the chance that the jury's evaluation of the liability issues will be affected by sympathy for the plaintiff.

  WHEREFORE, the defendant, Town of Sherman, respectfully moves that the Court enter an order that the issue of liability be tried prior to and separate from the damage issues in this case.

            DEFENDANT,
            TOWN OF SHERMAN


            By_____/s/_Beatrice S. Jordan_____
             Beatrice S. Jordan
             ct22001
             Howd & Ludorf, LLC
             65 Wethersfield Avenue
             Hartford, CT  06114
             (860) 249-1361
             (860) 249-7665 (Fax)
             E-Mail:  bjordan@hl-law.com

**CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 16th day of December, 2005.

Richard Bieder, Esquire
Cynthia C. Bott, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT  06604

D. Randall DiBella
Cramer & Anderson, LLP
51 Main Street
New Milford, CT  06776

David P. Burke, Esquire
Cramer & Anderson, LLP
68 North Street
Danbury, CT  06810-5645

James M. Sconzo, Esquire
John Sterling, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

Jesse J. Graham II, Esquire
Rivkin Radler LLP
926 EAB Plaza
Uniondale, New York 11556-0926

                                                    _____/s/ Beatrice S. Jordan_____
                                                    Beatrice S. Jordan