UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN, ET AL | : | NO.: 3:02 CV 1740 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF SHERMAN | : | DECEMBER 16, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SEPARATE TRIAL OF LIABILITY AND DAMAGE ISSUES**

**I.    BACKGROUND**

The plaintiff, Stephen Bernstein, has brought this action for injuries he allegedly sustained as the result of a bicycle accident upon what he claims was a defective roadway in the Town of Sherman. Specifically, the plaintiff alleges that on April 14, 2002 at approximately 11:30 a.m., he was operating his bicycle in a northerly direction on Church Road, approximately 1.7 miles north of Route 39 in Sherman, Connecticut. The plaintiff further alleges that, at said time and place, his bicycle came into contact with a "defective, broken, uneven roadway surface" causing his bicycle to go out of control and throw him to the ground, causing the injuries sustained. The plaintiff alleges that the portion of the roadway upon which he sustained his injury lies within the Town of Sherman. The Town of Sherman denies that the portion of the roadway upon which the plaintiff claims to have sustained his injuries lies within the boundaries

of the Town of Sherman, or that the Town of Sherman was the party bound to keep that area of the roadway in repair. The Town of Sherman further denies that the portion of Church Road within its boundaries was defective as claimed by the plaintiff.

This case presents complex issues as to both liability and damages, which, if tried together, will take an estimated two weeks of trial time. If both the liability and damages issues are tried at once, the jury will be asked to assimilate a great volume of fact witness and expert testimony, and then to interpret and apply a diverse number of complex legal principles to this voluminous factual record.

### A. THE LIABILITY PORTION OF THE TRIAL

Liability is hotly contested in this matter. Specifically, the location of the accident occurrence, the cause of the same, and notice to the Town of Sherman are all highly disputed. Thus, with regard to liability, the issues to be determined by the jury are as follows:

1. Whether the Town of Sherman is the party bound to keep Church Road in the area of the plaintiff's fall in repair.

2. Whether Church Road is defective as claimed by the plaintiff.

3. Whether the plaintiff has provided the defendant with sufficient notice pursuant to Conn. Gen. Stat. §13a-149.

4. Whether the Town of Sherman had actual notice of the presence of the alleged defect claimed by the plaintiff.

5. Whether the Town of Sherman had constructive notice of the presence of the alleged defect claimed by the plaintiff.

6. Whether the Town of Sherman had any notice of the presence of any defect or hazard to bicyclists on Church Road.

7. Whether the plaintiff's own negligence contributed to and was a proximate cause of the accident.

8. Whether the negligence of Brooks Country Cycling Tours contributed to and was a proximate cause of the accident.

9. Whether the negligence of Mathew Speier contributed to and was a proximate cause of the accident.

10. Whether the condition of the subject roadway within the Town of New Milford's boundaries, including the area in which the plaintiff claims to have fallen, was a substantial contributing cause of the accident.

Moreover, there were no witnesses to the accident other than the plaintiff, Stephen Bernstein, and fact witness, Matthew Speier. It is anticipated that, in addition to the plaintiff and Matthew Speier, testimony as to liability will be proffered from those witnesses at the scene shortly after the occurrence, namely Phyllis Bernstein, Gerald Brooks, Richard McGoldrick, Matthew Heinz, J. Welter, and Debra Bernstein who discussed the occurrence with the plaintiff. Testimony as to liability is also expected from Sherman Highway Supervisor Donald Borkowski and New Milford Public Works Director Peter Hackett, and plaintiffs' liability expert John Serth.

**B.    THE DAMAGES PORTION OF THE TRIAL**

The plaintiff, who was 68 years old at the time of his accident, suffered a traumatic spinal cord injury resulting in quadriplegia. It is anticipated that extensive

medical testimony will be offered as to the severe and traumatic nature of the injuries and extensive, subsequent hospitalization and care.

With regard to damages, the plaintiff claims the following economic losses: (1) past and future medical expenses and care, (2) rehabilitation care, (3) adaptations to his home, (4) assistive devices for plaintiff's functionality, (5) lost wages, and (6) lost earning capacity. The defendant disputes the claimed economic damages, and specifically, the Continuum of Care plan.

With regard to non-economic losses, the plaintiff claims the following: (1) past and future loss of enjoyment of life's activities, (2) physical pain and suffering, and (3) mental pain and suffering.

The plaintiff has disclosed the following experts who will testify at trial as to the plaintiff's damages: (1) David Oelber, M.D.; (2) Adam Stein, M.D.; (3) Ralph Iorio, M.D.; (4) Melvin Young, M.D.; (5) Gregg DiPrima, MSPT; (6) Lawrence Forman, M.Ed., J.D., C.R.A., C.R.C., C.V.E., C.C.M., C.D.M.S.; and (7) Gary Crakes, Ph.D.

In addition, the defendant has disclosed Joseph Pessalano, MA, CRC, as their damages expert.

In addition to the above, the defendant anticipates that the plaintiff will offer extensive fact witness testimony from the plaintiff, his wife, Phyllis Bernstein, relatives and friends regarding the impact of the injuries, as well as the quality of life now experienced by the plaintiff versus prior to the accident.

**II.    LAW AND ARGUMENT**

The Court has discretion to order separate trials for liability and damages.  Rule 42(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim . . . or of any separate issue . . . .

The decision to bifurcate a trial rests firmly within the discretion of the trial court. See In Re Master Key Antitrust Litigation, 528 F.2d 5, 14 (2d Cir. 1975).  Where evidentiary proof offered as to liability would be entirely distinct from the evidence offered as to damages, courts have bifurcated trials.  See Lagudi v. Long Island Railroad Co., 775 F.Supp. 73, 74 (E.D.N.Y. 1991).  The Second Circuit has expressly endorsed bifurcation of the liability and damages phases of a trial "if the two phases involved different types of evidence."  See Katsaros v. Cody, 744 F.2d 270, 278 (2d Cir. 1984), cert. denied, 469 U.S. 1072, 105 S.Ct 565, 83 L.Ed. 506 (1984).

"The interests served by bifurcated trials are convenience, negation of prejudice and judicial efficiency."  See Vichare v. AMBAC, Inc., 106 F.3d 457, 466 (2d Cir. 1976).  "Bifurcation may therefore be appropriate where the evidence offered on two different issues will be wholly distinct, . . . or where litigation on one issue may obviate the need to try another issue."  Id., citing Katsaros, 744 F.2d at 278, Morse/Diesel, Inc. v. Fidelity and Deposit Company of Maryland, 763 F.Supp. 28, 35 (S.D.N.Y.

1991), modified in part on other grounds, 768 F.Supp. 115 (S.D.N.Y. 1991), aff'd by summary order, 1996 WL 481813 (2d Cir. August 22, 1996).

### A. BIFURCATION IS APPROPRIATE AS THE LIABILITY AND DAMAGES PHASES INVOLVE WHOLLY UNRELATED EVIDENCE

As indicated above, bifurcation may be appropriate where the evidence offered as to liability and damages issues will be wholly distinct. See Katsaros, 744 F.2d at 278. Here, the liability phase of the trial will require evidence concerning whether: (1) the Town of Sherman was the party bound to keep the roadway in repair in the area where the plaintiff claims to have fallen; (2) Church Road was defective as claimed by the plaintiff; (3) the Town of Sherman had actual or constructive notice of the defect complained of, any problems with the roadway, or how long the conditions complained of had been present; (4) the plaintiff has satisfied the statutory notice requirement as to the very defect which occasioned the injury; and (5) the plaintiff can establish sole proximate cause as any negligence by plaintiff or third-party.

Accordingly, the types of evidence to be offered with regard to liability and damages are entirely distinct. As such, bifurcation of the liability and damages phases of the trial of this matter is appropriate. See Vichare, 106 F.3d at 466; Katsaros, 744 F.2d at 278.

6

### B. BIFURCATION MAY RESULT IN THE AVOIDANCE OF UNNECESSARY COSTS

As indicated above, bifurcation may be appropriate where litigation on one issue may obviate the need to try another issue. See Vichare, 106 F.3d at 466; Morse/Diesel, Inc., 763 F.Supp. at 35. In the instant matter, if the jury determines that the plaintiff has failed to sustain his burden of proof as to any one of the required statutory elements of his claim, the anticipated lengthy damages phase of the trial would not be required.

It is anticipated that there will be approximately 11 witnesses, including the plaintiff, who will testify on the liability issue, only two of whom have been disclosed as experts. Conversely, it is anticipated that there may be up to eight expert witnesses who will be called to testify on the issue of damages, as well as countless fact witnesses as to the impact of the plaintiff's injuries.

The Connecticut approach to this issue is quite similar to the federal approach. In O'Shea v. Mignone, 50 Conn. App. 577, 719 A.2d 1176 (1988), the plaintiff requested that the trial be bifurcated as to liability and damages in an effort to avoid unnecessary costs associated with the plaintiff's treating physician and expert witness. The plaintiff urged that because liability was a "hotly" contested issue, and the expense of the key witness related to damages was great, it would be in the plaintiff's economic interest for the case to be bifurcated as to liability and damages. The trial court granted the motion to bifurcate. In affirming the trial court's decision to bifurcate,

the Connecticut Appellate Court cited the factors listed in Federal Rule of Civil Procedure Rule 42(b), and further cited several federal decisions including <u>Vichare</u> and <u>Morse/Diesel, Inc.</u>. <u>See</u> <u>O'Shea</u>, 50 Conn. App. at 582.

The Court should order separate trials for liability and damages in this case because liability is hotly contested, and the damages portion of the case is likely to last much longer than the liability portion of the case. A bifurcated trial may save all of the parties from incurring very significant witness fees and associated expenses.

**C.    SEPARATE TRIALS WILL REDUCE THE LIKELIHOOD OF PREJUDICE TO THE DEFENDANT SINCE THERE WOULD BE NO DANGER OF THE JURY BEING INFLUENCED BY SYMPATHY FOR THE PLAINTIFF'S INJURIES WHILE DELIBERATING ON THE LIABILITY ASPECTS OF THE CASE**

"Evidence of [significant] harm to a plaintiff regardless of cause, may result in sympathetic jurors more concerned with compensating plaintiff for his injury then whether or not defendant is at fault." <u>Lagudi</u>, 775 F.Supp. at 75.

In view of the number of expert damages witnesses anticipated to be called at trial, and the complexities of the damages issues, it is clear that the damage portion of the trial will consume significantly more time than the liability portion of the trial. The damages evidence presented by the plaintiffs, both by its nature and its volume, is likely to result in great sympathy for the plaintiff, and unfair prejudice to the defendant. It is axiomatic that sympathy for an injured party is irrelevant to the consideration of whether the defendant is responsible for the injuries. However, it is difficult to escape

the basic truth that sympathy often plays a part in and affects the jury's determination of liability, particularly where, as here, serious injuries were sustained and significant damages will be claimed. The only way to avoid the potential for unfair prejudice is to bifurcate the trial under Rule 42(b). See Lagudi, 775 F.Supp. at 75.

### D. SEPARATE TRIALS OF LIABILITY AND DAMAGES FURTHER THE INTERESTS OF JUDICIAL ECONOMY

A bifurcated trial may help promote the expeditious resolution of this case. It may also promote judicial economy. The Court may save much trial time in the event that a bifurcated trial results in a verdict for the defendant. The Court may avoid unnecessary trial days, thereby better utilizing its resources to address other cases, by ordering a bifurcated trial. Such an order would be consistent with the letter and spirit of Rule 42(b).

### III. CONCLUSION

As the foregoing demonstrates, this case is particularly well-suited to bifurcation. Separate trials of the issues of liability and damages will likely save the parties significant expenses, foster judicial economy and avoid prejudice. Moreover, the hallmark of our judicial system is its ability to provide all parties with a fair trial.

The defendant respectfully urges the Court to bifurcate the issue of liability from the issue of damages in order to achieve these results.

>DEFENDANT,
>TOWN OF SHERMAN
>
>
>By____/s/_Beatrice S. Jordan____
>   Beatrice S. Jordan
>   ct22001
>   Howd & Ludorf, LLC
>   65 Wethersfield Avenue
>   Hartford, CT  06114
>   (860) 249-1361
>   (860) 249-7665 (Fax)
>   E-Mail:  bjordan@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 16th day of December, 2005.

Richard Bieder, Esquire
Cynthia C. Bott, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT  06604

D. Randall DiBella
Cramer & Anderson, LLP
51 Main Street
New Milford, CT  06776

David P. Burke, Esquire
Cramer & Anderson, LLP
68 North Street
Danbury, CT  06810-5645

James M. Sconzo, Esquire
John Sterling, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

Jesse J. Graham II, Esquire
Rivkin Radler LLP
926 EAB Plaza
Uniondale, New York 11556-0926

                                                  _____/s/_ Beatrice S. Jordan_____
                                                    Beatrice S. Jordan