UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN | : | NO.:  3:02 CV 1740 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF SHERMAN | : | DECEMBER 19, 2005 |

## JOINT TRIAL MEMORANDUM

Pursuant to the Court's Final Pre-Trial Order of August 4, 2005, the defendant, Town of Sherman, hereby submits the following Trial Memorandum.  The defendant has made diligent efforts to coordinate a Joint Trial Memorandum with the plaintiff.  On December 15, 2005, counsel for the plaintiff moved for an extension of time of one week within which to file the instant Joint Trial Memorandum.  Upon inquiry by the defendant on this date, the Court advised that the motion had not yet been ruled upon, and further that the Memorandum should be deemed due today as scheduled unless advised otherwise.  Out of an abundance of caution, the defendant hereby submits its compliance with the Final Pre-Trial Order.

1. **TRIAL COUNSEL:**

   For the Plaintiff:  Richard Bieder, Esquire
   Cynthia C. Bott, Esquire
   Koskoff, Koskoff & Bieder
   350 Fairfield Avenue
   Bridgeport, CT  06604
   Ph:  (203) 336-4421

   For the Defendant:  Thomas R. Gerarde
   Beatrice S. Jordan
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   Ph:  (860) 249-1361

   Jesse J. Graham II, Esquire
   Rivkin Radler LLP
   926 EAB Plaza
   Uniondale, New York 11556-0926
   Ph:  (516) 357-3096
   Ph:  (212) 455-9561

2. **JURISDICTION:**

   The Court has jurisdiction over this matter pursuant to the provisions of Title 28 U.S.C. §§1441(b), in that the complete diversity exists between the parties as the plaintiff is a resident of New York and the defendant is a Connecticut municipality.

3. **JURY/NON-JURY:**

   This matter is to be tried to a jury.

4. **LENGTH OF TRIAL:**

   The parties estimate that the trial of this matter will take eight (8) days.

The plaintiff estimates that his presentation (including cross-examination of its witnesses) will take four (4) days.

The defendant estimates that their presentation (including cross-examination of its witnesses) will take four (4) days.

5. **FURTHER PROCEEDINGS:**

The parties do not anticipate any further proceedings in this matter prior to trial.

6. **NATURE OF CASE:**

   A. **Parties and Claims Alleged in the Complaint**

The plaintiff, Stephen Bernstein, has brought this action for injuries he allegedly sustained as the result of a bicycle accident upon what he claims was a defective roadway in the Town of Sherman.  Specifically, the plaintiff alleges that on April 14, 2002 at approximately 11:30 a.m., he was operating his bicycle in a northerly direction on Church Road, approximately 1.7 miles north of Route 39 in Sherman, Connecticut. The plaintiff further alleges that, at said time and place, his bicycle came into contact with a "defective, broken, uneven roadway surface" causing his bicycle to go out of control and throw him to the ground, causing the injuries sustained. The plaintiff alleges that the portion of the roadway upon which he sustained his injury lies within the Town of Sherman, and that the Town of Sherman was the party bound to keep that area of the roadway in repair.

### B. Claims That Will be Pursued at Trial

<u>Claims which have been dismissed</u>:

February 7, 2005, JCH Ruling on Motion for Summary Judgment [Dkt. No. 38], Count II of Amended Complaint (loss of consortium by plaintiff Phyllis Bernstein) dismissed.

### C. Defenses That Will be Pursued at Trial

The following are not affirmative defenses, but rather, part of the defendant's general denial of certain elements of the plaintiff's burden of proof. The defendants will demonstrate that:

1. The Town of Sherman was not the party bound to keep the roadway in repair where the plaintiff claims to have fallen as set forth in his complaint and statutory notice;

2. Church Road was not defective as claimed, and was not defective up to the New Milford town line based upon expert witness testimony that cracks and/or lines in the pavement do not constitute defects in the roadway;

3. There is no evidence that the Town of Sherman had actual notice of the defect complained of, any problems with the roadway, or how long the conditions complained of had been present;

4.      The plaintiff cannot satisfy the statutory notice requirement as notice must be of the very defect which occasioned the injury, and the plaintiff admittedly cannot identify the nature of the defect which allegedly caused his injury;

5.      There is no evidence of any condition on the roadway which would have caused a bicycle tire to come to a complete stop as claimed by the plaintiff;

6.      The plaintiff cannot establish sole proximate cause as any negligence by plaintiff or third party defeats claim. Thus, the defendant is not liable if: (a) the plaintiff was negligent in the operation of his bicycle, and such negligence contributed to the accident; (b) Brooks Country Cycling Tours was negligent in the leading and directing of the tour, and the treatment of the plaintiff, and such negligence contributed to the accident; (c) Matthew Speier traveled too closely to plaintiff, thereby prohibiting him from avoiding the condition, forcing him to move over towards the condition, or stay in the center of the roadway, and such negligence contributed to the accident; or (d) if the condition of the roadway within the Town of New Milford's boundaries was a substantial contributing factor to the accident; and

7.      The amount of the plaintiff's claimed damages is excessive.

**D.     Defendant's Statement of the Case**

The plaintiff, Stephen Bernstein has brought this action pursuant to Connecticut General Statutes §13a-149 for injuries he sustained as the result of a bicycle accident. The plaintiff alleges that on April 14, 2002, at approximately 11:30 a.m., he was

operating his bicycle in a northerly direction on Church Road, approximately 1.7 miles north of Route 39N, when his bicycle came into contact with a "defective, broken, uneven roadway surface" causing his bicycle to go out of control and throw him to the ground, and causing the injuries sustained. The plaintiff alleges that the portion of the roadway upon which he sustained his injury lies within the Town of Sherman. The Town of Sherman denies that the portion of the roadway upon which the plaintiff claims to have sustained his injuries lies within the boundaries of the Town of Sherman, or that the Town of Sherman was the party bound to keep that area of the roadway in repair. The Town of Sherman further denies that the portion of Church Road within its boundaries was defective as claimed by the plaintiff.

**7.    TRIAL BY MAGISTRATE JUDGE:**

The parties do not consent to a trial by magistrate judge.

**8.    DEFENDANT'S LIST OF WITNESSES:**

Fact witnesses who will be called to testify at trial

1.    **Stephen Bernstein**, 565 Clubhouse Road, Woodmere, NY 11598. Plaintiff Stephen Bernstein is expected to testify as to the events of April 14, 2002. Stephen Bernstein is further expected to testify as to his claimed damages.

2.    **Phyllis Bernstein**, 565 Clubhouse Road, Woodmere, NY 11598. Phyllis Bernstein is the plaintiff's wife, and is expected to testify as to the events of April 14,

2002. Phyllis Bernstein is further expected to testify as to the plaintiff's claimed damages.

3.  **Debra Bernstein**, 9 Greyrock Terrace, Irvington, NY 10533. Debra Bernstein is a fact witness and the plaintiff's daughter-in-law. Debra Bernstein is expected to testify as to the events of April 14, 2002. Debra Bernstein is further expected to testify as to her conversation with plaintiff Stephen Bernstein regarding the accident occurrence on April 14, 2002.

4.  **Jerry Brooks**, Brooks Country Cycling Tours, 95 West 95th Street, Apt. 27A, New York, NY 10025. Jerry Brooks is a fact witness and the director of Brooks Country Cycling Tours. Mr. Brooks is expected to testify as to his experience in providing guided bicycle tours, and the tour booked by Debra Bernstein in which plaintiff Stephen Bernstein was participating in on April 14, 2002. Mr. Brooks is further expected to testify as to the procedures for his guided tours, the safety talk to the persons participating in the same, and the roles and responsibilities of Brooks Country Cycling Tours personnel. Mr. Brooks is also expected to testify as to the events of April 14, 2002, including the nature of the route traveled by the plaintiff, as well as his observations and opinions regarding the condition of Church Road.

5.  **Matthew Speier**, 241 W 108th Street, New York, NY 10025. Matthew Speier is a fact witness and the Brooks Country Cycling Tour employee who assisted in the April 14, 2002 bicycle tour. Mr. Speier is expected to testify as to his experience

in providing guided bicycle tours, and the tour booked by Debra Bernstein in which plaintiff Stephen Bernstein was participating in on April 14, 2002. Mr. Speier is further expected to testify as to the events of April 14, 2002, including his observations as to the accident occurrence. Mr. Speier is also expected to testify as to the nature of the route traveled by the plaintiff, as well as his observations and opinions regarding the condition of Church Road.

  6.  **Donald Borkowski**, 7 Crooked Furrow, Sherman, CT 06784. Donald Borkowski is a fact witness and the Town of Sherman Highway Supervisor. Mr. Borkowski is expected to testify as to the boundary line between the Town of New Milford and the Town of Sherman, as one travels along Church Road from Sherman into New Milford. Mr. Borkowski is further expected to testify as to Sherman's maintenance policies, including its maintenance of that portion of Church roads within its boundaries. Finally, Mr. Borkowski is further expected to testify that the Town of New Milford is that party bound to maintain and repair that portion of Church Road upon which the plaintiff claims to have fallen.

  7.  **Peter Hackett**, New Milford Public Works Department, 10 Main Street, New Milford, CT 06776. Peter Hackett is a fact witness, and the Public Works Director for the Town of New Milford. Mr. Hackett is expected to testify as to the boundary line between the Town of New Milford and the Town of Sherman, as one travels along Church Road from New Milford into Sherman. Mr. Hackett is further expected to

testify that the Town of New Milford is that party bound to maintain and repair that portion of Church Road upon which the plaintiff claims to have fallen.

8. **Richard McGoldrick**, 107 Church Road, Sherman, CT 06784. Richard McGoldrick is a fact witness, and is expected to testify as to the events of April 14, 2002, including his observations of the plaintiff immediately following the incident occurrence. Mr. McGoldrick is further expected to testify as to the history of his property located adjacent to the accident location, as well as the boundary line between the Town of Sherman and the Town of New Milford.

9. **Matthew Heinz**, Sherman Ambulance, Sherman, CT 06784. Mr. Heinz is a fact witness and driver of the ambulance which responded to the call regarding the plaintiff's accident. Mr. Heinz is expected to testify as to his observations and treatment of the plaintiff on April 14, 2002 at the accident scene. Mr. Heinz is further expected to testify as to his observations of the accident scene, as well as the location of the plaintiff within the accident scene area.

10. **J. Welter**, Sherman Ambulance, Sherman, CT 06784. Mr. Welter is the technician of the ambulance which responded to the call regarding the plaintiff's accident. Mr. Welter is expected to testify as to his observations and treatment of the plaintiff on April 14, 2002 at the accident scene. Mr. Welter is further expected to testify as to his observations of the accident scene, as well as the location of the plaintiff within the accident scene area.

Expert Witnesses who will be called to testify at trial

1.  **John Serth**, 409 Moe Road, Clifton Park, NY 12065. John Serth, a professional engineer, has been disclosed as a liability expert for the plaintiff. The defendant expects to call John Serth as an expert who will testify as to the condition of Church Road leading up to the town line between Sherman and New Milford.

2.  **Matthew Speier**, 241 W 108th Street, New York, NY 10025. Matthew Speier has been disclosed as a non-retained defense liability expert witness. Mathew Speier is expected to testify as to bicycle safety procedures, and road conditions as they relate to bicycle safety, including the area of the subject incident. Mr. Speier is further expected to testify as to those conditions which may or may not constitute hazards to cyclists, as well as his opinions regarding the conditions existing on Church road in the area of the plaintiff's fall. Mr. Speier is further expected to testify as to Brooks Country Cycling Tour procedures for conducting guided tours, including safety talk/tips and bike check. Finally, Mr. Speier is expected to testify as to his assessment of the plaintiff's ability as a bicycle rider, as well as his observations of the plaintiff immediately preceding and at the time of the incident, including the plaintiff's speed of travel and control over the bicycle.

3.  **Joseph Pessalano**, Jordan Rehabilitation Services, 900 Merchants Concourse, Westbury, NY 11590. Mr. Pessalano is expected to testify as to the extent and cost of medical services required by the plaintiff, Stephen Bernstein. Mr.

Pessalano is further expected to provide rebuttal testimony in response to the opinions put forth by plaintiff's damages expert, Lawrence Forman.

<u>Other witnesses who may be called to testify at trial</u>

1.  **Michael Wood** – Campion Ambulance Service, Inc.  Mr. Wood is expected to testify as to his observations and treatment of the plaintiff on April 14, 2002 at the accident scene.

**9.  DEPOSITION TESTIMONY:**

The defendant does not anticipate testimony by deposition unless it is notified that such witness is unavailable.  In the event of such witness unavailability, the defendant will seek leave to obtain a trial deposition.

**10.  INTERROGATORIES/REQUESTS TO ADMIT:**

Plaintiff Stephen Bernstein's Responses to Defendant's First Set of Interrogatories and Requests for Production, dated June 4, 2003.  Specific portions to be offered into evidence: Interrogatory Nos. 52, 63, 64, 65, 67.

**11.  DEFENDANT'S EXHIBITS:**

1.  Aerial photo of accident scene
2.  Diagram of accident scene
3.  Photo layout of accident scene
4.  Photo marked as Defendant's Exhibit A at the deposition of Phyllis Bernstein on June 3, 2003

5. Photo marked as Defendant's Exhibit B at the deposition of Phyllis Bernstein on June 3, 2003

6. Photo marked as Defendant's Exhibit C at the deposition of Phyllis Bernstein on June 3, 2003 (and marked as Defendant's Exhibit 1-H at the deposition of John Serth on March 30, 2004)

7. Photo marked as Defendant's Exhibit D at the deposition of Phyllis Bernstein on June 3, 2003

8. Photo marked as Defendant's Exhibit E at the deposition of Phyllis Bernstein on June 3, 2003

9. Photo marked as Defendant's Exhibit F at the deposition of Phyllis Bernstein on June 3, 2003

10. Photo marked as Defendant's Exhibit G at the deposition of Phyllis Bernstein on June 3, 2003

11. Photo marked as Defendant's Exhibit H at the deposition of Phyllis Bernstein on June 3, 2003

12. Photo of incident scene marked as Defendants' Exhibit I at the deposition of Phyllis Bernstein on June 3, 2003

13. Photo of incident scene marked as Defendants' Exhibit J at the deposition of Phyllis Bernstein on June 3, 2003

14. Photo of incident scene marked as Exhibit 1 to Affidavit of Phyllis Bernstein, dated August 18, 2004, and appended to Plaintiff's Sur-Reply Brief in Support of Opposition to Motion for Summary Judgment

15. Photo of incident scene marked as Exhibit 2 to Affidavit of Phyllis Bernstein, dated August 18, 2004, and appended to Plaintiff's Sur-Reply Brief in Support of Opposition to Motion for Summary Judgment

16. Photo of incident scene marked as Exhibit 3 to Affidavit of Phyllis Bernstein, dated August 18, 2004, and appended to Plaintiff's Sur-Reply Brief in Support of Opposition to Motion for Summary Judgment

17. Photo marked as Plaintiff's Exhibit A at the deposition of Matthew Speier on November 12, 2003

18. Photo marked as Defendant's Exhibit 2 at the deposition of Gerald Brooks Deposition on October 20, 2003

19. Photo marked as Defendant's Exhibit 3 at the deposition of Gerald Brooks Deposition on October 20, 2003

20. Photo marked as Defendant's Exhibit 1-E at the deposition of John Serth on March 30, 2004

21. Photo marked as Defendant's Exhibit 1-F at the deposition of John Serth on March 30, 2004

22. Photo marked as Defendant's Exhibit 1-G at the deposition of John Serth on March 30, 2004 (and marked as Plaintiff's Exhibit 4 at the deposition of Donald Borkowski on July 17, 2003)

23. Photo marked as Defendant's Exhibit 1-I at the deposition of John Serth on March 30, 2004

24. Photo marked as Defendant's Exhibit 1-J at the deposition of John Serth on March 30, 2004

25. Photo taken by John Serth and appended as Exhibit 10 to plaintiff's Opposition to Motion for Summary Judgment

26. Photo depicting the bicycle operated by plaintiff Stephen Bernstein on the date of the incident

27. Plaintiff's §13a-149 Statutory Notice

28. April 2002 Sherman Highway Department Work Schedule

29. March 2002 Sherman Highway Department Work Schedule

30. February 2002 Sherman Highway Department Work Schedule

31. November 2001 Sherman Highway Department Work Schedule

32. October 2001 Sherman Highway Department Work Schedule

33. September 2001 Sherman Highway Department Work Schedule

34. July 2001 Sherman Highway Department Work Report

35. June 2001 Sherman Highway Department Work Schedule

36. May 2001 Sherman Highway Department Work Schedule

37. February 2001 Sherman Highway Department Work Schedule

38. January 2001 Sherman Highway Department Work Schedule

39. Brooks Country Cycling Tours 2002 Pamphlet

40. Brooks Country Cycling Tours Connecticut Countryside Day Trip Itinerary/Cue Sheet

41. Brooks Country Cycling Tours Connecticut Countryside Day Trip Map

42. Brooks Country Cycling Tours Waiver Agreement

43. Photograph of bicycle operated by plaintiff on April 14, 2002

44. Campion Ambulance Trip Run Report, dated April 14, 2002

45. Sherman Ambulance Call Report, dated April 14, 2002

46. Plaintiff's medical records re treatment at Danbury Hospital, dated April 14, 2002 to May 1, 2002

47. Plaintiff's medical records re treatment at Mt. Sinai Hospital, dated May 28, 2002

48. Certified weather Records re January 2002 through June 2002

      49.     U.S. Geological Survey Map

**12.** **ANTICIPATED EVIDENTIARY PROBLEMS:**

     See motions in limine addressed below.

**13.** **MOTIONS IN LIMINE:**

     The defendant anticipates filing the following motions in limine:

     1.     Motion in limine regarding certain testimony and evidence by plaintiff's expert, John Serth.

     2.     Motion in limine regarding the Survey Map appended as Exhibit 12 to the plaintiff's Opposition to the Motion for Summary Judgment.

     3.     Motion to Bifurcate.

**14.** **GLOSSARY:**

     Not applicable.

**15.** **TRIAL TO JURY:**

     **A.**     **Stipulation of Uncontroverted Facts**

     The parties stipulate to the following uncontroverted facts:

     1.     The Town of Sherman is a municipal corporation pursuant to the laws of the State of Connecticut.

     2.     On April 14, 2002, the plaintiff was a participant of a bicycle tour organized and guided by Brooks Country Cycling Tours.

**B.  Defendant's Statement of Contested Issues of Fact and Law**

1. Whether the Town of Sherman is the party bound to keep Church Road in the area of the plaintiff's fall in repair.

2. Whether Church Road is defective as claimed by the plaintiff.

3. Whether the plaintiff has provided the defendant with sufficient notice pursuant to Conn. Gen. Stat. §13a-149.

4. Whether the Town of Sherman had actual notice of the presence of the alleged defect claimed by the plaintiff.

5. Whether the Town of Sherman had constructive notice of the presence of the alleged defect claimed by the plaintiff.

6. Whether the Town of Sherman had any notice of the presence of any defect or hazard to bicyclists on Church Road.

7. Whether the plaintiff's own negligence contributed to and was a proximate cause of the accident.

8. Whether the negligence of Brooks Country Cycling Tours contributed to and was a proximate cause of the accident.

9. Whether the negligence of Mathew Speier contributed to and was a proximate cause of the accident.

10. Whether the condition of the subject roadway within the Town of New Milford's boundaries, including the area in which the plaintiff claims to have fallen, was a substantial contributing cause of the accident.

### C. Proposed Voir Dire Questions

See attached.

### D. Proposed Jury Instructions

See attached.

### E. Jury Interrogatories

See attached.

                                    DEFENDANT,
                                    TOWN OF SHERMAN


                                By____/s/_Beatrice S. Jordan____
                                  Beatrice S. Jordan
                                  ct22001
                                  Howd & Ludorf, LLC
                                  65 Wethersfield Avenue
                                  Hartford, CT  06114
                                  (860) 249-1361
                                  (860) 249-7665 (Fax)
                                  E-Mail:  bjordan@hl-law.com

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 19th day of December, 2005.

Richard Bieder, Esquire
Cynthia C. Bott, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT  06604

D. Randall DiBella
Cramer & Anderson, LLP
51 Main Street
New Milford, CT  06776

David P. Burke, Esquire
Cramer & Anderson, LLP
68 North Street
Danbury, CT  06810-5645

Jesse J. Graham II, Esquire
Rivkin Radler LLP
926 EAB Plaza
Uniondale, New York 11556-0926

                                                     /s/  Beatrice S. Jordan
                                               Beatrice S. Jordan