UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN, ET AL | : | NO.: 3:02 CV 1740 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF SHERMAN | : | DECEMBER 19, 2005 |

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

### **Statutory Cause Of Action**

The plaintiff's action against the Town of Sherman is not a negligence cause of action; rather, the plaintiff's claim is based upon the Town's alleged breach of its statutory duty to maintain its roadways. The defendant, Town's legal obligations, and the plaintiff's rights, if any, to recover money damages, are governed by Connecticut General Statutes §13a-149.

> *AUTHORITY:* Hall v. Burns, 213 Conn. 446, 460, 569 A.2d 10 (1990); Lukas v. New Haven, 184 Conn. 205, 212 (1981); Wenc v. City of New London, 235 Conn. 408, 409 (1995).

The liability, if any, of the defendant Town for the injuries sustained by the plaintiff is purely statutory. No right of action for such injuries exists at common law, and no cause of action arises against this defendant in a case such as this until the statute creating it has been complied with.

*AUTHORITY:*   Lukas v. New Haven, 184 Conn. 205, 212 (1981); Hillier v. East Hartford, 167 Conn. 100, 104 (1974).

## Highway Defect Statute

A municipality enjoys a large degree of immunity from liability for an act or a failure to act which, in the case of similar conduct on the part of an individual or the employees of a private corporation, would be a proper basis for recovery of damages by any person thereby injured.

*AUTHORITY:*   Wright & Ankerman, Connecticut Jury Instructions, (Fourth Edition) §365.

Regarding highways, the liability of a municipality whose duty it is to maintain them is fixed and controlled by a provision in the statutes which is as follows:  "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. "  This is a simple provision, but its application requires considerable explanation.

*AUTHORITY:* Conn. Gen. Stat. §13a-149.    Wright & Ankerman, Connecticut Jury Instructions, (Fourth Edition) §365.

## Statutory Notice

As a condition precedent to maintaining his action against the Town of Sherman under §13a-149, the plaintiff must have provided the Town with written notice which satisfies the statutory requirements within 90 days of the incident.  The statute requires that the plaintiff's notice contain the following five essential elements:  (1) written notice

of the injury; (2) a general description of that injury; (3) the cause of the injury; (4) the time of the injury; and (5) the place of the injury.  A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality.

> *AUTHORITY:*  Conn. Gen. Stat. §13a-149, as amended; <u>Salemme v. Seymour</u>, 262 Conn. 787, 793, 817 A.2d 636 (2003); <u>Martin v. Plainville</u>, 240 Conn. 105, 109, 689 A.2d 1125 (1997).

As applied to this case, that required the plaintiff, as his primary obligation, to give such notice as that described to the clerk of the Town of Sherman within the time specified, namely, within ninety days after the accident.  You will find appended to the complaint a copy of the notice which the plaintiff claims to have given to the defendant, Town of Sherman.

The purpose of the notice requirement is not to set a trap for the plaintiff, or to place an impediment in the way of his claim.  Rather, the purpose of the notice is to allow the Town to make a proper investigation into the circumstances surrounding the plaintiff's claim in order to protect its interest.  The notice requirement is not intended merely to alert the Town to the occurrence of an accident and resulting injury, but rather to permit the Town to gather information to protect itself, and to provide it with warning as would prompt it to make such inquiries as it might deem necessary or prudent for the preservation of its interests, and such information as would furnish it a reasonable guide in its conduct of such inquiries, and in obtaining such information as it might deem helpful in its protection.

> *AUTHORITY:*   Salemme v. Seymour, 262 Conn. 787, 793, 817 A.2d 636
> (2003); Martin v. Plainville, 240 Conn. 105, 112-13, 689 A.2d 1125
> (1997); Pratt v. Old Saybrook, 225 Conn. 177, 182, 621 A.2d 1322
> (1993).

Inaccurate notice, however, is not by itself fatal to the plaintiff's claim.  The

statute contains a savings clause that applies when the notice given by the plaintiff is

inaccurate.  The savings clause provides that:  no notice given under the statue shall

be held invalid or insufficient by reason of an inaccuracy in describing the injury or in

stating the time, place or cause of its occurrence, if it appears that there was no

intention to mislead or that the Town was not in fact misled.  The savings clause,

however, applies only where the information provided in the notice is inaccurate, not

where the information is entirely absent.

> *AUTHORITY:*   Salemme v. Seymour, 262 Conn. 787, 793-94, 817 A.2d
> 636 (2003); Martin v. Plainville, 240 Conn. 105, 109, 689 A.2d 1125
> (1997).

Now if you find that the notice did not conform to the requirements of the

statute, the plaintiff is not entitled to a verdict against the Town because, as I have

said, the giving of this notice is expressly made a condition precedent to the right of

action given by the statute.  If you find that an inaccuracy as to an element of the

statutory notice exists, you must determine whether the plaintiff intended to mislead

the Town in providing such notice, and whether or not the Town was in fact misled.

> *AUTHORITY:*   Salemme v. Seymour, 262 Conn. 787, 793-94, 817 A.2d
> 636 (2003); Martin v. Plainville, 240 Conn. 105, 109, 689 A.2d 1125

(1997); <u>Pratt v. Old Saybrook</u>, 225 Conn. 177, 180-81, 621 A.2d 1322 (1993); Wright & Ankerman, <u>Connecticut Jury Instructions</u>, (Fourth Edition) §375.

## Elements Of A Highway Defect Claim

To establish a highway defect claim under §13a-149, the plaintiffs must prove five things.  To recover for a breach of the statutory duty, the plaintiffs must prove, by a fair preponderance of the evidence, that:  (1) the Town of Sherman was the entity bound to keep the area of the roadway in question in reasonable repair; (2) that the highway was defective as claimed; (3) that the Town of Sherman actually knew of the particular defect or that, in the exercise of its supervision of highways in the Town, it should have known of the defect; (4) that the Town, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (5) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove that he or any other third-party, was free from contributing, even one percent, to his injuries.

> *AUTHORITY:*  Conn. Gen. Stat. §13a-149; <u>McIntosh v. Sullivan</u>, 274 Conn. 262, 268, 875 A.2d 599 (2005); <u>Ormsby v. Frankel</u>, 255 Conn. 670, 675-76, 768 A.2d 441 (2001); <u>Prato v. New Haven</u>, 246 Conn. 638, 642, 717 A.2d 1216 (1998); <u>Lukas v. New Haven</u>, 184 Conn. 205, 207 (1981).

I will now go over each of these elements in detail.

### First Element – Party Bound to Keep the Roadway in Repair

The party whom the plaintiffs are suing must be the 'party bound to keep the location where the injury was sustained in repair'.  The duty to maintain highways in a reasonably safe condition for the legitimate use of the traveling public is the responsibility of a municipality, unless it belongs to any particular person or persons in any particular case.  That is, the duty to maintain roadways in a reasonably safe condition, by statute, is specifically imposed upon the several towns in respect to highways and portions of highways within their limits, whose maintenance is not committed to other persons.  If, by particular statute, the duty to maintain a particular highway or a portion of the particular highway is specifically imposed upon some person or persons other than the Town, the Town cannot be liable for any resulting injuries caused by that portion of the highway.

> *AUTHORITY:*  Coughlin v. Waterbury, 61 Conn. App. 310, 314-15, 763 A.2d 1058 (2001); Novicki v. New Haven, 47 Conn. App. 734, 739, 709 A.2d 2 (1998); Amore v. Frankel, 228 Conn. 358, 366-67, 636 A.2d 786 (1994); Lavigne v. New Haven, 75 Conn. 693, 694-97 (1903).

Liability under the statute is triggered only as to the party responsible for the maintenance and repair of the defective road or bridge.  Ownership of the property does not establish liability under §13a-149.  Rather, it is the party bound to keep the roadway in repair on which the statute imposes liability.  The plaintiff, therefore, must

establish that the Town of Sherman had a duty to maintain and repair the roadway in the precise location of his fall.

> *AUTHORITY:*  Coughlin v. Waterbury, 61 Conn. App. 310, 314-15, 763
> A.2d 1058 (2001); Novicki v. New Haven, 47 Conn. App. 734, 742, 709
> A.2d 2 (1998).

If you determine that the Town of New Milford, by law, had the duty to maintain the precise portion of the highway where the plaintiff claims to have fallen rather than the defendant Town of Sherman, then I direct you to find in favor of the Town of Sherman.

> *AUTHORITY:*  Coughlin v. Waterbury, 61 Conn. App. 310, 314-15, 763
> A.2d 1058 (2001); Novicki v. New Haven, 47 Conn. App. 734, 739, 709
> A.2d 2 (1998); Amore v. Frankel, 228 Conn. 358, 366-67, 636 A.2d 786
> (1994); Lavigne v. New Haven, 75 Conn. 693, 694-97 (1903).

If you find that the defendant, Town of Sherman, had the statutory duty to maintain and repair the precise location of the roadway upon which the plaintiff claims to have fallen in a reasonable safe condition, then you must go on to determine if the plaintiff has proved the remaining elements of the Highway Defect Statute.

## Second Element – Defect in the Roadway

The next question for you to determine is:  Did the plaintiff suffer the injuries of which he complains by reason of the fact that the location of the plaintiff's fall was defective within the meaning of the statute?  What constitutes a defect that will render a municipality liable for injuries is difficult to determine, each case depending to a

considerable extent upon its own peculiar circumstances.  A highway (Church Road is a highway) is generally defective when it is not reasonably safe for public travel; that is to say, when its condition is such that it would be likely to cause injury to one traveling over it.  More specifically, a defect is any object in, upon, or near the traveled path of the roadway, which would necessarily obstruct or hinder one in the use of the road for purposes of traveling thereon, or which, from its nature and position, would be likely to produce that result.

> *AUTHORITY:*  McIntosh v. Sullivan, 274 Conn. 262, 268-69, 875 A.2d 599, 466 (2005); Sanzone v. Board of Police Commissioners, 219 Conn. 179, 202, 592 A.2d 912 (1991); Wright & Ankerman, Connecticut Jury Instructions, (Fourth Edition) §365; Older v. Old Lyme, 124 Conn. 283, 284, 199 A. 434 (1938).

Now, the Town of Sherman was not the insurer of the safety of those who traveled over its roadways; and it was not bound to maintain that portion of Church Road within its boundaries entirely safe for users of the roadway, or even to exercise reasonable care to do so.  The Town of Sherman was only bound to use reasonable care to make and keep its roadways in a reasonably safe condition for the reasonably prudent traveler.  A traveler upon a roadway may be injured through some defect in the highway, and the Town not be liable, for its liability only arises where it has failed in its duty to keep the roadway reasonably safe for public travel.

> *AUTHORITY:*  McIntosh v. Sullivan, 274 Conn. 262, 269, 875 A.2d 459, 466 (2005); Hall v. Burns, 213 Conn. 446, 462-63, 569 A.2d 10 (1990); Older v. Old Lyme, 124 Conn. 283, 284, 199 A. 434 (1938).

In passing upon this question of whether Church Road was reasonably safe for public travel, you may consider the defendant Town's workload in maintaining the roadways, sidewalks and other infrastructure within the Town, the number of miles of roadway under the Town's supervision, the number of employees and equipment of the Town.

    *AUTHORITY:*  <u>Hall v. Burns</u>, 213 Conn. 446, 472-475, 569 A.2d 10 (1990).

Evidence of the Town's workload is relevant to the issue of whether it has properly discharged its statutory duty.  The duty of "reasonable care" to be applied in this case in determining the conduct of the defendant is the care which the ordinary prudent person under the circumstances would exercise.

    *AUTHORITY:*  <u>Hall v. Burns</u>, 213 Conn. 446, 474-75, 569 A.2d 10 (1990).

In order to successfully bring his claim pursuant to §13a-149, the plaintiff must prove a specific defect.  Thus, the plaintiff must prove to you the existence of the very defect which he claims to have caused his injury.

    *AUTHORITY:*  <u>Ormsby v. Frankel</u>, 255 Conn. 670, 676, 768 A.2d 441 (2001); <u>White v. Westport</u>, 72 Conn. App. 169, 175, 804 A.2d 1011 (2002).

With respect to the specific defect which is the subject of this case, you should consider the location and condition of the defect in the roadway, the nature and size of the problem, and the extent of Church Road's use for bicycle travel; the thing for you

to decide is whether, in view of the duty of reasonable care which rests upon the Town of Sherman, as I have outlined to you, and the location and condition of the defect complained of in the roadway, whether the defect complained of constituted an unreasonably safe condition for bicyclists, under the circumstances. If it was reasonably safe, the case ends here and your verdict should be for the Town of Sherman.

> *AUTHORITY:*  Hall v. Burns, 213 Conn. 446, 474-75, 569 A.2d 10 (1990); Older v. Old Lyme, 124 Conn. 283, 284, 199 A. 434 (1938); see also, Wright & Ankerman, Connecticut Jury Instructions, (Fourth Edition) §§365, 366.

## Third Element – Notice of The Defect

An essential element of this statutory cause of action is proof that the municipality had notice of the alleged defect and the reasonable opportunity to remedy it. Because the Town of Sherman is not an insurer of the safety of travelers on its highways, its obligation under the statute to keep its highways safe from defects is a reactive obligation, not an anticipatory obligation. That is to say that the Town's obligations under the statute is to remedy a highway defect once it: (1) has actual notice of a specific defect; or (2) is deemed to have constructive notice of a specific defect.

> *AUTHORITY:*  McIntosh v. Sullivan, 274 Conn. 262, 269-70, 875 A.2d 459 (2005); Lukas v. New Haven, 184 Conn. 205, 207, 439 A.2d 949 (1981).

Streets within a municipality ordinarily cover many miles, and it would be unreasonable to charge it with a duty to remedy or safeguard every defect throughout their length; consequently, before a municipality can be held liable for injuries due to any particular defect in a highway, it must have had notice of its existence sufficiently long before the accident so that, in the exercise of reasonable care, it had an opportunity to remedy or safeguard against it.

> *AUTHORITY:*  Falkowski v. MacDonald.  116 Conn. 214, 243 (1933); Wright & Ankerman, Connecticut Jury Instructions, (Fourth Edition) §365(c).

A municipality may have had notice of the existence of the defect in either one of two ways, namely by way of actual notice of the very defect complained of, or by way of constructive notice.  If you find that there was some employee of the Town whose duty it was to represent the Town in caring for its streets, or someone who, as an officer or employee of the Town, was charged with the duty to inspect the streets or report defects in them, the knowledge of such a person is the knowledge of the Town.

> *AUTHORITY:*  Falkowski v. MacDonald.  116 Conn. 214, 243 (1933); see also, Wright & Ankerman, Connecticut Jury Instructions, (Fourth Edition) §§376, 377, 378.

Even if, however, no authority in the Town of Sherman charged with a duty to maintain its highways had knowledge of the particular defect involved in this case, either in fact or imputed to it because some officer or employee whose duty it was to inspect the streets or remedy defects in them knew of it, the Town may still be

chargeable with notice; the test is not whether a defect would have been disclosed by the examination of the particular street, but rather whether it would have been disclosed by a reasonable supervision of the streets of the Town as a whole; the question in such a case is not whether the condition was in fact dangerous, but "whether it has been there long enough and is so conspicuous that it would attract the attention of the Town of Sherman, in the exercise of a reasonable supervision of its streets."

> *AUTHORITY:*   Meallady v. New London, 116 Conn. 205, 209, 164 A. 391 (1933); Tirendi v. Waterbury, 128 Conn. 464, 468, 23 A.2d 919 (1942); Ritter v. Shelton, 105 Conn. 447, 450-51, 135 A. 535 (1927).

The notice which a municipality must receive as a condition precedent of liability for injuries received by a defective highway, must be notice of the very defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it.

> *AUTHORITY:*   Jainchill v. Schwartz, 116 Conn. 522, 525 (1933); Baker v. Ives, 162 Conn. 295, 305 (1972); Carlino v. Meriden, 132 Conn. 394, 395 (1945); Agriesto v. Fairfield, 130 Conn. 410, 417 (1943); Scoville v. West Hartford, 131 Conn. 239, 242 (1944); Pajor v. Wallingford, 47 Conn. App. 365 (1997).

It has long been recognized by our courts that notice of another defect, or the existence of a cause likely to produce the defect, is not sufficient to establish liability under the highway defect statute.  The obligation of the Town of Sherman does not extend to inspecting streets in order to prevent dangerous conditions, even when it is

reasonably likely that such conditions may occur.  Thus, conditions that are likely to produce a defect and the defect itself are distinguishable, and liability under the statute attaches only where the Town had notice of the defect itself.  The predictability of a future defect is insufficient to prove that the Town had notice of a defect.  In other words, the fact that water accumulated on Church Road in the past is insufficient to prove that the Town of Sherman had constructive notice about the specific condition, be it a pothole, rut or gravel, which the plaintiff claims to have caused his injuries on April 14, 2002.

> *AUTHORITY:*   McIntosh v. Sullivan, 274 Conn. 262, 270, 875 A.2d 459 (2005); Prato v. New Haven, 246 Conn. 638, 646, 717 A.2d 1216 (1998); Ormsby v. Frankel, 255 Conn. 670, 676-77, 768 A.2d 441 (2001); Scoville v. West Hartford, 131 Conn. 239, 242, 38 A.2d 681 (1944); Carl v. New Haven, 93 Conn. App. 622, 628 (1919).

If you find that the defect was a rut, pothole or gravel, in order to establish liability, the plaintiff must prove that the dangerous character of the specific condition was such that it existed for such a length of time that the Town of Sherman be charged with constructive notice of its existence, and that it had the reasonable opportunity to remedy it.  Thus, you must inquire as to whether the particular defect had existed long enough, and was so conspicuous that it would have attracted the attention of the Town in the exercise of a reasonable supervision of its streets.

> *AUTHORITY:*   Mausch v. Hartford, 184 Conn. 467, 470, 440 A.2d 157 (1981); Tirendi v. Waterbury, 128 Conn. 464, 468; 23 A.2d 919 (1942); see also, Carl v. New Haven, 93 Conn. 622, 628 (1919).

If the specific nature of the defect was such that its potential hazard or danger was not apparent, then the Town of Sherman cannot be charged with constructive notice, and your verdict must be for the defendant, Town of Sherman.

> *AUTHORITY:*  Meallady v. New London, 116 Conn. 205, 209, 164 A. 391 (1933); Tirendi v. Waterbury, 128 Conn. 464, 468-70, 23 A.2d 919 (1942); Ritter v. Shelton, 105 Conn. 447, 450-51, 135 A. 535 (1927).

In determining this issue, you may consider the testimony that not a single incident concerning a rut, pothole or gravel was ever reported to the Town of Sherman prior to the plaintiff's accident.

## Fourth Element – Sole Proximate Cause

In order for the city to be liable for the plaintiff's injuries, the Town must be found to be the sole proximate cause of the plaintiff's injury.  In other words, the plaintiff may not recover from the city unless he shows that there is no negligence, carelessness or inattention by himself that contributed to the injury.  That is to say that even if the road was defective, if there is any negligence by the plaintiff, even one percent, he may not recover against the Town of Sherman.

> *AUTHORITY:*  Smith v. New Haven, 258 Conn. 56, 64-65, 779 A.2d 104 (2001); Williams v. Commission of Transportation, 209 Conn. 310, 321, 551 A.2d 704 (1988).

You may consider the testimony in this case that the plaintiff was traveling downhill prior to the accident, and that his speed was too fast for conditions.  The law

states that the plaintiff was not entitled to assume that a roadway would be safe for

walking as on a sidewalk, nor should he have anticipated that every minute portion of

a road would be perfectly clear and without obstruction.

> *AUTHORITY:*  Older v. Old Lyme, 124 Conn. 283, 284-85, 199 A. 434
> (1938); Wright & Ankerman, Connecticut Jury Instructions, (Fourth
> Edition) §367 (citing Older v. Old Lyme, 124 Conn. 283, 284-85 (1938)).

If you find that the plaintiff was inattentive and not focused on where he was

traveling, and that this inattention contributed to his injury, he cannot recover from the

Town of Sherman.

> *AUTHORITY:*  Smith v. New Haven, 258 Conn. 56, 64-65, 779 A.2d 104
> (2001); Sanzone v. Board of Police Commissioners, 219 Conn. 179, 197,
> 592 A.2d 912 (1991); Williams v. Commission of Transportation, 209
> Conn. 310, 321, 551 A.2d 704 (1988).

The Town of Sherman must be 100% the cause of the plaintiff's injuries; there

can be no recovery from the plaintiff if the Town was not the sole proximate cause of

the plaintiff's injuries.

> *AUTHORITY:*  Smith v. New Haven, 258 Conn. 56, 64-65, 779 A.2d 104
> (2001); Williams v. Commission of Transportation, 209 Conn. 310, 321,
> 551 A.2d 704 (1988).

Likewise, if a third-person was careless or negligent, even one percent, and that

carelessness contributed in any way the plaintiff's injuries, the plaintiff is not entitled to

recover against the Town of Sherman.

*AUTHORITY:*   Smith v. New Haven, 258 Conn. 56, 64-65, 779 A.2d 104
(2001); Williams v. Commission of Transportation, 209 Conn. 310, 321,
551 A.2d 704 (1988).

You may consider the testimony in this case that Mathew Speier was operating

his bicycle too closely to Stephen Bernstein such that the plaintiff could not move to

avoid the alleged defective condition.  You may also consider the testimony that

Brooks Country Cycling Tours was responsible for leading the tour, as well as advising

as to any dangerous or hazardous condition to the cyclists participating in the tour, yet

they made no such warning regarding the area of the plaintiff's accident.  Finally, you

may consider whether the condition of the roadway within the boundaries of the Town

of New Milford was a substantial factor in causing the plaintiff's accident.  If any of

these events or other third-parties, contributed, in any way, to the plaintiff's injuries, the

plaintiff is not entitled to recover from the Town of Sherman, as the defect could not be

considered the sole cause of the plaintiff's injuries.

*AUTHORITY:*   Smith v. New Haven, 258 Conn. 56, 64-65, 779 A.2d 104
(2001); Williams v. Commission of Transportation, 209 Conn. 310, 321,
551 A.2d 704 (1988).

## Summary of Elements

To summarize – in this case, the plaintiff must prove to you by a fair

preponderance of the evidence of five required elements of his claim, if he is to

recover from the Town of Sherman, namely:

First:  The Town of Sherman is the person or entity bound to keep the area where the plaintiff fell in reasonable repair;

Second:  A defect in the highway, that is, by want of sufficient repair it is unfit for safe use as a highway, taking into consideration all of the elements as I have outlined them to you.

Third:  The Town of Sherman had notice of the defect;

Fourth:  A failure or neglect by the Town of Sherman to make such sufficient repair, involving the questions of reasonable notice and knowledge.

Fifth:  The Town of Sherman was the sole proximate cause of the plaintiff's injuries, in that the plaintiff or a third person was not careless or negligent, in any way, that may have contributed, even by one percent, to the cause of the plaintiff's injuries.

If you find that the plaintiff has satisfied you by the fair preponderance of the evidence of the truth of all five of these propositions, then your verdict should be for the plaintiff while, if you find that he has failed to prove any one of them, your verdict should be for the Town of Sherman.

*AUTHORITY:*  See Wright & Ankerman, Connecticut Jury Instructions, (Fourth Edition) §377.

**Damages**

You may not speculate or guess as to damages.  You must bear in mind at all times that the burden of proving damages is on the plaintiff.  The plaintiff must prove any claimed element of damage was a proximate cause or a result of the accident.

The plaintiff is entitled to recover only fair, just, and reasonable compensation. It is not proper for the jury, in considering the question of damages, to attempt to be generous or punitive rather than fair and reasonable.

*AUTHORITY:*  Rosa v. American Oil Company, 129 Conn. 585, 590, 30 A.2d 385 (1943).

**Sympathy**

Sympathy or pity must not enter into or affect your deliberations.  In this Court of Justice, a defendant is not liable to a plaintiff for damages or expenses just because the plaintiff has incurred injuries, damages or expenses.

Your decision cannot be swayed by any sympathy for the plaintiff, but must be based solely upon the facts you find to have been proven and upon the law as I give it to you.

*AUTHORITY:*  Lopes v. Connecticut Light & Power Co., 145 Conn. 313, 316, 142 A.2d 135 (1958); Mourison v. Hansen, 128 Conn. 62, 66, 20 A.2d 84 (1941); I Wright & Daly, Connecticut Jury Instructions, §312.

## Causal Connection Of Claimed Injury

The rule that the burden of proof is upon the plaintiff to satisfy you as to his injuries and his damage implies not merely that they must prove to you that he has injuries and damages, but also that he must prove to you that these injuries and damages were caused by this accident. If anything else is causing injuries and damages, if their condition as it is today is due to any other cause than this particular accident, you will dismiss such claims from your minds. When I say "cause" to you in this connection, I mean that there must be the same causal connection between the accident and their suffering as I explained to you earlier. In other words, you must find that the incident was a substantial factor in bringing about the injuries and damage. If, then, you are satisfied by a fair preponderance of the evidence that his pain, suffering, disability and the other elements of damage he claims were due to this accident, you will compensate him for them.

*AUTHORITY:* Mourison v. Hansen, 128 Conn. 62, 66 (1941). See generally 22 Am. Jur. 2d Damages §§473, et seq.

## Future Medicals

The plaintiff has asserted a claim for medical expenses that he will incur in the future that are related to injuries suffered in the accident. In order to recover an award for future medical expenses, the plaintiff must provide evidence that future treatment is reasonably probable, and provide a reasonable estimate of the cost of

that treatment.  The obvious purpose of this requirement is to prevent the jury from

awarding damages for future medical expenses based merely upon speculation or

conjecture.

      *AUTHORITY:*   <u>Calvi v. Agro</u>, 59 Conn. App. 732 (2000).

### <u>Loss Of Ability To Earn In The Future</u>

      The plaintiff claims that he has lost the ability to earn in the future as a result

of the accident and his claimed injuries.  Again, the burden is on the plaintiff to

prove that he has suffered a destruction of earning capacity as a result of the

accident.  You may not concern yourself with the possibilities in this regard.

Instead, you must find reasonable probability based upon the evidence presented.

The plaintiff's proof must establish a reasonable probability that his injuries brought

about the loss of earnings.  His proof must also afford a basis for your making a

reasonable estimate of the amount of such loss.  The evidence must be of such

certainty as the nature of the particular case may permit.  The plaintiff must lay a

foundation which will enable the trier to make a fair and reasonable estimate.

      *AUTHORITY:*   <u>Mazzucco v. Krall Coal and Oil Company</u>, 172 Conn. 335
      (1977); <u>Berndston v. Annino</u>, 177 Conn. 41, 47 (1979).

      In sum, the plaintiff cannot recover future lost earnings for the "mere

possibility" of making a profit.  The plaintiff must present sufficiently accurate and

complete evidence for the trier of fact to be able to estimate those profits with

certainty.

AUTHORITY:    Goldman v. Feinberg, 130 Conn. 671 (1944);  Beverly Hills
Concepts, Inc. v. Schatz, Schatz, Ribicoff & Kotkin, 247 Conn. 48 (1998).

DEFENDANT,
TOWN OF SHERMAN

By___ __/s/  Beatrice S. Jordan___ _
    Beatrice S. Jordan
    ct22001
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (Fax)
    E-Mail:  bjordan@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 19th day of December, 2005.


Richard Bieder, Esquire
Cynthia C. Bott, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT  06604

D. Randall DiBella
Cramer & Anderson, LLP
51 Main Street
New Milford, CT  06776

David P. Burke, Esquire
Cramer & Anderson, LLP
68 North Street
Danbury, CT  06810-5645

James M. Sconzo, Esquire
John Sterling, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103


_____/s/  Beatrice S. Jordan_ __
Beatrice S. Jordan