**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **STEPHEN BERNSTEIN** | : | **NO.:  3:02 CV 1740 (JCH)** |
| | : | |
| **v.** | : | |
| | : | |
| **TOWN OF SHERMAN** | : | **December 27, 2005** |

**JOINT TRIAL MEMORANDUM**

Pursuant to the Court's Final Pre-Trial Order of August 4, 2005, the parties submit their

Joint Trial Memorandum, incorporating additions to defendant's memorandum filed on

December 19, 2005, set forth in bold type, in sections 1, 4, 6D, 6C3, and 15 set forth in boldface

type, and plaintiff has made appropriate insertions in sections 6A, 8, 11, 13, and 15.

1.      **TRIAL COUNSEL**:

> **For the Plaintiff:    William M. Bloss**
> **Koskoff, Koskoff & Bieder P.C.**
> **350 Fairfield Ave.**
> **Bridgeport, CT. 06604**
> **(203) 336-4421**
>
> For the Defendant:    Thomas R. Gerarde
> Beatrice S. Jordan
> Howd & Ludorf, LLC
> 65 Wethersfield Avenue
> Hartford, CT  06114
> Ph:  (860) 249-1361

Jesse J. Graham II, Esquire
Rivkin Radler LLP
926 EAB Plaza
Uniondale, New York 11556-0926
Ph:  (516) 357-3096
Ph:  (212) 455-9561

**2.**     **JURISDICTION:**

The Court has jurisdiction over this matter pursuant to the provisions of Title 28 U.S.C.

§§ 1441(b), in that the complete diversity exists between the parties as the plaintiff is a resident

of New York and the defendant is a Connecticut municipality.

**3.**     **JURY/NON-JURY:**

This matter is to be tried to a jury.

**4.**     **LENGTH OF TRIAL:**

The parties estimate that the trial of this matter will take **9 (nine)** days.

The plaintiff estimates that his presentation (including cross-examination of its witnesses)

will take **5 (five)** days.

The defendant estimates that their presentation (including cross-examination of its

witnesses) will take 4 days.

**5.**     **FURTHER PROCEEDINGS:**

The parties do not anticipate any further proceedings in this matter prior to trial.

**6.**     **NATURE OF CASE:**

**A.**     **Parties and Claims Alleged in the Complaint:**

2

1.    **Parties: Stephen Bernstein and for Loss of Consortium, his wife Phyllis Bernstein, Plaintiffs; Town of Sherman, Defendant**

2.    **Operative allegations in the complaint that caused injury to Stephen Bernstein:**

"7.    The fall from the bicycle, injuries, and losses suffered by Stephen Bernstein were caused by the sole neglect, default and breach of statutory duty of the defendant, Town of Sherman in one or more of the following ways:

(a)    The condition of Church Road, as constructed, altered, and maintained by the Town of Sherman, was defective, in that it created an unsafe condition in the location where Stephen Bernstein was caused to fall.  As result of that defective condition, Stephen Bernstein fell from his bicycle, causing the injuries described below;

(b)    The Town of Sherman failed to provide warning to the public of the dangerous and defective condition of the roadway and, in particular, to bicyclists;

(c)    The Town of Sherman failed to properly maintain Church Road to prevent broken asphalt, loose asphalt, missing asphalt and gravel and other surface irregularities in the above-described location;

(d)    The Town of Sherman failed to properly maintain Church Road to prevent potholes, ruts, depressions and other surface irregularities in the above-described location;

(e)    The Town of Sherman failed to properly supervise its agents, servants or employees who were responsible for maintaining Church Road in the above-described location in a safe condition;

(f)    The Town of Sherman failed to properly train its agents, servants or employees in the proper maintenance of Church Road in Sherman, Connecticut in the above-described location;

(g)    The Town of Sherman failed to properly inspect Church Road in the above-described location or to have a proper plan for inspection of the road;

(h)    The Town of Sherman failed to take proper measures to repair Church Road in the above-described location in spite of being aware of the defective condition of the roadway;

(i)    The road and adjoining berm was designed, built, altered, and/or maintained in a manner which permitted water to accumulate on the roadway, thereby degrading the road surface and creating a defective condition on the roadway;  and

(j)    The plan of construction of Church Road in the area described above, as adopted by the Town of Sherman and/or its employees, agents, and servants, was totally inadequate, in that it created an unsafe condition in that area.

**B.    Claims That Will be Pursued at Trial**

All the above except subsections (f) and (j).

Claims which have been dismissed:

February 7, 2005, JCH Ruling on Motion for Summary Judgment [Dkt. No. 38], Count II

of Amended Complaint (loss of consortium by plaintiff Phyllis Bernstein) dismissed.

**C.    Defenses That Will be Pursued at Trial**

The following are not affirmative defenses, but rather, part of the defendant's general

denial of certain elements of the plaintiff's burden of proof.  The defendants will demonstrate

that:

1.    The Town of Sherman was not the party bound to keep the roadway in repair

where the plaintiff claims to have fallen as set forth in his complaint and statutory notice;

4

2.      Church Road was not defective as claimed, and was not defective up to the New Milford town line based upon expert witness testimony that cracks and/or lines in the pavement do not constitute defects in the roadway;

3.      **There is no evidence that Church Road was designed, built, constructed or altered in a defective manner as claimed.**

4.      There is no evidence that the Town of Sherman had actual notice of the defect complained of, any problems with the roadway, or how long the conditions complained of had been present;

5.      The plaintiff cannot satisfy the statutory notice requirement as notice must be of the very defect which occasioned the injury, and the plaintiff admittedly cannot identify the nature of the defect which allegedly caused his injury;

6.      There is no evidence of any condition on the roadway which would have caused a bicycle tire to come to a complete stop as claimed by the plaintiff;

7.      The plaintiff cannot establish sole proximate cause as any negligence by plaintiff or third party defeats claim.  Thus, the defendant is not liable if: (a) the plaintiff was negligent in the operation of his bicycle, and such negligence contributed to the accident; (b) Brooks Country Cycling Tours was negligent in the leading and directing of the tour, and the treatment of the plaintiff, and such negligence contributed to the accident; (c) Matthew Speier traveled too closely to plaintiff, thereby prohibiting him from avoiding the condition, forcing him to move over towards the condition, or stay in the center of the roadway, and such negligence contributed

to the accident; or (d) if the condition of the roadway within the Town of New Milford's boundaries was a substantial contributing factor to the accident; and

8.    The amount of the plaintiff's claimed damages is excessive.

**D.    Joint Statement of the Case**

The plaintiff, Stephen Bernstein has brought this action pursuant to Connecticut General Statutes §13a-149 for injuries he sustained as the result of a bicycle accident.  The plaintiff alleges that on April 14, 2002, at approximately 11:30 a.m., he was operating his bicycle in a northerly direction on Church Road, approximately 1.7 miles north of Route 39N, when his bicycle came into contact with a "defective, broken, uneven roadway surface" causing his bicycle to go out of control and throw him to the ground, and causing the injuries sustained.  The plaintiff alleges that the portion of the roadway upon which he sustained his injury lies within the Town of Sherman, **or that the Town of Sherman was the party bound to keep that area of the roadway in repair.**  The Town of Sherman denies that the portion of the roadway upon which the plaintiff claims to have sustained his injuries lies within the boundaries of the Town of Sherman, or that the Town of Sherman was the party bound to keep that area of the roadway in repair.  The Town of Sherman further denies that the portion of Church Road within it's boundaries was defective as claimed by the plaintiff.

**7.    <u>TRIAL BY MAGISTRATE JUDGE</u>:**

The parties do not consent to a trial by magistrate judge.

6

8.     **LIST OF WITNESSES:**

   A.     **Plaintiff's List of Witnesses**

   1.     **Stephen Bernstein**, 565 Clubhouse Road, Woodmere, NY 11598, is expected to testify as to the events of April 14, 2002.  Stephen Bernstein is further expected to testify as to his claimed damages.

   2,     **Phyllis Bernstein**, 565 Clubhouse Road, Woodmere, NY 11598.  Phyllis Bernstein is the plaintiff's wife, and is expected to testify as to the events of April 14, 2002.  Phyllis Bernstein is further expected to testify as to the plaintiff's claimed damages.

   3.     **David Borkowski** – Sherman Highway Department, by deposition or in person – about the location of the Sherman town line along Church Road; about the maintenance along Church Road done or not done by his department before April 14, 2002; about the Town of Sherman budgets and plans for repairs to Church Road; about traffic conditions along Church Road before and on April 14, 2002; equipment available to his department on and before April 14, 2003.

   4.     **Debra Bernstein**, 9 Greyrock Terrace, Irvington, NY 10533.  Debra Bernstein is a fact witness and the plaintiff's daughter-in-law.  Debra Bernstein is expected to testify as to the events of April 14, 2002 and damages.

   5.     **Jerry Brooks**, Brooks Country Cycling Tours, 95 West 95th Street, Apt. 27A, New York, NY 10025.  Jerry Brooks is a fact witness regarding events on April 14, 2002.

6.      **Matthew Speier -** 241 W 108th Street, New York, NY 10025.  Matthew Speier is a fact witness who assisted in the April 14, 2002 bicycle tour.  He is expected to testify as to the events of April 14, 2002, including his observations as to the accident occurrence.  Mr. Speier is also expected to testify as to his observations regarding the condition of Church Road.

7.      **Lorna Gray and Elaine Wynn –** home health aides to Mr. Bernstein regarding her care of him and the damages in the case.

8.      **Town Clerk for the Town of Sherman** – regarding survey maps on record in the Town Clerk's office, including map 1449.

9.      **Custodian of original records of Richard Dibble**, regarding Map 1449.

10.     **Tax Assessor, Town of Sherman** – regarding tax assessor maps and records for area of Church Road.

11.     **Tax Assessor, Town of New Milford** – regarding tax assessor maps and records for area of Church Road.

12.     **David Oelberg, M.D.** – regarding treatment and medical condition of plaintiff at Danbury Hospital.

13.     **Matthew Heinz** – Sherman Ambulance.  Expected to testify regarding observations when called upon to treat plaintiff.

14.     **J.R. Wieter** – Sherman Ambulance.  Expected to testify regarding observations when called upon to treat plaintiff.

8

15.    **Michael Wood** – Campion Ambulance.  Expected to testify regarding observations when called upon to treat plaintiff.

16.    **Javed Shahid, M.D.**  – regarding treatment and medical condition of plaintiff at Danbury Hospital.

17.    **Adam Stein, M.D.** – regarding treatment and medical condition of plaintiff at Mt. Sinai Hospital.

18.    **Ralph Iorio, M.D.** – regarding treatment and medical condition of plaintiff.

19.    **Melvin Young, M.D.** – regarding treatment and medical condition of plaintiff.

20.    **Greg DiPrima, M.D.** – regarding treatment and medical condition of plaintiff.[1]

**Plaintiff's retained expert witnesses**

1.    **John A. Serth, P.E.** – expected to testify regarding defects in roadway and causes.

2.    **Lawrence S. Forman** – expected to testify regarding future rehabilitation and medical care needs and associated expenses.

3.    **Gary Crakes, Ph. D.** – expected to testify regarding economic damages to the plaintiff.

B.    **Defendant's List of Witnesses**

Fact witnesses who will be called to testify at trial

---

[1] Plaintiff does not expect to call as witnesses each of these treating physicians, but lists each of them since their schedules and availability is unknown at this point.

1.      ***Stephen Bernstein***, 565 Clubhouse Road, Woodmere, NY 11598.  Plaintiff Stephen Bernstein is expected to testify as to the events of April 14, 2002.  Stephen Bernstein is further expected to testify as to his claimed damages.

2.      ***Phyllis Bernstein***, 565 Clubhouse Road, Woodmere, NY 11598.  Phyllis Bernstein is the plaintiff's wife, and is expected to testify as to the events of April 14, 2002.  Phyllis Bernstein is further expected to testify as to the plaintiff's claimed damages.

3.      ***Debra Bernstein***, 9 Greyrock Terrace, Irvington, NY 10533.  Debra Bernstein is a fact witness and the plaintiff's daughter-in-law.  Debra Bernstein is expected to testify as to the events of April 14, 2002.  Debra Bernstein is further expected to testify as to her conversation with plaintiff Stephen Bernstein regarding the accident occurrence on April 14, 2002.

4.      ***Jerry Brooks***, Brooks Country Cycling Tours, 95 West 95th Street, Apt. 27A, New York, NY 10025.  Jerry Brooks is a fact witness and the director of Brooks Country Cycling Tours.  Mr. Brooks is expected to testify as to his experience in providing guided bicycle tours, and the tour booked by Debra Bernstein in which plaintiff Stephen Bernstein was participating in on April 14, 2002.  Mr. Brooks is further expected to testify as to the procedures for his guided tours, the safety talk to the persons participating in the same, and the roles and responsibilities of Brooks Country Cycling Tours personnel.  Mr. Brooks is also expected to testify as to the events of April 14, 2002, including the nature of the route traveled by the plaintiff, as well as his observations and opinions regarding the condition of Church Road.

5.      *Matthew Speier*, 241 W 108th Street, New York, NY 10025.  Matthew Speier is a fact witness and the Brooks Country Cycling Tour employee who assisted in the April 14, 2002 bicycle tour.  Mr. Speier is expected to testify as to his experience in providing guided bicycle tours, and the tour booked by Debra Bernstein in which plaintiff Stephen Bernstein was participating in on April 14, 2002.  Mr. Speier is further expected to testify as to the events of April 14, 2002, including his observations as to the accident occurrence.  Mr. Speier is also expected to testify as to the nature of the route traveled by the plaintiff, as well as his observations and opinions regarding the condition of Church Road.

6.      *Donald Borkowski*, 7 Crooked Furrow, Sherman, CT 06784.  Donald Borkowski is a fact witness and the Town of Sherman Highway Supervisor.  Mr. Borkowski is expected to testify as to the boundary line between the Town of New Milford and the Town of Sherman, as one travels along Church Road from Sherman into New Milford.  Mr. Borkowski is further expected to testify as to Sherman's maintenance policies, including it's maintenance of that portion of Church roads within its boundaries.  Finally, Mr. Borkowski is further expected to testify that the Town of New Milford is that party bound to maintain and repair that portion of Church Road upon which the plaintiff claims to have fallen.

7.      *Peter Hackett*, New Milford Public Works Department, 10 Main Street, New Milford, CT 06776.  Peter Hackett is a fact witness, and the Public Works Director for the Town of New Milford.  Mr. Hackett is expected to testify as to the boundary line between the Town of New Milford and the Town of Sherman, as one travels along Church Road from New Milford

into Sherman.  Mr. Hackett is further expected to testify that the Town of New Milford is that party bound to maintain and repair that portion of Church Road upon which the plaintiff claims to have fallen.

8.      **Richard McGoldrick**, 107 Church Road, Sherman, CT 06784.  Richard McGoldrick is a fact witness, and is expected to testify as to the events of April 14, 2002, including his observations of the plaintiff immediately following the incident occurrence.  Mr. McGoldrick is further expected to testify as to the history of his property located adjacent to the accident location, as well as the boundary line between the Town of Sherman and the Town of New Milford.

9.      **Matthew Heinz**, Sherman Ambulance, Sherman, CT 06784.  Mr. Heinz is a fact witness and driver of the ambulance which responded to the call regarding the plaintiff's accident.  Mr. Heinz is expected to testify as to his observations and treatment of the plaintiff on April 14, 2002 at the accident scene.  Mr. Heinz is further expected to testify as to his observations of the accident scene, as well as the location of the plaintiff within the accident scene area.

10.      **J. Welter**, Sherman Ambulance, Sherman, CT 06784.  Mr. Welter is the technician of the ambulance which responded to the call regarding the plaintiff's accident.  Mr. Welter is expected to testify as to his observations and treatment of the plaintiff on April 14, 2002 at the accident scene.  Mr. Welter is further expected to testify as to his observations of the accident scene, as well as the location of the plaintiff within the accident scene area.

<u>Expert Witnesses who will be called to testify at trial</u>

1.      ***John Serth***, 409 Moe Road, Clifton Park, NY 12065.  John Serth, a professional engineer, has been disclosed as a liability expert for the plaintiff.  The defendant expects to call John Serth as an expert who will testify as to the condition of Church Road leading up to the town line between Sherman and New Milford.

2.      ***Matthew Speier***, 241 W 108th Street, New York, NY 10025.  Matthew Speier has been disclosed as a non-retained defense liability expert witness.  Mathew Speier is expected to testify as to bicycle safety procedures, and road conditions as they relate to bicycle safety, including the area of the subject incident.  Mr. Speier is further expected to testify as to those conditions which may or may not constitute hazards to cyclists, as well as his opinions regarding the conditions existing on Church road in the area of the plaintiff's fall.  Mr. Speier is further expected to testify as to Brooks Country Cycling Tour procedures for conducting guided tours, including safety talk/tips and bike check.  Finally, Mr. Speier is expected to testify as to his assessment of the plaintiff's ability as a bicycle rider, as well as his observations of the plaintiff immediately preceding and at the time of the incident, including the plaintiff's speed of travel and control over the bicycle.

3.      ***Joseph Pessalano***, Jordan Rehabilitation Services, 900 Merchants Concourse, Westbury, NY 11590.  Mr. Pessalano is expected to testify as to the extent and cost of medical services required by the plaintiff, Stephen Bernstein.  Mr. Pessalano is further expected to

provide rebuttal testimony in response to the opinions put forth by plaintiff's damages expert, Lawrence Forman.

      <u>Other witnesses who may be called to testify at trial</u>

      1.      ***Michael Wood*** – Campion Ambulance Service, Inc.  Mr. Wood is expected to testify as to his observations and treatment of the plaintiff on April 14, 2002 at the accident scene.

**9.**      <u>**DEPOSITION TESTIMONY**</u>**:**

      The parties do not at this time anticipate testimony by deposition unless they are notified that such witness is unavailable.  In the event of such witness unavailability, the parties may seek leave to obtain a trial deposition, but the parties reserve whatever rights they have to object to that procedure.

**10.**      <u>**INTERROGATORIES/REQUESTS TO ADMIT**</u>**:**

      Plaintiff Stephen Bernstein's Responses to Defendant's First Set of Interrogatories and Requests for Production, dated June 4, 2003.  Specific portions to be offered into evidence: Interrogatory Nos. 52, 63, 64, 65, 67.

**11.**      <u>**EXHIBITS**</u>**:**

      **A.**      **Plaintiff's Exhibits**

      1.      Statutory notice of claim July 1, 2002.

      2.      Campion Ambulance Service report April 14, 2002.

      3.      Sherman Ambulance Service report April 14, 2002.

4.      Survey map #1449, for Richard McGoldrick.

5.      Warranty deed, Richard McGoldrick to William J. and Phyllis McGoldrick, 2001.

6.      Tax assessor map of Church Road, Town of Sherman.

7.      Tax assessor map of Church Road, Town of New Milford.

8.      Six-year capital improvement plan July 1, 2000-2006, Town of Sherman.

9.      Five-year capital improvement plan, including 1999-2000 fiscal year.

10.     Five-year capital improvement plain amended April 4, 1997.

11.     Street map of Church Road

12.     Town of Sherman Highway Department monthly work schedule May 2001.

13.     Videotape of Church Road taken by John Serth, P.E.

14.     Photographs of Church Road.  (Will be separately offered as Exhibit 14A, 14B,

etc.).[2]

15.     Pamphlet and map provided by Brooks Country Cycling Tours

16.     Danbury Hospital records, 2002.

17.     Mt. Sinai Hospital records

18.     Franklin Hospital records, 2004

19.     St. Charles Rehabilitation Center records

---

[2] While all the photographs in this case have been produced to all counsel, they cannot be separately identified here because not all photographs that plaintiff seeks to use were marked as exhibits at a deposition.  Plaintiff will this week produce copies of the

20.     Richard Storm, M.D. records

21.     Melvin W. Young, M.D. records

22.     Ralph Iorio, M.D. records

23.     Doshi Diagnostic Imaging Services records 1/03-5/03

24.     Day in the life video of plaintiff

25.     Photographs of plaintiff and family pre-injury (will be separately offered as

Exhibit 25A, 25B, etc.)

26.     Income Tax returns for plaintiff.

27.     Resume of John Serth, P.E.

28.     Report of John Serth, P.E.

29.     Resume of Lawrence Forman

30.     Report of Lawrence Forman, Comprehensive Rehabilitation Consultants, Inc.

31.     Resume of Gary Crakes, Ph. D.

32.     Report of Gary Crakes, Ph. D. (appraisal of economic loss)

33.     U.S. Government Life Expectancy Table

**B.     Defendant's Exhibits**

101.    Aerial photo of accident scene

102.    Diagram of accident scene

---

specific photographs which he seeks to use so that defendant can raise objections,
although plaintiff does not anticipate any at this time.

103.    Photo layout of accident scene

104.    Photo marked as Defendant's Exhibit A at the deposition of Phyllis Bernstein on June 3, 2003

105.    Photo marked as Defendant's Exhibit B at the deposition of Phyllis Bernstein on June 3, 2003

106.    Photo marked as Defendant's Exhibit C at the deposition of Phyllis Bernstein on June 3, 2003 (and marked as Defendant's Exhibit 1-H at the deposition of John Serth on March 30, 2004)

107.    Photo marked as Defendant's Exhibit D at the deposition of Phyllis Bernstein on June 3, 2003

108.    Photo marked as Defendant's Exhibit E at the deposition of Phyllis Bernstein on June 3, 2003

109.    Photo marked as Defendant's Exhibit F at the deposition of Phyllis Bernstein on June 3, 2003

110.    Photo marked as Defendant's Exhibit G at the deposition of Phyllis Bernstein on June 3, 2003

111.    Photo marked as Defendant's Exhibit H at the deposition of Phyllis Bernstein on June 3, 2003

112.    Photo of incident scene marked as Defendants' Exhibit I at the deposition of Phyllis Bernstein on June 3, 2003

113.    Photo of incident scene marked as Defendants' Exhibit J at the deposition of Phyllis Bernstein on June 3, 2003

114.    Photo of incident scene marked as Exhibit 1 to Affidavit of Phyllis Bernstein, dated August 18, 2004, and appended to Plaintiff's Sur-Reply Brief in Support of Opposition to Motion for Summary Judgment

115. Photo of incident scene marked as Exhibit 2 to Affidavit of Phyllis Bernstein, dated August 18, 2004, and appended to Plaintiff's Sur-Reply Brief in Support of Opposition to Motion for Summary Judgment

116. Photo of incident scene marked as Exhibit 3 to Affidavit of Phyllis Bernstein, dated August 18, 2004, and appended to Plaintiff's Sur-Reply Brief in Support of Opposition to Motion for Summary Judgment

117. Photo marked as Plaintiff's Exhibit A at the deposition of Matthew Speier on November 12, 2003

118. Photo marked as Defendant's Exhibit 2 at the deposition of Gerald Brooks Deposition on October 20, 2003

119. Photo marked as Defendant's Exhibit 3 at the deposition of Gerald Brooks Deposition on October 20, 2003

120. Photo marked as Defendant's Exhibit 1-E at the deposition of John Serth on March 30, 2004

121. Photo marked as Defendant's Exhibit 1-F at the deposition of John Serth on March 30, 2004

122. Photo marked as Defendant's Exhibit 1-G at the deposition of John Serth on March 30, 2004 (and marked as Plaintiff's Exhibit 4 at the deposition of Donald Borkowski on July 17, 2003)

123. Photo marked as Defendant's Exhibit 1-I at the deposition of John Serth on March 30, 2004

124. Photo marked as Defendant's Exhibit 1-J at the deposition of John Serth on March 30, 2004

125. Photo taken by John Serth and appended as Exhibit 10 to plaintiff's Opposition to Motion for Summary Judgment

126. Photo depicting the bicycle operated by plaintiff Stephen Bernstein on the date of the incident

127.   Plaintiff's § 13a-149 Statutory Notice

128.   April 2002 Sherman Highway Department Work Schedule

129.   March 2002 Sherman Highway Department Work Schedule

130.   February 2002 Sherman Highway Department Work Schedule

131.   November 2001 Sherman Highway Department Work Schedule

132.   October 2001 Sherman Highway Department Work Schedule

133.   September 2001 Sherman Highway Department Work Schedule

134.   July 2001 Sherman Highway Department Work Report

135.   June 2001 Sherman Highway Department Work Schedule

136.   May 2001 Sherman Highway Department Work Schedule

137.   February 2001 Sherman Highway Department Work Schedule

138.   January 2001 Sherman Highway Department Work Schedule

139.   Brooks Country Cycling Tours 2002 Pamphlet

140.   Brooks Country Cycling Tours Connecticut Countryside Day Trip Itinerary/Cue Sheet

141.   Brooks Country Cycling Tours Connecticut Countryside Day Trip Map

142.   Brooks Country Cycling Tours Waiver Agreement

143.   Photograph of bicycle operated by plaintiff on April 14, 2002

144.   Campion Ambulance Trip Run Report, dated April 14, 2002

145.   Sherman Ambulance Call Report, dated April 14, 2002

146.  Plaintiff's medical records re treatment at Danbury Hospital, dated April 14, 2002 to May 1, 2002

147.  Plaintiff's medical records re treatment at Mt. Sinai Hospital, dated May 28, 2002

148.  Certified weather Records re January 2002 through June 2002

149.  U.S. Geological Survey Map

## 12.  **ANTICIPATED EVIDENTIARY PROBLEMS:**

None anticipated at this time, apart from the issues raised within the motions in limine identified below.

## 13. **MOTIONS IN LIMINE:**

The plaintiff anticipates filing the following motions in limine:

1.  Motion *in limine* regarding Defendant's Exhibit 142, waiver as to Brooks Country Cycling Tours.

The defendant anticipates filing the following motions in limine:

1.  Motion in limine regarding certain testimony and evidence by plaintiff's expert, John Serth.

2.  Motion in limine regarding the Survey Map appended as Exhibit 12 to the plaintiff's Opposition to the Motion for Summary Judgment.

3.  Motion to Bifurcate.

## 14.  **GLOSSARY:**

Not applicable.

15.     <u>**TRIAL TO JURY**</u>**:**

    A.     **Stipulation of Uncontroverted Facts**

The parties stipulate to the following uncontroverted facts:

    1.     The Town of Sherman is a municipal corporation pursuant to the laws of the State of Connecticut.

    2.     On April 14, 2002, the plaintiff was a participant of a bicycle tour organized and guided by Brooks Country Cycling Tours.

    B.     **Statement of Contested Issues of Fact and Law**

<u>Plaintiff's Statement of Contested Issues of Fact and Law</u>

    1.     Whether the Town of Sherman is the party bound to keep Church Road in the area of the plaintiff's fall in repair either by its location or by its assumption of that obligation.

    2.     Whether Church Road was defective as claimed by the plaintiff.

    3.     Whether the plaintiff has provided the defendant with sufficient notice pursuant to Conn. Gen. Stat. § 13a-149.

    4.     Whether the Town of Sherman had actual notice of the presence of the defect claimed by the plaintiff.

    5.     Whether the Town of Sherman had constructive notice of the presence of the defect claimed by the plaintiff.

    6.     Whether the defective roadway was the proximate cause of the accident.

    7.     Whether the plaintiff's actions were a proximate cause of the accident.

8.      Whether the actions of Brooks Country Cycling Tours were a proximate cause of the accident.

9.      Whether the actions of Matthew Speier were a proximate cause of the accident.

Defendant's Statement of Contested Issues of Fact and Law

1.      Whether the Town of Sherman is the party bound to keep Church Road in the area of the plaintiff's fall in repair.

2.      Whether Church Road is defective as claimed by the plaintiff.

3.      **Whether Church Road was designed, built, constructed or altered in a defective manner as claimed.**

4.      Whether the plaintiff has provided the defendant with sufficient notice pursuant to Conn. Gen. Stat. § 13a-149.

5.      Whether the Town of Sherman had actual notice of the presence of the alleged defect claimed by the plaintiff.

6.      Whether the Town of Sherman had constructive notice of the presence of the alleged defect claimed by the plaintiff.

7.      Whether the Town of Sherman had any notice of the presence of any defect or hazard to bicyclists on Church Road.

8.      Whether the plaintiff's own negligence contributed to and was a proximate cause of the accident.

9.      Whether the negligence of Brooks Country Cycling Tours contributed to and was a proximate cause of the accident.

10.     Whether the negligence of Mathew Speier contributed to and was a proximate cause of the accident.

11.     Whether the condition of the subject roadway within the Town of New Milford's boundaries, including the area in which the plaintiff claims to have fallen, was a substantial contributing cause of the accident.

**C.      Proposed Voir Dire Questions**

See attached.

**D.      Proposed Jury Instructions**

See attached.

**E.      Jury Interrogatories**

See attached.

THE PLAINTIFFS


By_____
      William M. Bloss
      Federal Bar No. ct01008
      Koskoff Koskoff & Bieder
      350 Fairfield Avenue
      Bridgeport, Connecticut 06604
      Tel:  203-336-4421
      FAX:  203-368-3244
      Email: bbloss@koskoff.com

**<u>CERTIFICATION</u>**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 27th day of December 2005, to all counsel and pro se parties of record, as follows:

Thomas R. Gerarde, Esq.
Attorney Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114

Jesse J. Graham, II, Esq.
Rivkin Radler LLP
EAB Plaza
Uniondale, N.Y. 11556-0926

                                _____

                                William M. Bloss

24