UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN | : | NO.: 3:02 CV 1740 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF SHERMAN | : | December 27, 2005 |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
### RE: WAIVER DOCUMENT

Plaintiff submits this memorandum in support of his motion in limine that the Court bar defendant from offering into evidence and from seeking testimony about a document signed by plaintiff purportedly waiving claims by plaintiff against Brooks Country Cycling Tours. The document and related evidence would be irrelevant to any contested issue in the case, or would be unduly prejudicial even if it had some marginal relevance.

This case involves a claim arising from the tragic injuries sustained by Stephen Bernstein on April 14, 2002, on Church Road in the Town of Sherman. At the time of the accident, Stephen and Phyllis Bernstein were participating in a bicycle tour that traveled through the Connecticut countryside organized by Brooks Country Cycling Tours, a New York company. As he traveled on Church Road, Bernstein saw that the road ahead was deteriorated. The road surface was rutted with potholes and gravel, and eventually led to his fall and serious injuries, including quadriplegia. The only claim at issue in this case is whether plaintiff can recover under the defective highway statute, Conn. Gen. Stat. § 13a-149.

The town has notified plaintiff that it intends to offer into evidence a document prepared by Brooks Country Cycling Tours and signed by Bernstein on the day of the accident, listed as proposed exhibit 42.  The document purports to release Brooks Country Cycling from liability from "the normal, expected and commonly understood risks of bicycle riding and touring" (copy attached), although that phrase is not further defined.  The document and related testimony would be irrelevant.

First, Brooks Country Cycling Tours ("Brooks") is not a party to this case.  While it may be the town's intention to try to establish that Brooks was in some degree negligent – since under existing law the highway's defect can lead to liability only if it was the sole proximate cause of the accident – this document does not further that analysis in any way.  If defendant can establish that Brooks did something that it should not have, or failed to do something that it should have, then presumably it should offer that evidence.  The waiver, however, has nothing to do with either.

Second, if the town seeks to offer the document to show why plaintiff did not seek to file a claim against Brooks here, then the argument is legally precluded.  A waiver is ineffective as a matter of law from relieving Brooks of its own negligence (putting aside the issue of the ambiguous and unclear language of this waiver, referring to "commonly understood" risks of cycling).  <u>Hanks v. Powder Ridge Restaurant Corp.</u>, 276 Conn. 314, 885 A.2d 734 (2005).

For the foregoing reasons, and for such other reasons as are apparent upon a review of defendant's argument in favor of offering the exhibit, if any, the motion in limine should be granted.

THE PLAINTIFF

By_____
William M. Bloss
Federal Bar No. ct01008
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Tel:  203-336-4421
FAX:  203-368-3244
Email: bbloss@koskoff.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 27th day of December 2005, to all counsel and pro se parties of record, as follows:

Thomas R. Gerarde, Esq.
Attorney Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114

Jesse J. Graham, II, Esq.
Rivkin Radler LLP
EAB Plaza
Uniondale, N.Y. 11556-0926

                                                                                                              _____
                                                                                                               William M. Bloss