**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

———————————————————— )
STEPHEN BERNSTEIN and PHYLLIS )
BERNSTEIN ) **CIVIL ACTION NO.**
) **3:02 CV 1740 (JCH)**
VS. )
)
TOWN OF SHERMAN ) **January 3, 2006**
———————————————————— )

<u>**PLAINTIFF'S INITIAL REQUESTS TO CHARGE**</u>

Plaintiff hereby files his initial requests to charge in this case.

THE PLAINTIFF

By ————————————————————
William M. Bloss
Federal Bar NO. ct01008
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Tel:  203-336-4421
FAX:  203-368-3244
Email: bbloss@koskoff.com

**FUNCTIONS**

Ladies and gentlemen, I want you to understand that you as the jury and I as the judge have two very different functions in this trial.  It is my duty to explain to you the law that you must apply to the case.  It is your duty to determine the facts based on the evidence which has been presented to you during the trial.

First, let me discuss my duty to explain the law.  If what I state to be the law differs from claims of law which were made by counsel during the case in the course of argument or from what your idea of what the law is or what you think the law should be, you must nonetheless take the law from me.  If jurors were to go off on his own idea of what they thought the law was, or what they thought the law should be, the law would become meaningless and we would never get a verdict in any case because every juror would be going in a different direction.  Also, at stake is the right of the parties to appeal.  If I am wrong in explaining the law, the parties can appeal because the court reporter is recording what I say.  My error can be corrected.  If you disregard my instructions concerning the law, nobody will ever know why or how the case was decided.  If you do not follow the law as I explain it, the parties will never know and will be unable to appeal your mistake.

The facts, however, are strictly within your province; it is your duty to determine what the facts are:  yours and yours alone.  In other words, you must sort out the testimony, the evidence, the exhibits, and make a determination as to what happened.  You then apply your

2

determination of the facts to the law as I give it to you.  That is how you arrive at your verdict.

If I comment on the facts as I go through my charge, by doing that I don't mean to imply that some facts are more important than others, or that I feel that some facts were proved and others were not.  The only reason I will comment on the facts at all, and I am going to keep that to the bare minimum, is to illustrate points of law or to explain issues to you.

Keep in mind that the determination of the facts is yours and entirely yours, not mine.  My assessment of what the facts may be or what facts are important is really of no consequence.  It is your determination of what the facts are and of what facts are important that counts.  So if I do make mention of a piece of evidence and in your recollection it differs or disagrees with mine, it is your recollection that counts, not mine.

The same thing goes for argument of counsel.  During argument counsel mentioned the facts; they all mentioned the facts at one point or another.  Again, you are certainly entitled to listen and they are entitled to mention the facts.  It is your recollection of the facts that determines what the facts are that counts, not the recollection of counsel.  I give you the law.  You must take the law from me.  The facts, however, are strictly yours.

**BURDEN OF PROOF**

You have heard me mention the term "burden of proof."  I will now explain to you what that means.  The plaintiff must prove the material allegations of her case by a fair preponderance of the evidence.  The defendants must prove his special defenses by a fair preponderance of the evidence.

A "fair preponderance of the evidence" is different than the proof "beyond a reasonable doubt" which you may have heard about in a criminal case.  A fair preponderance of the evidence means the better evidence.  This is the evidence having the greater weight, the more convincing force in your mind.  It does not depend on the number of witnesses, but rather upon the quality or character of the evidence.

The better evidence in a case may come from only one witness as against the testimony of a number of witnesses.  The better evidence is evidence which in your sound judgment is more credible or more reasonable.

If it happens that the evidence as to any fact or issue is evenly balanced, there would be no fair preponderance of the evidence as to that fact or issue, and you would not find it to have been proven.

The best example is the scales of justice.  Before the evidence on a particular fact is presented, we can imagine that the scales of justice are perfectly in balance.  As the evidence is presented, the scales tilt either toward the plaintiff or against the plaintiff.  If, after hearing all

4

the evidence concerning a particular fact, the weight of the evidence tips the scales even slightly in the plaintiff's favor, then the plaintiff have proven the fact by a fair preponderance of the evidence. <u>Connecticut Jury Instructions</u>, Wright and Ankerman, section 311.

The plaintiff is not required to prove a fact to an absolute certainty. The plaintiff is not required to prove a fact beyond a reasonable doubt. Rather the plaintiff must prove her case by only a preponderance of the evidence. The plaintiff must merely prove that a fact is more likely to be true than not.

There is no magic formula for you to use in evaluating the evidence. You bring with you to this courtroom the experience and background of your everyday life. You should use your common sense and your knowledge of human nature in evaluating the evidence. Keep in mind that you are not allowed to speculate on facts which were not placed in evidence before you. You must base your decision on the facts which are proven by a fair preponderance of the evidence, rather than on what you speculate to be the facts.

<u>Cruz v. Drezek</u>, 175 Conn. 230 (1978);

<u>Darrow v. Fleischner</u>, 117 Conn. 518, 520 (1933).

**CREDIBILITY OF WITNESSES**

The credibility of witnesses and the weight to be given to his testimony are matters which are for you to determine.

One of the things which you must do is to pass upon the credibility of the various witnesses who have appeared before you.  You may consider the appearance which the witness made when he or she was on the stand.  Did the witness appear to be telling the truth?  Did the witness appear to be honest?  Did the witness appear to be a person who could have observed accurately what he or she described to you; who would be likely to have remembered it accurately; and who was capable of reporting it to you accurately?

Another question for you to have in mind concerning each witness is whether the story the witness has told you is plausible.  Does it ring true, or are there inconsistencies in it?  How does it fit in with other evidence in the case which you believe and other facts you find to have existed?  Is it consistent with that evidence and those facts?

You may well ask yourselves, in passing on the credibility of any witness, whether that witness has any bias or prejudice either for or against any party to the action, and if so, whether that bias or prejudice has colored the testimony of the witness.  Of course, it does not follow simply from the fact that a witness does have a bias, prejudice, or interest in the outcome of the case that the witness's testimony is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case might be, would not testify falsely.

Each witness must first stand or fall upon his or his own testimony.  The testimony of the witness may be uncontradicted and the testimony may not even be adversely affected by any other evidence yet, you need not necessarily believe the testimony.  On the other hand, you may accept testimony which is in conflict with that of another witness, if that is your judgment.  You are at liberty to discredit any witness or a multitude of witnesses, if you believe you have reason to do so.

And again, one of your important functions is to determine the relative credit to be given to evidence.  The jury's right to take into account its observations of the demeanor of a witness is limited to the observation of the genuine and spontaneous reactions by the witness in the courtroom.  However, you are not required to disregard all the evidence of a discredited witness.  You may do so, however, if you find the witness to be unworthy of belief in all respects.  You are the sole arbitrator of what testimony is to be believed and what testimony is to be rejected.  And this includes the right to believe part of the testimony of a witness and reject the remainder.

You may properly apply to the testing of the testimony of any witness your own knowledge of human nature and of the motives which influence and control human action.  You have the right to bring to bear upon testimony in court the same tests of veracity which would be used in the every day affairs of life.  You are at liberty, within your own sound judgment, to choose what testimony you will believe and to discard in whole or in part the

testimony of any others.

Wright and Ankerman, sections 640-641.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

I should also say something to you about circumstantial evidence since you are being asked by the parties to draw certain inferences from the evidence.  This involves our rule concerning circumstantial evidence.

Circumstantial evidence involves the offering of evidence of a fact or facts from which the jury is asked to infer the existence of, and so to find proven, another fact or facts.  Such an inference may be made, provided two elements are satisfied.  First, the fact or facts from which you are asked to draw an inference must itself be proven by a fair preponderance of the evidence.  Second, the inference asked to be drawn is not only logical and reasonable, but is strong enough so that you can find that it is more probable than not that the fact to be inferred is true.

I'm going to give you an example from ordinary life.  Assume that while we are in this room, which has no windows, we heard from what our experiences in life would be considered to be very heavy claps of thunder.  Then, twenty minutes later, we were to go outside, and find the sun is out very brightly, but that it is wet as far as the eye can see.  Now, everything I've told you so far is what is known as direct evidence.  That is, these are facts that we have seen and heard. However, you can also draw an inference from those facts, the inference being that it rained while we were in this room.

This is an example of circumstantial evidence.  You take the direct evidence, and if it's

proven to your satisfaction, you may draw any logical and reasonable inference therefrom.

I instruct you that the law makes no distinction between direct evidence and circumstantial evidence.  They both have the same quality and both can be used by you in deciding this case.

<u>Wright and Ankerman</u>, section 327.

**DEFECTIVE ROAD**

There is a statute that provides that a person who was injured by means of a defective road may recover the damages from the party bound to keep it in repair.

In making a claim under this statute, the plaintiff must prove all of the following elements by a fair preponderance of the evidence:

1. That he gave the required statutory notice of injury.

2. That the area in the roadway where the injury occurred, or so close thereto to adversely affect travel,  was one that the town and not some other person or entity had a duty to maintain or repair.

3. That there was one or more defects there.

4. That the town had notice of the defect or defects.

5. That the town failed to exercise reasonable care to remedy the defect or defects.

6. That one or more of the defects was the sole proximate cause of the plaintiff's injuries; that is, no other cause was a substantial factor in causing his injuries.

In order to be entitled to compensation from the defendant, the plaintiff must prove each of these elements.  If he has failed to prove any one of them, then he has failed to prove his claim, but if he proves each of them, then he is entitled to compensation.

**1.     STATUTORY NOTICE OF THE INJURY**

First, the plaintiff must prove that the applicable statutory notice was given.  The statute

states that an action can only be brought to recover damages caused by a defective roadway if the plaintiff provides written notice of the injury, with a general description of the injury, a general description of the cause, a general description of the time, and a general description of the place of its occurrence.  The notice shall be given within ninety days of the injury to the clerk of the town bound to keep the roadway in repair.  Whether the notice meets the requirement of the statute and whether it was given within the time prescribed in the statute are questions for you to determine.  The notice mandated by the statute includes elements: 1) written notice of the injury, 2) a general description of the injury, 3) the cause, 4) a general description of the time, and 5) a general description of the place.  The purpose of the notice requirement is so that towns can investigate the circumstances of the accident.  The plaintiff must give the notice as a prerequisite of his right to recover damages.  The statute provides that any notice shall not be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause, if it appears that there was no intention to mislead or that the town was not, in fact, misled.  There is no evidence that the town was misled by the notice given here and there is evidence that the town thoroughly investigated the accident.

## 2.      DUTY TO MAINTAIN OR REPAIR

The next element the plaintiff must prove is that the road on which he claims to have been injured was one that the town had a duty to maintain or repair.  The town does not have a duty to repair areas of the road that are private.   You will have to determine whether the

plaintiff has proven that the location that has been identified as the area where the plaintiff was injured was a road that the town had a duty to maintain or to keep in repair. It may have the duty to maintain or repair a road either because it is within the limits of the town, or because it agreed to maintain or repair the road although it was within an adjoining town.

**3.    DEFECT IN THE ROAD**

The third element the plaintiff must prove is that there was a defect in the road.   A defect is anything on or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling . . . ."   It is not the law that any flaw constitutes a defect, but rather to find the existence of the defect, you must determine that the road was not in a reasonably safe condition for its intended uses.

The town does not guarantee the safety of travelers upon its roads.   The obligation of the city is not to keep its roads in perfect condition.   The duty of the town is to use reasonable care to keep its roads in a reasonably safe condition for public travel.

In making this determination, you should consider such factors as the location of the road, the grade of the street, the extent of the use of the area, and the potential incidents that could occur in the roadway.

**4.    NOTICE OF THE DEFECTIVE CONDITION**

The fourth element that the plaintiff must prove is that the town knew or, in the exercise of due care in inspecting the road, should have known that the road was in a defective

13

condition.

The plaintiff must prove that the defendant had either actual or constructive notice of the condition that is claimed to be the defect.   Actual notice would be a report of the condition to the town or observation of the condition by town employees responsible for maintenance of the road.

The other kind of notice is called constructive notice.   If the condition that is claimed to be a defect was present for a sufficient length of time so that the defendant should have discovered it using reasonable care to inspect roads, then the defendant had constructive notice.  The plaintiff does not have to prove both – it is sufficient if he proves that the town either had actual notice or if you find that the town had constructive notice.

**5.     FAILURE TO EXERCISE REASONABLE CARE TO REMEDY DEFECT**

The fifth element that the plaintiff must prove is that, after having actual or constructive notice and having had reasonable opportunity to do so, the town failed to take reasonable care to remedy the claimed defect.   In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question.  Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances.   It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.

14

**6.     SOLE PROXIMATE CAUSE**

The plaintiff must finally prove that the defect in the road was not just one cause among many causes of his fall, but that it was the sole proximate cause; that is, the only substantial factor causing his fall.   The plaintiff must prove that the injuries claimed were caused solely by a defect of the road.

The plaintiff, however, was bound to use reasonable care for his own safety; that is, the degree of care that a reasonably prudent person would in order to avoid injury.   The plaintiff cannot have been entirely heedless of the situation, but had a duty to reasonably use his vision and his faculties to observe his surroundings and to use reasonable care in view of any danger that was presented by the condition of the road.

A pedestrian who knows of a dangerous condition in the path of travel is not required to take an alternate route or a detour, but is bound to take precautions that an ordinarily prudent person would take to avoid the dangerous condition, including move to the portion of the road that is not defective.   If the pedestrian makes the decision to pass over a dangerous condition that he knows about, then that pedestrian has a duty to use reasonable care in doing so. Knowledge of a dangerous condition generally requires greater care to meet the standard of reasonable care.

If you find that the plaintiff failed to prove that he was exercising reasonable care for his own safety and that his negligence was a substantial factor in causing him to fall, then any

15

defect in the sidewalk would not be the sole proximate cause of plaintiff's injuries and you must find for the defendant.

**Source: Conn. Gen. Stat. § 13a-149; <u>Rodriguez v. City of New Haven</u>, 183 Conn. 473, 475 n.1 (1981); <u>Serrano v. Burns</u>, 248 Conn. 419, 428-29 (1999); <u>Pratt v. Town of Old Saybrook</u>, 225 Conn. 177, 180 (1993); Conn. Civil Jury Inst. § 4-30.**

## DAMAGES

If you find that the defendant's roadway was defective, as I've just instructed you, and that the defect was a proximate cause of injuries to the plaintiff, you must next determine the compensation which is owed to the plaintiff.

If you find the plaintiff is entitled to recover damages, it will be your function to award the plaintiff fair, just and reasonable compensation for all damages proximately caused by the defect, whether or not those damages were reasonably anticipated by the defendants.

**Johnson v. Flammia, 169 Conn. 491, 499, 363 A.2d 1048 (1975);**

**Wright, Connecticut Jury Instructions, Section 226(k), at 398.11**

The rule is that so far as money can do it, the plaintiff is to get fair and just compensation for the injuries he has suffered. It is for you, in the exercise of your best judgment, to say what is fair and just compensation so far as money will compensate for the injuries which the plaintiff has suffered and will suffer. There is no fixed rule which you can apply. You have to apply sound, common sense in reaching the amount of your verdict.

I instruct you that the plaintiff need not establish the amount of his damages to an exactness, but rather he needs only provide sufficient evidence for a reasonable estimate to be made by you.

**Conway vs. Prestia, 191 Conn. 484, 494, 464 A.2d 847 (1983); Delott v. Roraback, 179 Conn. 406, 411, 426 A.2d 791 (1980).**

17

The mere fact that the damages may be difficult to assess, in itself, is insufficient reason for refusing to award them, once the right to damages has been established.

**Griffin v. Nationwide Moving & Storage Co.,** 187 Conn. 405, 420, 446 A.2d 799 (1982).

**Powers v. United States,** 589 F.Supp. 1084 (D.C. Conn. 1984);

**Delott v. Roraback,** 179 Conn. 406, 426 A.2d 791 (1980);

**Jerz v. Humphrey,** 160 Conn. 219, 276 A.2d 884 (1971);

**Davis v. Gambardella & Sons Cheese Corp.,** 147 Conn. 365, 161 A.2d 583 (1960);

**Sashin v. Corcoran,** 146 Conn. 512, 152 A.2d 639 (1959);

**Morger v. Connecticut Ice Cream Co.,** 146 Conn. 551, 152 A.2d 925 (1959);

**Thompson v. Lupone,** 135 Conn. 236, 62 A.2d 861 (1948).

You must compensate Mr. Bernstein for the injuries and damages which he has suffered from the day of the fall until today and from today until the end of his life. As for the future, you must, as best you can in your judgment, compensate the plaintiff for the damages which are reasonably probable that the plaintiff will suffer in the future.  It is a question you must, as best you can, solve upon the basis of results which are reasonably probable to occur in the future.

**Mather v. Griffin Hospital,** 207 Conn. l25 (l988).

The following types of damages are recoverable by Mr. Bernstein:

    (1)  compensation for his lost wages from the date of the injury until today;

    (2)  compensation for his future lost earning capacity;

18

(3)  compensation for his past pain and suffering ;

(4) Compensation for his future pain and suffering;

(5) compensation for his past medical and related expenses;

(6) Compensation for his future medical and related expenses;

(7) compensation for his inability to undertake normal activities of daily life;

(8) compensation for the mental and physical effects of the injuries upon him, including all

permanent injuries; and

(9)  compensation for loss of enjoyment of life's activities as a result of his injuries.

You must consider all of these factors in attempting to give the plaintiff full, fair, and just

compensation.  I will explain each of these factors in more detail in a few moments.

### A. PAST AND FUTURE MEDICAL AND OTHER EXPENSES

The plaintiff has alleged that he has incurred and will incur medical, hospital, and other

expenses as a result of his injuries.  All medical expenses proximately caused by the defendant's

defective highway are proper elements of damages for which Mr. Bernstein is entitled to recover.

Medical expenses include all of those expenses that you find proven which the plaintiff

incurred as a result of his injuries such as costs of surgery, hospital bills, doctor bills, medication

expenses, medical laboratory bills, office visits, physical therapy, and any other costs of his care

incurred as a result of injuries caused by the defendant.

19

<u>See</u> <u>Powers v. United States</u>, 589 F. Supp. at 1104-05.

<u>Wright and Ankerman</u>, Sections 234, 237

<u>Hansen v. Costello</u>, 125 Conn. 386, 389 (1939)

<u>Katz v. Cohn</u>., 122 Conn. 338, 341 (1937)

Conn. Gen. Stat. Section 52-204

The plaintiff has alleged that he has incurred medical expenses since he was injured on April 14, 2002, to today.   This is the amount you may award for *past* medical expenses, if you find that Mr. Bernstein is entitled to recover.

As I have already instructed you, all *future* medical expenses and related expenses proximately caused by the defendant's defective highway are proper elements of damages for which the plaintiff is entitled to recover.   Future medical expenses include all of these expenses that you find reasonably necessary for the plaintiff for the remainder of his life.   These include such things as hospital bills, doctor bills, medication expenses, medical laboratory bills, surgery, therapy, office visits, and any other costs of his care incurred as a result of the injuries caused by the defendant.

**Adapted from charge of Flanagan, J., pages 33, 34, <u>Stumpo v. Deponte</u>, Case No. 229761, Superior Court, Judicial District of New Haven at New Haven, December 6, 1988.**

In addition, if you find that Mr. Bernstein obtained care or other services from his family

20

members or others which could reasonably have been obtained by hiring home care attendants or others, this is an element of damages for which you must compensate them.  The law of our State allows compensation for such services because, although such services may have been provided free of charge by a friend, neighbor, parent, or other relative, the defendant should not be permitted to benefit from the gift of such services to the plaintiff.  The gift of services was made to the plaintiff; if you fail to compensate the plaintiff for the value of these services, the gift will unfairly benefit the defendant rather than the plaintiff.

In considering how much to award for medical and related costs, you must also consider what you believe to be a reasonable life expectancies for Mr. Bernstein.   It is for you to decide the question of his life expectancy.

One accepted method of resolving this question is through the use of what are called "mortality tables."  Experience over a great many years and statistics show that a person of a certain age may reasonably be expected to live a certain period of years.  This is an average which statisticians arrive at from his study of the life expectancies of people from our population.  This average does not mean that a person will, with certainty, live until the age indicated by the average.  She or he may die before that age or may live longer.  But the average length of life which the statistics show that Mr. Bernstein should be expected to live may be considered by you together with all of the evidence before you as to the plaintiff's physical condition in arriving at the life expectancy of the plaintiff.

21

I instruct you that the mortality tables for a man of the age of Mr. Bernstein ( ___ years old today) show that a man of his age has an average life expectancy of ___ years of age. Therefore, from the today Mr. Bernstein would have an average life expectancy of an additional ____ years.

**Wright and Ankerman, section 245 (l).**

**Life Expectation Table, Am. Jur. 2d Desk Book. Source: U.S. National Center for Health Statistics, Vital Statistics of the United States.**

## B. PAST LOST EARNINGS AND FUTURE LOSS OF EARNING CAPACITY

Mr. Bernstein has alleged that part of his damages includes loss of earnings from April 14, 2002, until today as well as a reduction in his ability to earn a living in the future.  I instruct you that a loss of earnings, both past and future, is a proper element of compensation.      If you find that, between the time of the incident and today, Mr. Bernstein has lost wages as a result of his injuries, you must compensate him for the full amount of those lost wages.   Lost wages can include salary, overtime, bonuses, commissions, and all other forms of earned income which you find that Mr. Bernstein would have earned but for his injuries.  If you find that Mr. Bernstein has lost the capacity to earn wages in the future because of this injury, then you should compensate him for those losses in addition.

## C.  LOSS OF ENJOYMENT OF LIFE'S ACTIVITIES

Mr. Bernstein also seeks damages for past and future interference with his capacities to carry on and enjoy life's activities in a way they should have, had they not been injured.  If you find that the plaintiff has suffered injuries and that these injuries have interfered or will interfere with his abilities to lead normal lives, have normal relationships, or carry on the normal activities of life, then you may properly award him damages for the destruction of his ability to enjoy and carry on life's activities.  This award is in addition to other damages and is separate from and in addition to any award you make for pain and suffering.

In this regard, you may consider the evidence presented concerning the effect of each of

his injuries on each of his lives, activities, and all of those aspects of daily life which make up a

person's life.  If you find that as a result of his injuries, the plaintiff has been or will be unable to

lead a normal life or unable to enjoy certain of life's activities, then you may award him damages

for the destruction of his ability to enjoy life's activities.

In addition to compensation for past and future medical expenses and past and future

earning capacity, you must fully compensate the plaintiff for the destruction of his ability to

engage in and enjoy life's everyday activities, both past and future.   I instruct you that such a

loss is a proper element of damages for you to consider.   I further instruct you that not only

must you consider Mr. Bernstein's activities from the date of his injuries until today, but you

must also determine the activities which he would otherwise have been able to enjoy in the

future, and compensate him for such destruction of capacity to enjoy life for what would be

the remainder of his normal life expectancy.

**Katsetos v. Nolan, 170 Conn. 637, 658, 368 A.2d 172 (1976);**

**Jerz v. Humphrey, 160 Conn. 219, 222-223, 176 A.2d 884 (1971).**

**Katestos v. Nolan, 170 Conn. at 637.**


## D.  PAST AND FUTURE PAIN AND SUFFERING

The next item of damages you may award Mr. Bernstein are damages for pain and

suffering that he has experienced up until today and that which he will experience for the

remainder of his life, as a result of the injuries which he has suffered.    Again, I instruct you that

these are proper elements of an injured plaintiff's damages that you are to consider.

**Powers v. United States, 589 F. Supp. at 1106-07;**

**Delott v. Roraback, 179 Conn. at 409;**

**Thompson v. Lupone, 135 Conn. 236, 239, 62 A.2d 861 (1948).**

In deciding how much to award for this element of damages, you must consider the pain

and suffering of Mr. Bernstein from April 14, 2002, to today, and from today through the

remainder of his lifetime.   I instruct you that not only is the physical pain compensable, but also

emotional anguish, suffering and psychological problems, such as depression and anxiety that

accompany and arise out of the physical pain and injuries, must be considered.  Likewise, you

may consider the effects of his quadriplegia  on his ability to enjoy all of life's activities and on

his well-being.

**Power v. United States, 589 F. Supp. at 1106-07;**

**Delott v. Roraback, 179 Conn. at 409;**

**Thompson v. Lupone, 135 Conn. 236, 239, 62 A.2d 861 (1948).**

In assessing such damages, you may consider such factors as your own experience with

pain and suffering, plaintiff's physical limitations, any psychological problems that accompany

these conditions such as depression, anxiety, fear, hopelessness, and helplessness, and the

permanency of his conditions.   You may consider all of your life's experiences and any other

25

factors you deem relevant in assessing a value for Mr. Bernstein's past and future pain and suffering.

In making an award for pain and suffering, you should also consider whether it is reasonably probable that the plaintiff will suffer physical or emotional pain as a result of his injuries for the duration of his lifetime and, if you so conclude, then your award should reflect damages for the *future* as well as past and present pain and suffering.

These are two separate and distinct elements of an award of damages.

If you conclude that Mr. Bernstein has suffered physical or emotional pain from the time of his injuries until the present time, you may award money damages for this *past* pain and suffering. If you conclude that he will suffer such pain in the future, you may award money damages for this *future* pain and suffering.

Obviously, the amount of this compensation is a difficult matter to determine. How can any one measure pain and suffering in terms of dollars and cents? However, you as the jury will be responsible for determining the compensation to be awarded to the plaintiff for the pain and suffering which they have endured and will in the future endure. You will determine its extent, its intensity, its duration and its character. You will make an allowance which in your good judgment you deem fair and reasonable to compensate them for the pain and suffering which he has endured and for that which he will continue to suffer for part or all of the remainder of his life.

## E.  PERMANENT INJURIES

If you find that it is reasonably probable that Mr. Bernstein has suffered permanent injuries, you will attempt to compensate him for such permanent injury or physical impairment which you find that he has sustained and will suffer from in the future.  You must be satisfied fairly, by a preponderance of the evidence, that the results you are attempting to compensate the plaintiffs for are reasonably probable.  The plaintiff is entitled to be compensated for what he would fairly be expected to suffer due to any permanent injuries or conditions which were caused by the defendant's defective road over the period of his life expectancy.

**Wright and Ankerman, section 233.**

If you find that the plaintiff is entitled to recover damages for injuries which you believe are permanent in nature, you must find that those permanent injuries will continue for the remaining years of his life, whatever you determine his life expectancy to be.

THE PLAINTIFF

By_____
    William M. Bloss
    Federal Bar No. ct01008
    Koskoff Koskoff & Bieder
    350 Fairfield Avenue
    Bridgeport, Connecticut 06604
    Tel:  203-336-4421
    FAX:  203-368-3244
    Email: bbloss@koskoff.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 3rd day of January, 2006, to all counsel and pro se parties of record, as follows:

Attorney Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114

Jesse J. Graham, II, Esq.
Rivkin Radler LLP
EAB Plaza
Uniondale, N.Y. 11556-0926

_____

William M. Bloss

28