UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN, ET AL | : | NO.: 3:02 CV 1740 (WIG) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF SHERMAN | : | MARCH 9, 2006 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* RE BROOKS
COUNTRY CYCLING TOURS WAIVER**

The defendant, Town of Sherman, hereby objects to the plaintiff's Motion *in
Limine* to preclude the defendant from introducing into evidence the waiver signed by
the plaintiff on the date of the incident.  In support of his motion, the plaintiff argues
that:  (1) the waiver was between himself and Brooks Cycling Country Tours
(hereinafter referred to as "Brooks"), who is not a party to this action, and is irrelevant
to demonstrate any alleged negligence on the part of Brooks or with regard to the
highway defect claim against the Town; and (2) that the waiver is ineffective as a
matter of law in relieving any negligence on the part of Brooks.  (See Plaintiff's
Memorandum of Law in Support of Motion in Limine, at p.2.)

First, the defendant notes that it does not seek to introduce the waiver as
evidence of the release of claims against Brooks Country Cycling Tours, or with regard
to any claimed contributing negligence on the part of Brooks.  Rather, the waiver is

ORAL ARGUMENT IS REQUESTED

being offered as to the rules of bicycle safety and risks inherent in bicycling as

expressly acknowledged by the plaintiff, an attorney, who read and signed the

document immediately prior to participating in the bicycle tour.  Specifically, the waiver

states as follows:  "I do understand the rules of bicycle safety and agree to follow

them."  (<u>See</u> Waiver, attached to Plaintiff's Motion *in Limine.*)  Moreover, in signing the

waiver, the plaintiff explicitly acknowledged "the commonly understood risks of bicycle

touring and riding," including, "the commonly understood risks of bodily injury, death or

property damage."  (<u>Id.</u>)  Accordingly, the waiver is certainly relevant to the rules of

bicycle safety and the risks acknowledged and/or known to the plaintiff immediately

prior to the incident, and the fact that the plaintiff signed a document expressly

acknowledging familiarity with the same.

Secondly, the plaintiff's argument that the waiver is legally precluded pursuant

to the recent Connecticut Supreme Court decision in <u>Hanks v. Powder Ridge</u>, 276

Conn. 314, 885 A.2d 734 (2005), is unavailing.  As indicated above, the defendant

does not seek to offer the waiver as purporting to show that the plaintiff relieved

Brooks from its own negligence.  In fact, the waiver makes no mention that the plaintiff

is in fact releasing Brooks from its own negligence.  Rather, the waiver simply states

that the plaintiff acknowledges the common risks of participating in a bicycle tour or

ride, and relieves Brooks from those risks.  As the waiver is not being offered to relieve

Brooks from any liability in this matter, the public policy concerns enunciated in <u>Hanks</u>

are inapplicable to the present matter.  Moreover, while the plaintiff makes the ancillary

argument that the language of the waiver may be ambiguous and unclear, it bears

note that he was a practicing attorney at the time of the incident and, therefore,

arguably read the waiver with the attention of an attorney and still chose to sign the

document.  Additionally, by his own testimony, the plaintiff had ridden a bicycle

recreationally and for cardiovascular health on an almost daily basis for approximately

20 to 30 years.  (See Deposition Transcript of Stephen Bernstein dated June 3, 2003,

**Exhibit A** hereto, at pp.18:12-20; 24-26.)  Thus, the jury can draw an inference that

the plaintiff was in fact familiar with the rules of bicycle safety, as well as the common

risks associated in bicycle riding as expressly acknowledged by the plaintiff in signing

the waiver.

Finally, although the plaintiff argues that any relevance of the waiver would be

outweighed by its prejudice, he does not describe the manner in which he would be

prejudiced by introduction of the waiver.  In any event, the defendant would agree to

redaction of that portion of the language which expressly references a waiver and/or

release of claims against Brooks as set forth in the second sentence of the waiver,

namely "release, waive and discharge BCCT, its agents and employees from all

liability."

For the foregoing reasons, the defendant respectfully requests that the plaintiff's

Motion *in Limine* to preclude the introduction of the waiver into evidence be denied.

DEFENDANT,
TOWN OF SHERMAN

By\_\_\_\_/s/\_Beatrice S. Jordan\_\_\_\_
Beatrice S. Jordan
ct22001
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail:  bjordan@hl-law.com

4

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 9th day of March, 2006.


Richard Bieder, Esquire
Cynthia C. Bott, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT  06604

Jesse J. Graham II, Esquire
Rivkin Radler LLP
926 EAB Plaza
Uniondale, New York 11556-0926


                                        _____/s/  Beatrice S. Jordan_ __
                                        Beatrice S. Jordan