UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN, ET AL | : | NO.: 3:02 CV 1740 (WIG) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF SHERMAN | : | MARCH 9, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* RE PLAINTIFF'S 'DAY IN THE LIFE' VIDEO**

I. **BACKGROUND**

The plaintiff, Stephen Bernstein, has brought this action for injuries he allegedly sustained as the result of a bicycle accident upon what he claims was a defective roadway in the Town of Sherman. Specifically, the plaintiff alleges that on April 14, 2002 at approximately 11:30 a.m., he was operating his bicycle in a northerly direction on Church Road, approximately 1.7 miles north of Route 39 in Sherman, Connecticut. The plaintiff further alleges that, at said time and place, his bicycle came into contact with a "defective, broken, uneven roadway surface" causing his bicycle to go out of control and throw him to the ground, and causing the injuries sustained.

On December 29, 2005, the defendant was provided with a copy of plaintiff's proposed Trial Exhibit # 24, a purported "Day in the Life" video. Upon review of the proposed video, the defendant noted that the video contained dialog amongst the

persons appearing in the video. Additionally, the defendant noted that one segment depicted the plaintiff undergoing a sponge bath of the genital region, and a subsequent segment depicted the removal and replacement of a catheter into what appears to be a large open wound directly above the plaintiff's genital area.

The defendant now moves to limit the scope of the video to be viewed by the jury as the above-proffered segments, and dialog in the video, should be precluded as their prejudicial value outweighs any probative value.

## II.   LAW AND ARGUMENT

Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence which is not relevant is not admissible at trial. See Fed. R. Evid. 402. Evidence which is relevant may, nonetheless, be precluded at trial where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See Fed. R. Evid. 403.

With regard to the dialogue amongst the parties appearing in the video, namely the plaintiff, his wife and the nurse/home health aide, such conversation is

unnecessary and cumulative. The plaintiff, his wife and the nurse/home health aide will undoubtedly testify as to the plaintiff's condition and daily life activities, and each has been disclosed as a witness who will testify at trial. Thus, their dialog in the video is unnecessary and cumulative. The jury will be able to glean the essence of the video without the dialog. Accordingly, the dialog should be omitted from presentation to the jury.

The defendant further moves to preclude the segment of the video depicting the plaintiff undergoing a sponge bath of the genital region. There is no dispute that the plaintiff is a quadriplegic, and as such, does not have the use of his arms. The video contains an extensive segment of the plaintiff being given a sponge bath and being dressed by the nurse/home health aide. The portion of the video depicting the sponge bath clearly evidences to the jury that the plaintiff is unable to bathe himself, and specifically depicts the nurse/home health aide washing his arms, legs and chest. However, the video goes on to depict the nurse/home health aide lifting a towel covering the plaintiff's genital area, and proceeding to wash the same. The probative value of that segment of the video is substantially outweighed by the danger of unfair prejudice. As indicated above, the remainder of the bathing segment amply depicts the fact that the plaintiff is unable to wash himself. The jury needs no further evidence to make the existence of that fact any more probable or less probable. Accordingly, that portion of the bathing segment should be precluded.

Finally, the defendant moves to preclude the subsequent segment of the video which depicts the removal and replacement of a catheter into what appears to be a large open wound directly above the plaintiff's genital area. This portion of the video is extremely graphic, and based upon the dialog, does not appear to depict a daily part of the plaintiff's condition. The probative value of this segment of the video is substantially outweighed by the danger of unfair prejudice. Accordingly, it should be precluded.

### III. CONCLUSION

For the foregoing reasons, the defendant respectfully requests that its Motion *in Limine* be granted, and an order enter that the dialog in the video be omitted, and the two segments identified herein be deleted.

                    DEFENDANT,
                    TOWN OF SHERMAN


                    By_____/s/ Beatrice S. Jordan_____
                      Beatrice S. Jordan
                      ct22001
                      Howd & Ludorf, LLC
                      65 Wethersfield Avenue
                      Hartford, CT  06114
                      (860) 249-1361
                      (860) 249-7665 (Fax)
                      E-Mail:  bjordan@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 9th day of March, 2006.

Richard Bieder, Esquire
Cynthia C. Bott, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

Jesse J. Graham II, Esquire
Rivkin Radler LLP
926 EAB Plaza
Uniondale, New York 11556-0926

                                                                                                                      /s/ Beatrice S. Jordan
                                                                                                               Beatrice S. Jordan