UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN, ET AL | : | NO.: 3:02 CV 1740 (WIG) |
| v. | : | |
| TOWN OF SHERMAN | : | MARCH 9, 2006 |

**DEFENDANT'S COMPLIANCE WITH FINAL PRE-TRIAL ORDER RE EXPERT WITNESSES**

Pursuant to the Court's Final Pre-Trial Order of August 4, 2005, the defendant, Town of Sherman, hereby submits the following report regarding the defendant's expert witnesses who will be testifying at the time of trial. Additionally, pursuant to the Final Pre-Trial Order, the defendant attaches hereto a copy of its Rule 26(a)(2) Disclosure of Expert Witnesses. (See Defendant's Disclosure of Expert Witnesses, **Exhibit A**.)

I.   **JOSEPH PESSALANO, MA, CRC**

**Biographical Sketch**

Mr. Pessalano obtained his A.S. in Liberal Arts from Suffolk Community College in 1976. Thereafter, he obtained his B.A. in Psychology from State University of New York at Stony Brook in 1978. In 1983, he obtained his M.A. in Rehabilitation Counseling from Hofstra University.

Mr. Pessalano has achieved the following certifications: Certified Rehabilitation Counselor (CRC) from the Board for Rehabilitation Certification; Certified Case Manager (CCM) from the Commission for Case Manager Certification; Certified Diplomate in Psychotherapy from the American Psychotherapy Association; Rehabilitation Counselor from the U.S. Department of Labor and Office of Workers' Compensation Programs; and Certified Disability Management Specialist (CDMS) from the Certification of Disability Management Specialists Commission.

Mr. Pessalano is presently employed as a Rehabilitation Specialist with Jordan Rehabilitation Services located in Westbury, New York. He has held this position from 1987 to the present. Prior thereto, he was employed with Brunswick Hospital in the following capacities: Director of Therapeutic Activities from 1994 to 1997; Director of Adult and Geropsychiatric Services from 1987 to 1994; and Supervisor of Therapeutic Activities and Vocational Rehabilitation Department from 1985 to 1987. He has also been employed as a Rehabilitation Specialist for The Rehabilitation Institute of Mineola, New York, from 1979 to 1985.

He is a member of several professional organizations, has received a number of professional appointments, and has made numerous presentations in his area of expertise. Mr. Pessalano's Curriculum Vitae is appended to the defendant's Disclosure of Expert Witnesses attached hereto.

**Area of Expertise**

Mr. Pessalano is a rehabilitation expert. Mr. Pessalano's area of expertise includes assessment of medical services required by individuals who have suffered traumatic injuries, future needs, living assistance and costs associated with the same.

**Opinions to be Offered**

Mr. Pessalano will offer his expert opinions with regard to the medical services which the plaintiff will require, including the costs associated with the same. Mr. Pessalano's opinions as to the same are set forth on page 2 of his report of May 12, 2004, which is attached hereto and incorporated herein. Mr. Pessalano is expected to testify that the plaintiff requires 24 hour a day care, and such personal care needs can be adequately and efficiently met by a home health or personal care attendant. Mr. Pessalano is further expected to testify that the plaintiff requires the services of a registered nurse on a weekly basis. Mr. Pessalano will further testify that the plaintiff can utilize the services of various support groups which are available in his local community, customarily available free of charge. Finally, Mr. Pessalano is expected to testify that the plaintiff does not require additional occupational or physical therapy as he has reached maximum medical improvement, and that only maintenance therapies are required at this time which can be carried out at home with the assistance of a personal care or home health aide.

Mr. Pessalano is further expected to provide rebuttal testimony in response to the opinions put forth by plaintiff's expert, Lawrence Forman, at the time of trial.

**Bases for Opinions**

Mr. Pessalano will base his opinions on his review of materials produced during the course of discovery, depositions transcripts of parties and witnesses, and plaintiff's expert materials.  Mr. Pessalano will further base his opinions upon his research, evaluation and assessment findings utilized in preparing his report.  Finally, Mr. Pessalano will base his opinions upon his education, training, background, and experience as a Certified Rehabilitation Counselor.

**Materials to be Relied Upon**

Mr. Pessalano will rely on the following materials:

1. Report of Lawrence Forman, M.Ed.
2. Report of Gary Crakes, Ph.D.
3. Report of John A. Serth, Jr., P.E.
4. Records of Danbury Hospital
5. Records of St. Charles Hospital & Rehabilitation
6. Records of Mt. Sinai Hospital
7. Records of Danbury Office of Physician Services
8. Records of Comprehensive Rehabilitation Consultants
9. Records of J.L. Creative Ronovations, Inc.
10. Ambulance Call Reports
11. Plaintiff's Expert Witness Disclosure
12. Plaintiff's Responses to Interrogatories
13. Deposition of Stephen Bernstein
14. Deposition of Phyllis Bernstein
15. Life Needs Assessment
16. Contact with Vendors
17. Contact with Community Agencies

      18.    Employability Assessment
      19.    Local Vocational Opportunity Search
      20.    Governmental Statistics and Data

Mr. Pessalano will further rely upon his education, training, background, and experience as a Certified Rehabilitation Counselor.

## II. JOHN SERTH, P.E.

### Biographical Sketch

Mr. Serth obtained his B.S. in Civil Engineering from the State University of New York at Buffalo in 1981, after which he continued on to obtain his M.S. in Civil Engineering in 1983. He is a licensed Professional Engineer for the State of New York.

Beginning in May of 1981, Mr. Serth has engaged in private consulting work, providing consultation in engineering services. Prior thereto, Mr. Serth was employed with the New York State DOT as a Project Engineer from 1988 to 1992, a Civil Engineer from 1984 to 1988, a Transportation Analyst from 1983 to 1984, a Transportation Construction Inspector from May of 1980 to August of 1980, and an Engineering Aide from May of 1979 to August of 1979.

Mr. Serth's qualifications are more particularly set forth in his Curriculum Vitae appended as Exhibit F to the Plaintiffs' July 31, 2002 Disclosure of Expert Witnesses.

### Area of Expertise

Mr. Serth is a Professional Engineer.

### Opinions to be Offered

Mr. Serth has not been specifically retained or employed by the defendant to provide expert testimony in this case, and is expected to be called as a subpoenaed witness to testify at the time of trial, or through sworn deposition testimony.

Mr. Serth is expected to testify that Church Road was in good repair up to the town line between Sherman and New Milford, specifically, up to the wooden slatted fence alongside the subject road.  Mr. Serth is further expected to testify that Church Road begins to deteriorate when one gets past a wooden slatted fence while traveling from Sherman into New Milford.  Mr. Serth will further testify that the cracks in the pavement on Church Road leading up to the wooden slatted fence as one travels from Sherman into New Milford do not render the road unsafe or in a dangerous condition. Mr. Serth's opinions and anticipated testimony are more fully set forth in his deposition transcript of March 30, 2004.

### Bases for Opinions

It is anticipated that Mr. Serth will base his opinions on his education, training, background, and experience as a Professional Engineer.  Mr. Serth will further base his opinions upon inspection of the subject roadway, deposition transcripts of parties

and witnesses, photographs of the subject roadway and surrounding area, and a review of other materials produced during the course of discovery.

**Materials to be Relied Upon**

It is anticipated that Mr. Serth will rely on the following materials:

1. Defendant's responses and objections to Plaintiff's Interrogatories and Requests for Production
2. Renotice of deposition of Donald Borkowski
3. Deposition of Donald Borkowski
4. Deposition of Stephen Bernstein
5. Deposition of Phyllis Bernstein
6. Photographs of the accident location
7. Site inspection of the accident location on June 13, 2002
8. Site inspection of the accident location on July 7, 2003

Mr. Serth will further rely upon his education, training, background, and experience as a Professional Engineer.

### III.  MATHEW SPEIER

**Biographical Sketch**

Mr. Speier began leading bicycle tours/trips for American Youth Hostels in the mid-1970's.  In 1974, he participated in a six week bicycle trip from Cape Cod to Nova Scotia.  In 1975, he participated in a six week circumnavigation of Lake Superior.  In 1976, he participated in a 65 day trip across the United States.

In 1979, Mr. Speier also worked as a summer bike tour leader for N&N Enterprises.  In approximately 1980, Mr. Speier worked as a ride marshal for the Five

Borough Bike Tour, and continued to do so for the next five years. During the mid-1980's, he also rode as a ride marshal for the AYH Montauk Century Annual Ride.

Beginning in 2001, he has ridden as a medical support rider for the Seattle to Portland Bicycle Classic. He began working for Brooks Country Cycling in 2001 as a bicycle tour guide/leader.

Mr. Speier has been cycling for over thirty years, and cycles approximately 1,500 miles per year. He is also an experienced bicycle mechanic, having started a repair shop when he was fifteen years old. He, thereafter, was responsible for various bicycle repairs as needed on the various bicycle trips/tours he has participated in. His bicycle mechanic experience includes complete assembly of new bicycles and complete overhaul and repair of bicycles.

Mr. Speier is a member of the League of American Wheelman, n/k/a League of American Cyclists.

Mr. Speier's experience and qualifications are more fully set forth in his deposition testimony attached hereto. (See Deposition Transcript of Matthew Speier dated November 12, 2003, attached as **Exhibit B**, at pp.10-29.)

### Area of Expertise

Mr. Speier is an expert in the area cycling, bicycle safety procedures, and bicycle mechanics.

**Opinions to be Offered**

Mr. Speier has not been specifically retained or employed by the defendant to provide expert testimony in this case, and is expected to be called as a subpoenaed witness to testify at the time of trial or through sworn deposition testimony.

The defendant expects to call Mathew Speier of Brooks Country Cycling Tours, to testify as to (1) bicycle safety procedures; (2) road conditions as they relate to bicycle safety, including the area of the subject incident; (3) conditions which may or may not constitute hazards to cyclists; (4) Brooks Country Cycling Tour procedures for conducting guided tours, including safety talk/tips and bike check; (5) his assessment of the plaintiff's ability as a bicycle rider; (6) his observations of the plaintiff immediately preceding and at the time of the incident, including the plaintiff's speed of travel and control over the bicycle; and (7) his opinion that conditions depicted in various deposition exhibits are not a hazard to cyclists.

Mr. Speier will further testify that the condition of Church Road in the vicinity of the boundary between Sherman and New Milford, as one travels from Sherman into New Milford, was not dangerous, and was reasonably safe for bicyclist travel and bicycle tours. Mr. Speier will further testify that, just prior to the plaintiff's accident, the plaintiff was traveling at a rate of speed that necessitated his calling to the plaintiff to slow down, and that in his opinion the plaintiff was traveling too fast for conditions.

**Bases for Opinions**

Mr. Speier will base his opinions on his education, training, background, and experience as a cyclist, cyclist tour guide, and bicycle mechanic.  Mr. Speier will further base his opinions upon his personal knowledge of the subject bike tour and route, his observations of the plaintiff immediately prior to and at the time of the incident, photographs of the incident scene and surrounding area, and a review of other materials produced during the course of discovery.

**Materials to be Relied Upon**

It is anticipated that Mr. Speier will rely upon the following:

1. Brooks Country Cycling Tours brochure
2. Brooks Cycling Connecticut Countryside Day Trip Itinerary/Cue Sheet
3. Brooks Cycling Connecticut Countryside Day Trip Map
4. Photographs of the accident scene and surrounding area

DEFENDANT,
TOWN OF SHERMAN


By____/s/ Beatrice S. Jordan_____
   Beatrice S. Jordan
   ct22001
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  tgerarde@hl-law.com
   E-Mail:  bjordan@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 9th day of March, 2006.

Richard Bieder, Esquire
Cynthia C. Bott, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT  06604

Jesse J. Graham II, Esquire
Rivkin Radler LLP
926 EAB Plaza
Uniondale, New York 11556-0926

                                                                            /s/ Beatrice S. Jordan
                                                                       Beatrice S. Jordan