UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN BERNSTEIN and PHYLLIS BERNSTEIN <br><br> VS. <br><br> TOWN OF SHERMAN | CIVIL ACTION NO. <br> 3:02 CV 1740 (WIG) <br><br> June 15, 2006 |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SEPARATE TRIAL OF LIABILITY AND DAMAGES ISSUES UNDER RULE 42(b) OF FED.R.CIV.P.

Plaintiffs hereby oppose Defendant's Rule 42(b) motion for separate trials of the liability and damages issues in this case. Defendant has failed to prove that the efficient judicial administration found in the usual course of a single trial should be sacrificed because of a real risk of prejudice, confusion or injustice.

**A.    Separate trials on the issues of liability and damages would not necessarily be judicially efficient.**

Although this court has the discretion to order separate trials on different issues in a trial, Fed.R.Civ.P. 42(b), "[b]ifurcation is . . . the exception, not the rule." Svege v. Mercedes-Benz Credit Corp., 329 F. Supp. 2d 283, 284 (D. Conn. 2004) (Kravitz, J.)

> In exercising that discretion, this Court begins its analysis with the Advisory Committee's admonition that "separation of issues for trial is not to be routinely ordered." Advis.Comm. Notes, 1996 Amend., Fed.R.Civ.P. 42(b). <u>Ordinarily a jury is entitled to hear all of the evidence and deliberate over all of the issues in the case at one time.</u>

Id. (emphasis supplied); see also Miller v. American Bonding Co., 257 U.S. 304, 307 (1921) ("The general practice is to try all the issues in a case at one time.").

"A single trial tends to lessen the delay, expense and inconvenience to all concerned, and the courts have emphasized that separate trials should not be ordered unless such a disposition is clearly necessary." Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 36 (S.D.N.Y. 1984) (quoting Wolens v. F.W. Woolworth Co., 209 U.S.P.Q. (BNA) 569, 29 Fed. R. Serv. 2d 1521, 1521 (N.D. Ill. 1980)). "The burden must therefore be on the party seeking a bifurcated trial to indicate to the court that the theoretical benefits of bifurcation are likely to be realized in this particular case." Fetz v. E & L Truck Rental Co., 670 F. Supp. 261, 266 (S.D. Ind. 1987). Accord Agron v. Trustees of Columbia University, 1997 U.S. Dist. LEXIS 10146, at *3 (S.D.N.Y. July 15, 1997).

"[A] movant must justify bifurcation on the basis of the substantial benefits that it can be expected to produce." Svege, 329 F.Supp.2d at 284 (emphasis added). "[T]he party moving for a separate trial has the burden of showing that this is necessary to prevent prejudice or confusion, and to serve the ends of justice." Buscemi v. Pepsico, Inc., 736 F. Supp. 1267, 1271-1272 (S.D.N.Y. 1990) (citing C. Wright & A. Miller, Federal Practice and Procedure § 2388 (1971)).

Defendant argues first that, the issues of liability and damages are separate and distinct, and thus, a trial "on the issue of liability alone will serve the interests of judicial economy as it has the potential for fully resolving this matter." (Defendant's Motion, p. 2). This would, of

course, only be true if defendant were to win the trial on the liability issue. "Bifurcation will normally only shorten the total length of a trial if the defendant prevails . . . and thereby renders a trial [on damages] . . . unnecessary." Fetz, 670 F. Supp. at 266 (emphasis in original).

The Court need not decide the merits of this case in order to simply note that "it suffices to say that defendant's 'projected savings are by no means guaranteed.'" Svege, 329 F. Supp. 2d at 284 (quoting Aldous v. Honda Motor Co. Ltd., 1996 U.S. Dist. LEXIS 7855, at *2 (N.D.N.Y. May 30, 1996)). See annot., 78 A.L.R. Fed. 890, *7 (2004)("A study of the time savings resulting from the separate trial of liability and damages issues in personal injury and other civil actions found that in personal injury jury trials separation of the liability and damages issues saved trial time of about 20 percent." (citing Zeisel & Callahan, Split Trials and Time Saving: A Statistical Analysis, 76 Harv. L. Rev. 1606 (1963)).

While not conceding that Defendant's list of liability issues as set forth in its memorandum of law (p. 2) is complete or accurate, plaintiffs agree that there are contested issues of liability. However, the Defendant's assurance of success is not well-founded; defendant's motion for summary judgment based upon at least two of the listed issues in defendant's memorandum was denied.

Furthermore, if the standard for bifurcation was that the issues of liability and damages require, by their nature, different showings of evidence, "bifurcation of the liability and damages would be the rule rather than the exception." Agron, 1997 U.S. Dist. LEXIS 10146, at *4. Indeed, as is clear from defendant's list of probable witnesses during each portion of the trial

(Defendant's Memorandum of Law, pp. 3-4), both Mr. and Mrs. Bernstein will be required to testify in each phase of the trial. Similarly, evidence from Debra Bernstein, Jerry Brooks, and Matthew Speier will be admissible on both damages and liability issues, since they were reportedly witnesses to injury and its immediate aftermath.

Finally, defendant also suggests that in the event defendant prevails, bifurcation will reduce or eliminate "witness fees and associated expenses" that the parties may incur in having their damage witnesses lined up for possible appearance at trial. (Defendant's memorandum of law, pp.7-8, citing O'Shea v. Mignone, 50 Conn. App. 577 (1988) (case bifurcated upon plaintiff's motion)). However, in the event that Plaintiffs prevail on liability, defendant then suggests (and plaintiffs must presume the court would order) immediately using the same jury that decided liability to determine damages (Motion for Separate Trial, p. 2). In this scenario, expert witness preparation fees would be unavoidable. Plaintiffs' damage experts (as well as defendant's experts) will have to be preparing during the liability portion of the trial so as to be ready to testify immediately upon conclusion of the liability phase in case plaintiffs prevail on the liability phase of a bifurcated trial. Hence, whether or not the trial is bifurcated, all the damages experts will be preparing for trial and incurring those expenses which Defendant seeks to save.

In conclusion, defendant has failed to demonstrate that the interests of judicial economy are served by separate trials.

**B.    Defendant has failed to prove that there exists a real danger of prejudice due to improper jury sympathy so as to warrant separate trials on the issues of liability and damages**

Defendant next argues that it would suffer unfair prejudice if the jury was to hear damage evidence along with the liability evidence, because plaintiffs would garner undue sympathy if the jury heard the damages evidence along with the liability portion of the trial. This argument is specious. Defendant is aware that plaintiffs will be testifying in the liability portion of the trial. Stephen Bernstein is a visible quadriplegic in a wheelchair. Therefore, even if the trial is bifurcated, during the liability phase the jury will be well aware of the <u>nature</u> of the devastating injury to plaintiff, to wit, Stephen Bernstein was man capable of riding a bike all day in a cross-country tour, and now he is wheelchair bound. <u>See</u> <u>Ake v General Motors Corp.</u>, 942 F. Supp. 869 (W.D.N.Y. 1996) (separate trials as to liability and damages in products liability action was not warranted, as some evidence would be relevant to both phases and jury sympathy would exist in any case, as jury in both phases would know that decedent had died in fire).

Moreover, plaintiffs disagree with defendant that the damages evidence is wholly more voluminous than the liability evidence, and thus will overwhelm the liability evidence to the benefit of the plaintiffs. Taking the defendant's notion of what the list of witnesses will be for each phase of the trial, if the case is bifurcated, there are about 10 witnesses for each phase:

<u>Defendant's List of Liability witnesses:</u>

1) Stephen Bernstein; 2) Matthew Speier; 3) Phyllis Bernstein; 4) Gerald Brooks; 5) Richard McGoldrick; 6) Matthew Heinz; 7) J. Welter; 8) Debra Bernstein; 9) Donald Borkowski; 10) Peter Hackett; 11) John Serth.

(Defendant's Memorandum of Law, p. 3);

<u>Damages Witnesses</u>:

1) Stephen Bernstein; 2) Phyllis Bernstein; 3) David Oelber; 4) Adam Stein; 5) Ralph Iorio; 5) Melvin Young; 6) Gregg DiPrima; 7) Lawrence Forman; 8) Gary Crakes; 9) Joseph Pessalano; 10) "relatives and friends"

(<u>Id</u>. at p. 4)

Plaintiffs disagree with defendant that the damages portion of the trial will be more lengthy than the liability portion. Plaintiffs anticipate that defendant will not heavily cross examine the damages witnesses, as the nature of the injury is not disputed, and it will just be a matter of getting the witnesses' testimony on record. Indeed, defendant has disclosed only one expert witness on damages, relating to the costs of future care. However, defendant repeatedly argues that the liability portion of the trial is "hotly contested," and thus, presumably, there will be more cross-examination with the liability witnesses.

## C. Conclusion

Inasmuch as defendant has not identified any substantial benefits that would result from bifurcation, nor has identified any concrete prejudice that would result if the whole case was tried at once to the jury, defendant's motion for separate trials should be denied. <u>Marshall v Overhead Door Corp</u>. 131 FRD 94 (E.D. Pa. 1990) (defendant's motion to bifurcate issues of liability and damages denied as argument did not pin-point actual prejudice, present or potential, specific to case and to accept order separate trials here would sanction bifurcation in all jury

cases, in contravention of Third Circuit's instruction that trial judges are not to regard bifurcation as routine); <u>Fetz v E & L Truck Rental Co.</u>, 670 F. Supp. 261 (S.D. Ind. 1987) (defendant's motion for separate trial on issues of liability and damages denied, notwithstanding argument that because action involved catastrophic injuries to plaintiff, and because it also involved corporate defendant, prejudice by sympathetic jury was almost inevitable).

                      THE PLAINTIFFS

By _____
William M. Bloss
Lillian C. Gustilo
Federal Bar No. ct01008
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Tel:  203-336-4421
FAX:  203-368-3244
Email: bbloss@koskoff.com

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 15th day of June, 2006, to all counsel and pro se parties of record, as follows:

Thomas R. Gerarde, Esq.
Attorney Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114

John Sterling, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Jesse J. Graham, II, Esq.
Rivkin Radler LLP
EAB Plaza
Uniondale, N.Y. 11556-0926

                                                    /s/ William M. Bloss
                                                  William M. Bloss