UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN, ET AL | : | NO.: 3:02 CV 1740 (JCH) |
| | : | |
| V. | : | |
| | : | |
| TOWN OF SHERMAN | : | MAY 14, 2004 |

## DISCLOSURE OF EXPERT WITNESSES

Pursuant to Rule 26 (a)(2) of the Federal Rules of Civil Procedure, the defendant, Town of Sherman, hereby discloses the following expert witnesses who may offer testimony and/or present evidence at trial:

1. **Joseph Pessalano, MA, CRC**
   **Jordan Rehabilitation Services**
   **900 Merchants Concourse**
   **Westbury, NY 11590**

Subject Matter of Testimony

Mr. Pessalano is expected to testify as to the extent and cost of medical services required by the plaintiff, Stephen Bernstein. Mr. Pessalano is further expected to provide rebuttal testimony in response to the opinions put forth by plaintiff's expert, Lawrence Forman.

EXHIBIT 3

years; (2) the compensation to be paid Mr. Pessalano for his study and testimony; and (3) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. He is available for deposition at a mutually convenient time and place within the schedule established by the District Court.

2. **John Serth, P.E.**
   **409 Moe Road**
   **Clifton Park, NY 12065**

Subject Matter of Testimony

The defendant expects to call John Serth, a Professional Engineer, as an expert who will testify as to the condition and maintenance of Church Road leading up to the town line between Sherman and New Milford.

Substance of Facts and Opinions

Mr. Serth is expected to testify that Church Road was in good repair up to the town line between Sherman and New Milford, specifically, up to the wooden slatted fence alongside the subject road. Mr. Serth is further expected to testify that Church Road begins to deteriorate when one gets past a wooden slatted fence while traveling from Sherman into New Milford. Mr. Serth will further testify that the cracks in the pavement on Church Road leading up to the wooden slatted fence as one travels from

3

Sherman into New Milford do not render the road unsafe or in a dangerous condition. Mr. Serth's opinions and anticipated testimony are more fully set forth in his deposition transcript of March 30, 2004.

Summary of Grounds for Opinions

Mr. Serth will base his opinions on his education, training, background, and experience as a Professional Engineer. Mr. Serth will further base his opinions upon inspection of the subject roadway, deposition transcripts of parties and witnesses, photographs of the subject roadway and surrounding area, and a review of other materials produced during the course of discovery.

Mr. Serth has not been specifically retained or employed by the defendant to provide expert testimony in this case, and is expected to be called as a subpoenaed witness to testify at the time of trial, or through sworn deposition testimony.

3. **Mathew Speier**
   **Brooks Country Cycling Tours**
   **P.O. Box 20792**
   **New York, NY 10025**

Subject Matter of Testimony

The defendant expects to call Mathew Speier of Brooks Country Cycling Tours, to testify as to (1) bicycle safety procedures; (2) road conditions as they relate to

4

bicycle safety, including the area of the subject incident; (3) conditions which may or may not constitute hazards to cyclists; (4) Brooks Country Cycling Tour procedures for conducting guided tours, including safety talk/tips and bike check; (5) his assessment of the plaintiff's ability as a bicycle rider; (6) his observations of the plaintiff immediately preceding and at the time of the incident, including the plaintiff's speed of travel and control over the bicycle; and (7) his opinion that conditions depicted in various deposition exhibits are not a hazard to cyclists.

## Substance of Facts and Opinions

Mr. Speier will testify that the condition of Church Road in the vicinity of the boundary between Sherman and New Milford, as one travels from Sherman into New Milford, was not dangerous, and was reasonably safe for bicyclist travel and bicycle tours. Mr. Speier will further testify that just prior to the plaintiff's accident the plaintiff was traveling at a rate of speed that necessitated his calling to the plaintiff to slow down, and that in his opinion the plaintiff was traveling too fast for conditions. Mr. Speier's opinions and anticipated testimony are more fully set forth in the transcript of his deposition taken November 12, 2003.