United States District Court
District of Connecticut
FILED AT          BRIDGEPORT

9-27-2006

By  *Carol Sander*
Deputy Clerk

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN BERNSTEIN, | : | |
| Plaintiff, | : | |
| | : | No. 3:02CV01740(WIG) |
| vs. | : | |
| TOWN OF SHERMAN, | : | |
| Defendant. | : | September 27, 2006 |

_____/

## INDEX TO JURY CHARGE

I.  Introductory Charge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.  Election of Foreperson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.  Duty of Jurors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    C.  Function of the Court and the Jury . . . . . . . . . . . . . . . . . . . . . . . 3
    D.  Conduct of Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    E.  Statements of the Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    F.  Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    G.  Evaluating Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    H.  Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . 7
    I.  Witness Credibility and Weight of Testimony . . . . . . . . . . . . . . . . . . . 8
    J.  Impeachment of a Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    K.  Uncontradicted Testimony . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    L.  Expert Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
II. Substantive Charge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    A.  The Highway Defect Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        1.  First Element - Party Bound To Keep Roadway In Repair . . . . . 13
        2.  Second Element - Defect in Roadway . . . . . . . . . . . . . . . . . . . 14
        3.  Third Element - Notice of the Defect . . . . . . . . . . . . . . . . . . 14
        4.  Fourth Element - Failure to Remedy the Defect . . . . . . . . . . . . . 15
        5.  Fifth Element - Sole Proximate Cause . . . . . . . . . . . . . . . . . . 16
    B.  Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
        1.  Economic Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
        2.  Non-Economic Damages . . . . . . . . . . . . . . . . . . . . . . . . . . 20
        3.  Life Expectancy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
III. Concluding Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
    A.  Use of Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
    B.  Note Taking . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
    C.  Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## I.   **INTRODUCTORY CHARGE**

Members of the jury, you have listened to and seen the evidence in this case, and you have heard the arguments of counsel. I shall now instruct you concerning the law applicable to this case. You will then return to the jury room to deliberate in accordance with these instructions. At the outset, I want to express my thanks to you for the time and energy and patience you have devoted to this trial.

### A.   **ELECTION OF FOREPERSON**

Your first order of business will be to elect a foreperson who will preside over your deliberations and who will be your spokesperson here in Court. The foreperson's responsibilities are to see that everyone gets a fair chance to speak and to be heard, and the foreperson attempts to maintain harmony and keep tempers and voices down. Also, the foreperson is responsible for sending out any notes that have to be sent to us. Beyond these responsibilities, however, the foreperson is no different than the other jurors. He or she has no greater vote and no greater power than any other juror.

### B.   **DUTY OF JURORS**

It is your duty as jurors to follow the law as I state it to you in these instructions, and to apply that law to the facts as you find them from the evidence in the case. If any attorney, any party, any witness or exhibit has stated a legal principle different from anything that I state to you in my instructions, you must ignore any contrary interpretations of the law you may have heard and you must follow my instructions.

Even if you have opinions on what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the Court. It

would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

Finally, you must put aside any personal feelings you may have about the parties in this case. You must perform your duties without bias or prejudice as to any party. Our system of law does not permit jurors to be governed or affected by sympathy or by prejudice. All persons must be considered equal before the law.

### C.    FUNCTION OF THE COURT AND THE JURY

It is my function, and indeed my duty, to instruct you on the law applicable to this case. I may state a rule or direction in varying ways, or I may repeat certain instructions. If I do, I am simply trying to explain what might be a complex idea, and I am not intending to give that one particular instruction any emphasis, nor should you infer any emphasis. You are to consider these instructions as a whole. You are not to single out any one instruction or any particular sentence, and ignore the others. Also, the order in which I instruct you about these things has no particular significance.

At this time, your function as members of the jury is to consider the evidence that you have heard in this courtroom and to determine the facts. You are the sole and exclusive judges of the facts. Your determination of the facts is conclusive and it is your recollection of these facts that governs. Therefore, if, upon reflection and deliberation, your recollection of the facts is different from what counsel for the plaintiff or the defendant asserted in their closing arguments, please disregard what the counsel for the plaintiff or the defendant have said in that regard and rely solely upon your own recollection. You will get a copy of these instructions to take with you in the jury room.

3

**D.    CONDUCT OF COUNSEL**

Counsel for the plaintiff and the defendant have a duty and a right to object when the other side offers testimony or other evidence that he believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law. All those questions of law must be decided by me, as the Court. You must not allow any preferences or sympathy or feelings about the conduct of counsel for the plaintiff or the defendant to enter into your decision-making process. Any preferences as to counsel for the plaintiff or the defendant or feelings about their conduct must be put aside in your deliberations.

**E.    STATEMENTS OF JUDGE**

At times throughout the trial, I was called upon to make rulings on various matters of law. I sustained some objections and I overruled others. Please do not draw any inferences from the fact that I sustained or overruled these objections. For example, if I allowed testimony or other evidence to be introduced over the objections, I did not mean to indicate that I have any opinion as to the weight or effect of such testimony or evidence. If, however, I sustained an objection as to certain questions, you must entirely disregard those questions. Nor should you consider any answers to those questions that may have come out before the objections were sustained. Finally, you should not attempt to infer what the answers to the questions would have been, if the questions had been allowed.

If during the trial I said anything or indicated anything in the questions that I asked of the various witnesses, which may have led you to believe that I am inclined to favor the position of one of the parties, you must completely disregard that. It was not my intention to encroach upon your function in determining the facts of this case. My questions of witnesses were asked purely

for purposes of clarification and to attempt to assist you in understanding the case.

### F.    **BURDEN OF PROOF**

Now, I would like to explain the burden of proof. As I mentioned to you at the beginning of trial, this is a civil case. All of you have heard of proof beyond a reasonable doubt, which is the standard of proof in a criminal trial. That requirement does not apply to a civil case such as this one, and you have to put it out of your mind.

In all civil cases, the plaintiff has the burden of proving each essential element of his claim to you by a preponderance of the evidence. All this really means is that if the plaintiff is trying to prove a fact to you, he must show that the fact is more likely true than not true. "Preponderance of the evidence" also means "the greater weight of the credible evidence." By "credible evidence," the law simply refers to that evidence which you find worthy of belief. By "weight of the evidence," the law refers not, for example, to the number of witnesses or exhibits, but rather, to the quality of the evidence on one side or the other.

In order for the party with the burden of proof to prevail on a particular claim, your consideration of all the credible evidence must tend to persuade you to believe what that party claims. If after considering all of the evidence, you find that it weighs in favor of that party, then that party has sustained his burden of proof and you must render a verdict in his favor. If, however, the evidence weighs in favor of the other party, or even if, in your mind, the evidence is evenly balanced between the two sides, then the party with the burden of proof has failed to sustain his burden of proof and your finding must be for the other party. To put it differently, if you were to put all of the plaintiff's evidence on one side of a scale, and all of the defendant's evidence on the other side of the scale, the plaintiff would have to make the scales tip somewhat in his favor. If

5

he fails to meet this burden, the verdict must be for the defendant.

In evaluating whether a party has carried the burden of proof by a preponderance of the evidence, your conclusion cannot be based on mere speculation or conjecture. You are permitted, however, to draw reasonable inferences from the facts that you find have been proved. Inferences are deductions or conclusions which reason and common sense lead you to draw from such facts.

## G.    **EVALUATING EVIDENCE**

At this point, I want to give you a few words on evaluating the evidence in this case. At the outset, I want to mention that I am not going to review the evidence for you. I am sure the evidence is still fresh in your minds, and counsel for the plaintiff and the defendant have just reviewed their factual contentions in their summations. If any comments that I do make about the evidence differ from your own recollection, it is still your recollection that controls, not mine. And, of course, this applies to the closing arguments of counsel for the plaintiff and the defendant.

In performing your crucial responsibility of finding the facts, you must base your conclusions solely and exclusively upon the evidence that has been presented. There are several types or classifications of evidence:

First, there is the sworn testimony of the witnesses you have heard live here in the courtroom.

Second, there are the exhibits, including the videotapes, that have been introduced into evidence, regardless of which party introduced them.

Third, there are the parties' stipulations of fact, which were read to you.

While you must consider only the evidence presented in this case, you are permitted to draw reasonable inferences from the testimony and evidence. A reasonable inference is not the

6

result of guesswork or speculation. Rather, it is a conclusion that reason and common sense lead you to draw from the evidence presented in the case.

## H.    **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

As a general rule, there are two types of evidence from which you may find the truth as to the facts of this or any other case: direct evidence and circumstantial evidence. Simply put, direct evidence is the testimony of one who asserts actual knowledge of a fact, for example, an eyewitness to an event. Circumstantial evidence, generally put, is proof of a chain of facts and circumstances that may indicate the existence or non-existence of a fact.

Now, to illustrate the difference between direct and circumstantial evidence, let us assume that a fact in dispute in a case is whether it was raining on a particular afternoon. If a witness testified that he or she personally saw it raining that day, then we would say that we had direct evidence of that fact. On the other hand, if a witness testifies that he or she was in a windowless room on that afternoon, but that when the witness came inside, the sky was overcast, and that while the witness was in the room, one person entered with a dripping wet umbrella while another walked in wearing a wet raincoat, we would say that we have circumstantial evidence of the fact that it was raining.

That is a very simple illustration.

Importantly, as a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before finding a charge proved, or a fact established, the jury must be satisfied of the proof of that charge or fact by the appropriate standard--preponderance of the evidence--which I just discussed. You must find that the inference asked to be drawn is not only logical and reasonable, but is strong enough so that you can find that

7

it is more probable than not that the fact you are asked to infer is true. You may not resort to sympathy, speculation, conjecture or guesswork -- under the guise of relying on circumstantial evidence -- in order to determine critical facts in this case.

I would also like to review for you what is not evidence. Testimony that has been stricken or excluded by the Court is not evidence and may not be considered by you in rendering your verdict. What counsel for the plaintiff and the defendant have said in their opening statements and closing arguments, in their objections, or in their questions is not evidence. Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence, and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. In addition, materials brought forth only to refresh a witness's recollection are not evidence. Finally, anything you have seen or heard outside the courtroom is not evidence in the case and must be entirely disregarded.

## I. <u>WITNESS CREDIBILITY AND WEIGHT OF THE TESTIMONY</u>

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept as believable, and what weight you attach to it. You are not obligated to accept all of the evidence as true and accurate. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony. The testimony of a witness might not conform to the facts as they occurred because the witness is intentionally telling a falsehood, because the witness did not accurately see or hear that about which he or she testified, because the witness's recollection of the event is faulty, or because the witness has not expressed himself or herself clearly. As you

weigh each witness's testimony, consider how he or she testified on the stand. You watched each witness testify. Everything a witness said or did on the stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear? What was his or her demeanor—that is, carriage, behavior, bearing, manner and appearance while testifying? Often it is not just what a person says, but how he or she says it that helps us evaluate his or her testimony.

There is no magic formula by which one may evaluate testimony. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you or given to you by others. The same tests that you use in your everyday dealings are the tests that you should apply in your deliberations here.

The factors to be taken into your consideration in determining the weight, if any, you will assign to a witness's testimony include the interest or lack of interest of the witness in the outcome of this case; the bias or prejudice of the witness, if there is any; the appearance of the witness and the manner in which the witness gave testimony on the stand; the opportunity that the witness had to observe the facts about which he or she testified; any reason for the witness to remember or forget, the accuracy of the witness's memory, candor or lack of candor; and the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

If in your deliberations it becomes apparent that there is a discrepancy in the evidence, you will have to consider whether the discrepancy may be reconciled by fitting the two or more stories together. If, however, that is not possible, you will have to determine which of the conflicting

9

versions you accept.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any facts or the number of exhibits a party introduced. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

### J.    IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. You may find an apparent inconsistency justified or unjustified. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

Generally, a witness's prior inconsistent statements are admitted into evidence solely for the purpose of shedding light on the witness's credibility. Therefore, should you find that a witness's prior statements are inconsistent with his or her testimony, you may consider the prior statements only in connection with your evaluation of the credence to be given to the witness's present testimony in court. That is, you may consider prior inconsistent statements only for the purpose of judging the witness's present testimony in court, and you are not to consider such prior statements for their truth or falsity or for how they bear on the merits of the case. There is an exception to this general rule. If you find that a prior inconsistent statement of a witness was given

10

under oath, subject to the penalty of perjury, that prior statement may be considered by you, both for its own truth or falsity as well as in your evaluation of the witness's credibility.

### K.    UNCONTRADICTED TESTIMONY

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

### L.    EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about issues in the case. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, has become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to relevant and material matter in which he claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. You should resolve any conflicts between the experts in the same way that you decide other fact questions and in the same way you decide whether to believe ordinary witnesses. If you decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is outweighed by other evidence, you

11

may disregard the opinion in part or in its entirety.

You should not accept an expert witness's testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

At this time, I want to state for you as simply and clearly as I can the law as it applies to the plaintiff's claims in this case.

## II.   <u>SUBSTANTIVE CHARGE</u>

### <u>A. THE HIGHWAY DEFECT STATUTE</u>

Mr. Bernstein's action against the Town of Sherman is based upon the Town's alleged breach of its statutory duty to maintain the roadway where he was injured when he fell from his bicycle on April 14, 2002. The liability of a municipality whose duty it is to maintain a roadway is fixed and controlled by a provision in the Connecticut General Statutes § 13a-149, which provides: "Any person injured in person or property by means of a defective road . . . may recover damages from the party bound to keep it in repair." This statute is commonly referred to as "The Highway Defect Statute." It is a relatively simple provision, but its application requires considerable explanation.

I should note at this point that throughout this charge I use the terms "highway" and "roadway" interchangeably. For purposes of Mr. Bernstein's claim under this statute, Church Road is considered both a "highway" and a "roadway," so do not draw any distinction between these two terms.

To establish a highway defect claim under this statute, Mr. Bernstein must prove all of the following five elements by a fair preponderance of the evidence:

(1) That the Town of Sherman was the entity that had a duty to maintain or repair the area of the roadway in question;

(2) That the roadway was defective as claimed;

(3) That the Town actually knew of the particular defect, or that, in the exercise of its supervision of highways and roadways, it should have known of the defect;

(4) That the Town, having actual or constructive knowledge of the defect, failed to remedy it, having had a reasonable time, under all of the circumstances, to do so;

(5) That the defect was the sole proximate cause of Mr. Bernstein's injuries and damages, that is, that neither negligence on the part of Mr. Bernstein nor the negligence on the part of a third-party was a proximate cause of his injuries.

In order to be entitled to compensation from the Town of Sherman, Mr. Bernstein must prove each and every one of these elements. If he has done so, he is entitled to compensation. If he has failed to prove any one of these elements, then he has failed to prove his claim.

I will now instruct you on each of these elements in detail.

## 1.  FIRST ELEMENT - PARTY BOUND TO KEEP THE ROADWAY IN REPAIR

In order for the Town of Sherman to be liable under the Highway Defect Statute, it must have been the entity responsible for the maintenance and repair of that portion of the road where the accident occurred. The statute provides that it is the party bound to keep the roadway in repair on which liability may be imposed.  A municipality may have the duty to maintain or repair a road either because it was within the limits of the town, or because it agreed to maintain or repair the road, even though it was located within the boundaries of another town.

Therefore, the first element that Mr. Bernstein must establish is that the Town of Sherman

13

had a duty to maintain and repair that portion of the roadway where the accident occurred.

## 2. SECOND ELEMENT - DEFECT IN ROADWAY

If you find that the Town of Sherman was responsible for maintaining and repairing

the roadway where the accident occurred, you must next determine whether the roadway was

defective within the meaning of the statute. In general, a roadway is defective when it is not in a

reasonably safe condition for public travel. It is not the law that any flaw constitutes a defect, but

rather, to find the existence of a defect, you must determine that the roadway was not in a

reasonably safe condition. More specifically, a defect is any condition in, upon, or near the

traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose

of traveling thereon, or which, from its nature and position, would be likely to produce that result.

The Town of Sherman is not an insurer of the safety of those who travel over the road. The

Town is not obligated to keep the roads in perfect condition. The Town was only bound to use

reasonable care to make and keep the roadways in a reasonably safe condition for public travel.

With respect to whether the road where the accident occurred was defective, you may

consider the location of the road, the grade of the road, the extent of use of the road, including its

use for bicycle travel, the location and condition of any hazardous condition in the road, and the

nature and size of the problem.

## 3. THIRD ELEMENT - NOTICE OF THE DEFECT

The third element that Mr. Bernstein must prove is that the Town had notice of the specific

alleged defect, or in the exercise of its supervision of the roadways it was bound to maintain, it

should have known that the road was in a defective condition. Before the Town can be held liable

for injuries due to any particular defect in the roadway, it must have had notice of its existence

14

sufficiently long before the accident so that, in the exercise of reasonable care, it had an opportunity to remedy the defect.

It may have had notice of the existence of the defect in either of two ways, through actual notice or constructive notice.  Actual notice would be a report of the alleged defect to the Town or observation of it by a town employee responsible for inspecting, maintaining or repairing the roads.  If you find that there was some employee of the Town, whose duty it was to care for the roads or to inspect the roads and report defects in them, the knowledge of such a person is knowledge of the Town.

Even if, however, the Town did not have actual notice of the alleged defect, the Town may still be charged with constructive notice if the defect had existed for such a length of time that a reasonable supervision of the streets as a whole, which it was bound to maintain, would have disclosed the defect in question.  In determining whether reasonable inspection would have disclosed the defect, matters to consider are the nature of the defect and the length of time it existed. If by such reasonable supervision, the Town would have discovered the defect, the Town is just as much chargeable with knowledge of it as though one of its employees, charged with maintenance of the roads, had actual knowledge of it.

The notice that a municipality must receive as a condition precedent to its liability under the statute is notice of the very defect which occasioned the injury, and not merely of conditions that it seems to you were likely to produce the defect and which perhaps did in fact produce it. Notice of the existence of a cause likely to produce a defect is not sufficient to establish liability.

## 4. FOURTH ELEMENT - FAILURE TO REMEDY THE DEFECT

The fourth element that Mr. Bernstein must prove is that, after having actual or constructive

knowledge of the defect in the roadway, and after having a reasonable opportunity to correct the defect, the Town failed to take reasonable steps to remedy the claimed defect. In determining the care that a reasonably prudent person would use under the same circumstances, you should consider all of the circumstances which were known or should have been known to the Town at the time in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised to correct the defective condition.

To summarize, Mr. Bernstein must prove to you by a fair preponderance of the evidence that the Town had knowledge of the defect, or would have discovered it by a reasonable supervision of the streets it was bound to maintain, and that, after having such knowledge, it did not exercise reasonable care to remedy the defect within a reasonable time.

## 5. FIFTH ELEMENT - SOLE PROXIMATE CAUSE

The fifth element Mr. Bernstein must prove is that the defect in the road was the sole proximate cause of his injuries. In a highway defect case, the plaintiff must prove that the defect in the road was not just one cause among many causes of his fall, but rather that it was the sole proximate cause; that is, the only substantial factor in causing his fall. There may be more than one proximate cause for an injury, but for a plaintiff to recover in a highway defect case, the defect must be the sole proximate cause of the injury.

Thus, the Town is not liable to Mr. Bernstein under the Highway Defect Statute if Mr. Bernstein's own negligence or the negligence of a third party was a proximate cause of his injuries. A proximate cause is one which played a substantial part in bringing about or actually causing the injury. The burden of proving that his injuries were proximately caused solely by a defect in the

16

road lies with Mr. Bernstein. If you find that any act or omission on the part of Mr. Bernstein or a third party was a proximate cause of Mr. Bernstein's injuries, then you must return a verdict for the Town of Sherman, because the defect in the roadway cannot be the sole proximate cause if there was any other proximate cause.

The determination of this question requires a consideration of all the facts and circumstances surrounding Mr. Bernstein at the time in question. Mr. Bernstein was bound to use reasonable care for his own safety. Reasonable care is the care which an ordinarily prudent person would have used under the circumstances. Mr. Bernstein could not have been careless and still hold the Town liable for his fall and injuries. On the other hand, he had a right to assume that the road was reasonably safe until he knew or should have known that it was not. His conduct must have been that of an ordinarily prudent person knowing what he knew of the situation and what he should have known had he made a reasonable use of his faculties. Mr. Bernstein was not necessarily obligated to take a course which would have avoided the defect; but if a reasonably prudent person would have done so, he was negligent in not so avoiding the risk of harm; and when he did proceed to ride over the defect, he was bound to use reasonable care in view of the danger with which he was confronted. If Mr. Bernstein was guilty of negligence which contributed to bringing about the accident, he cannot recover.

In sum, the burden is on him to satisfy you by a fair preponderance of the evidence that negligence on his part was not a proximate cause of this accident. Likewise, the Town is not liable if the negligence of a third party was a proximate cause, or, in other words, a substantial factor, in bringing about Mr. Bernstein's accident.

## B. DAMAGES

If you have found that Mr. Bernstein has met his burden of proof, you must next consider the issue of damages, which is the amount of money to be awarded to Mr. Bernstein to compensate him for the injuries he has sustained insomuch as an award of money is able to do so. On the other hand, if you have found for the Town of Sherman, you do not need to consider damages.

The fact that I am instructing you on the subject of damages does not mean that I have an opinion, one way or the other, on whether you should or should not reach the issue of damages in your deliberations. Instructions on damages are given for your guidance in the event you do reach the issue of damages. You must bear in mind that at all times, the burden of proving damages is on Mr. Bernstein. Mr. Bernstein must prove that any claimed element of damages was a proximate result of the accident.

You may not speculate or guess as to damages. Mr. Bernstein is entitled to recover only fair, just, and reasonable compensation for all injuries and damages proximately caused by the defective condition of the road. Your decision must not be swayed by sympathy for Mr. Bernstein or any other party, but must be based solely upon the facts you find to have been proven and the law as I give it to you. It is for you, in the exercise of your best judgment, to say what is fair and just compensation for the injuries that Mr. Bernstein has suffered from the date of the accident until today and for the damages which are reasonably probable that he will suffer in the future. There is no fixed rule or formula for you to apply. You have to apply sound, common sense in reaching the amount of your verdict.

As with the other elements of Mr. Bernstein's claim, he bears the burden of proving his damages by a preponderance of the evidence. With regard to damages, he must present evidence

18

which is not merely subjective or speculative, but which allows for some objective decision of the amount of money that would compensate him for his injuries. The mere fact that damages may be difficult to assess, in itself, is not enough reason for you to refuse to award them, if Mr. Bernstein has proved he has a right to damages.

In a personal injury action, there are two general types of damages with which you must be concerned: economic and non-economic damages. The law requires you to make a separate finding as to the amount of each type of damages. Economic damages are monies awarded to compensate for expenses related to necessary medical and support care incurred in the past and reasonably likely to be incurred in the future. Non-economic damages are monies awarded to compensate for harms and losses to the person, that he has suffered in the past or is reasonably likely to suffer in the future. Non-economic damages compensate for loss of function and disability. They are awarded for such things as impairment of ability to enjoy life's activities, mental suffering, inconvenience, and physical pain.

With respect to both types of damages, economic and non-economic, you must determine the amount of past losses, that is, losses suffered from the date of the accident up until the time of trial, as well as future losses, that is, those likely to be incurred over Mr. Bernstein's remaining life expectancy.

## 1. ECONOMIC DAMAGES

Economic damages include medical expenses incurred or to be incurred in the future by Mr. Bernstein. A plaintiff is entitled to be compensated for all these costs in the past and the future which are the result of the injuries suffered in the accident.

Medical expenses include hospital bills, doctors' bills, medication expenses, medical

laboratory bills, medical equipment, physical therapy, home health care, and any other costs of Mr. Bernstein's medical care incurred as a result of the injuries that he sustained as a proximate cause of the defective roadway. In addition, if you find that family members, friends, or relatives provided care or medical services to Mr. Bernstein, which could reasonably have been obtained by hiring home health care attendants or other health care providers, you may compensate Mr. Bernstein for the reasonable value of these services.

If you find that some or all of the medical expenses sought by Mr. Bernstein are not reasonably necessary or are not related to the accident, then you are not to award compensation for the amount of such expenses. Additionally, you may award damages for all reasonable medical expenses to be incurred in the future.

## 2. NON-ECONOMIC DAMAGES

You must also compensate Mr. Bernstein for any non-economic losses and harm he has suffered or will suffer to his person. These non-economic damages include compensation for loss of function and disability, impairment or loss of ability to enjoy life's activities, physical and mental pain and suffering, and inconvenience, that he has proven that he has suffered in the past or will likely suffer in the future. Factors to be considered, if proven, are the incident itself; hospitalizations; limitations in his activities of daily living; medical care and hospitalizations he has undergone or may require in the future; the daily inconvenience of treating his disabilities; the physical pain that he suffers; any activities that he can no longer enjoy or is limited in because of the incident; loss of personal relationships; loss of sexual function; any shortened life expectancy caused by the incident; any fear or mental anguish that he has or will endure; and any other injury to Mr. Bernstein's function as a person.

Determining the amount of these losses must be done in terms of money. This is the only measure of justice that the law can provide. While difficult, it is your responsibility to fairly and justly compensate for all of these losses if you find that they have been proven by a preponderance of the evidence. You will determine the extent, intensity, duration, and character of these types of losses.

You will make an award which in your good judgment you deem fair and reasonable to compensate him for the non-economic damages that you find he has endured and that you find he will continue to endure. In assessing damages, you must consider all of the evidence that you have heard and apply your life's experiences and judgment in evaluating the extent of these losses.

### 3.  LIFE EXPECTANCY

It is up to you to make a finding as to Mr. Bernstein's life expectancy for the purpose of calculating any future damages, considering all the evidence on the issue. Among the evidence to be considered in this regard is a method of estimating average life expectancy through the use of what are called "mortality tables." These are actuarial tables containing statistical averages of life expectancies of all American persons of certain ages, races, and genders.

No one can predict with certainty whether a particular person will live until the average age specified for his category on a mortality table. He may die before the average age, or live beyond it. But you may consider this average, together with any evidence presented as to Mr. Bernstein's physical condition, or as to other methods for predicting life expectancy, in estimating his personal life expectancy.

## III. CONCLUDING INSTRUCTIONS

### A. USE OF VERDICT FORM

To assist you in your deliberations, you will have a special verdict sheet that you must complete and return to the Court when you have reached your decision. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached a unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date, and sign the verdict form. You will then inform the marshal that you have reached a verdict. The special verdict form must be used only in connection with the charge I have just given to you. The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations. The special verdict sheet reads as follows:

**[READ THE INTERROGATORIES FROM THE SPECIAL VERDICT FORM]**

### B. NOTE TAKING

You were permitted to take notes during the course of the trial, and I noticed that some of you have taken notes. Those notes should be used solely as aids to jog your memory. You should not give your notes importance over your own independent recollection of the evidence. The notes are not evidence in themselves and should not be shared with anyone else. If you did not take notes, you should, of course, rely--as you would--on your own independent recollection of the proceedings and should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony was.

22

### C. CONCLUSION

In a moment you will retire to begin your deliberations, and as you do, please be careful to listen to the opinions of other jurors as well as to ask for an opportunity to express your own views. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. No one holds center stage in the jury room or controls or monopolizes the deliberations. Do not be afraid to express your views, and do not be afraid to change your views because of pride of opinion if you later become convinced that your original views were wrong.

While you should not give in because you are outvoted, please listen carefully though to the position taken by the other jurors in attempting to facilitate the course of justice by reaching a unanimous verdict. You cannot, however, surrender your own good conscience toward that end if you do not in good conscience agree with the other jurors. Justice through trial must always depend upon the willingness of each individual juror to seek the truth as to the facts.

Now, here in federal court, your verdict must be unanimous, and it must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each of you agree to it. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

You are about to go into the jury room to begin your deliberations. You will have all the exhibits (with the exception of the videotapes), the verdict form, and a copy of these instructions with you. During your deliberations, if you have any questions, or if you want to hear any of the testimony played back for you, or if you want to view the videotapes, you will be brought back into the courtroom. Please remember that it is not always easy to locate testimony you might want to hear, so if you wish to hear testimony, be as specific as possible in your request.

Your requests for testimony and, in fact, any communication with the Court must be made

to me in writing, signed by your foreperson, and given to one of the marshals. I must also caution you that, in your communications with the Court, you should never specify how the jury stands--for example, your numerical division or otherwise. I will respond to your request as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. After you have retired to begin your deliberations, you are not to leave the jury room without first notifying the marshal, who will escort you. And, no deliberations may take place without all jurors being present. When you have reached your verdict, inform the clerk, Carol Sanders, through the marshal. Then you will return to the courtroom and announce your verdict.

It is proper to add a <u>final</u> caution: Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Thank you.

**Counsel may approach the bench. "Exceptions or additions?"**

Alright, members of the jury, this is an important case. Every case is important to the parties who are involved in it, and this case is no exception. It is your duty to reach a verdict without being affected by any sympathy, bias, or prejudice. All of the parties want you to make a decision, and all of them want that decision to be a fair one. Although any party naturally hopes that it will receive a verdict in its favor, everyone is looking for a final and fair decision. Determine the facts on the basis of the evidence, as you have heard it, and apply the law as I have outlined it to you.

The jury may retire.